## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                        Chapter 7

Christopher Kosachuk A/K/A Chris Kosachuk
      Debtor                    Bankruptcy No. 12-16438-JKF

### CERTIFICATION OF JUDGMENT FOR
### REGISTRATION IN ANOTHER DISTRICT

I, Timothy B. McGrath, Clerk of the Bankruptcy Court of this district do certify that the attached judgment is a true and correct copy of the original judgment entered in the above entitled proceeding on March 24, 2015 as it appears of record in my office, and that:

(X)       No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Bankruptcy Rule 9024, has been filed.

( )       No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Bankruptcy Rule 9024, have been disposed of, the latest order disposing of such a motion having been entered on .

( )       An appeal was taken from this judgment, and the judgment was affirmed by mandate of the issued on .

( )       An appeal was taken from this judgment, and the appeal was dismissed by order entered on .

                                    Timothy B. McGrath
                                    CLERK

                                    By:   Freda Ford

____5/5/15_____

Date                                   Deputy Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : DISMISSED CHAPTER 7 INVOLUNTARY |
| | : |
| | : CASE NO. 12-16438(JKF) **\*SEALED\*** |
| CHRISTOPHER    KOSACHUK,    a.k.a. | : |
| CHRIS KOSACHUK | : |
| | : |
| | : |

A TRUE COPY CERTIFIED
TO FROM THE RECORD
DATED: _____
ATTEST: _____
Deputy Clerk
U. S. Bankruptcy Court

## ORDER AND FINAL JUDGMENT

Upon consideration of the Motion of Christopher Kosachuk to Declare this Involuntary Bankruptcy Petition a Bad Faith Filing, for Costs, Compensatory and Punitive Damages, to Seal the Records and Sanctions (the "Motion") with respect to 9197-5904 Quebec, Inc. and the arguments of counsel and evidence admitted at the trial conducted before this Court on March 18, 2015, it is **ORDERED, ADJUDGED AND DECREED**:

1.      The Motion is **GRANTED** as to 9197-5904 Quebec, Inc. without effect on the Motion as to the claims asserted and relief sought in the Motion against Darius A. Marzec, Esq.

2.      Final Judgment for monetary sanctions in the amount of $192,173.71 pursuant to 11 U.S.C. §§ 105(a) and 303(i)(1), representing the reasonable costs and attorneys' fees incurred by Mr. Kosachuk in this matter, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate of interest.

3.      Final Judgment for monetary sanctions in the amount of $760,968.55 pursuant to 11 U.S.C. § 303(i)(2)(B) and this Court's inherent powers, representing punitive damages, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate.

118113055_1

4. Final Judgment pursuant to 11 U.S.C. § 105(a) and this Court's inherent powers, is awarded to Chris Kosachuk that the indebtedness of Chris Kosachuk with respect to that certain judgment issued by the Supreme Court, County of New York, under Index No. 103896/2004 in favor of Eugenia Lorret and against Chris Kosachuk in the sum of $150,732.45 accounting for $108,293.54, plus interest of $41,388.91 from November 25, 2002, plus costs of $1,050, and which judgment was thereafter modified and reduced on May 12, 2008 to the sum amount of $48,293.54, plus costs of $1,050, plus interest from November 25, 2002, and which judgment was assigned to 9197-5904 Quebec, Inc. on December 15, 2009 by Assignment of Judgment, and which judgment was further assigned to SRS Technologies Professionals, LLC by Assignment of Judgment, dated February 10, 2014, Index No. 103896/2004, and Corrected Assignment of Judgment, dated February 10, 2014, is hereby cancelled nunc pro tunc to July 6, 2012.

5. This Final Judgment may be recorded as a matter of public record.

6. This Final Judgment is effective immediately upon entry and this Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and Final Judgment.

7. Chris Kosachuk shall be entitled to writs of execution and all other legal process to enforce this Final Judgment permitted by Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and applicable law.

March 24th 2015

BY THE COURT:

The Honorable Jean K. Fitzsimon
United States Bankruptcy Judge

118113055_1



# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No.: 15-00101-AJC

| | |
|---|---|
| CHRIS KOSACHUK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 9197-5904 QUEBEC, INC., A Canadian | ) |
| Corporation | ) |
| | ) |
| Defendant, | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that the attached document is being served this 8th day of May, 2015, on the individuals identified below via regular mail and e-mail:

Elizabeth Hazan
9197-5904 Quebec, Inc.
6913 Valencia Drive
Fisher Island, FL 33109
Elizabethhazan1@aol.com

Raymond Houle
9197-5904 Quebec, Inc.
6913 Valencia Drive
Fisher Island, FL 33109
Raymond.houle@gmail.com
Raymond.houle1@gmail.com

Raymond Houle
9197-5904 Quebec, Inc.
5552 Queen Mary Road, Suite 4
Montreal, Q.C. H3C 1H6

Raymond Houle
9197-5904 Quebec, Inc.
5552 Queen Mary Road, Suite 4
Hampstead, Q.C. H3X 1V9

Arthur R. Rosenberg, Esq.
ROSENBERG & PINSKY
6499 North Powerline Road
Suite 304
Fort Lauderdale, FL 33309
Tel: (954) 772-5151
Fax: (954) 772-4224
arr@arrosenberg.com
*Counsel for 9197-5904 Quebec, Inc.*

Mark Cohen, Esq.
4000 Hollywood Blvd
Suite 435 South
Tel: (954) 962-1166
Fax: (954) 962-1779
Hollywood, FL 33012
mdcohenpa@yahoo.com
*Counsel of Record for 9197-5904 Quebec, Inc.*

Ray Garcia, Esq.
LAW OFFICE OF RAY GARCIA, P.A.
14850 SW 26TH STREET, SUITE 204
MIAMI, FLORIDA 33185
Tel: (305) 227-4030
Fax: (305) 223-9811
rgarcia@raygarcialaw.com
*Counsel for SRS Techonologies Professionals, LLC as Assignee of 9197-5904 Quebec, Inc.*

**CHRIS KOSACHUK**

By: */s/ Chris Kosachuk*
Chris Kosachuk
854 Pheasant Run Road
West Chester, PA 19382
(305) 490-5700 (telephone)
chriskosachuk@gmail.com

*Pro Se Plaintiff*

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                    Chapter 7

Christopher Kosachuk A/K/A Chris Kosachuk
    Debtor                                        Bankruptcy No. 12-16438-JKF

### CERTIFICATION OF JUDGMENT FOR
### REGISTRATION IN ANOTHER DISTRICT

    I, Timothy B. McGrath, Clerk of the Bankruptcy Court of this district do certify that the attached judgment is a true and correct copy of the original judgment entered in the above entitled proceeding on March 24, 2015  as it appears of record in my office, and that:

(X)    No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Bankruptcy Rule 9024, has been filed.

( )    No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Bankruptcy Rule 9024, have been disposed of, the latest order disposing of such a motion having been entered on .

( )    An appeal was taken from this judgment, and the judgment was affirmed by mandate of the issued on .

( )    An appeal was taken from this judgment, and the appeal was dismissed by order entered on .

Timothy B. McGrath
CLERK

By:  Freda Ford

    5/5/15

Date                                 Deputy Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : DISMISSED CHAPTER 7 INVOLUNTARY |
| | : |
| | : CASE NO. 12-16438(JKF) *SEALED* |
| CHRISTOPHER    KOSACHUK,    a.k.a. | : |
| CHRIS KOSACHUK | : |
| | : |
| | : |

A TRUE COPY CERTIFIED
TO FROM THE RECORD
DATED: _4/29/15_
ATTEST: _____
           Deputy Clerk
U. S. Bankruptcy Court

### ORDER AND FINAL JUDGMENT

Upon consideration of the Motion of Christopher Kosachuk to Declare this Involuntary Bankruptcy Petition a Bad Faith Filing, for Costs, Compensatory and Punitive Damages, to Seal the Records and Sanctions (the "Motion") with respect to 9197-5904 Quebec, Inc. and the arguments of counsel and evidence admitted at the trial conducted before this Court on March 18, 2015, it is **ORDERED, ADJUDGED AND DECREED**:

1.      The Motion is **GRANTED** as to 9197-5904 Quebec, Inc. without effect on the Motion as to the claims asserted and relief sought in the Motion against Darius A. Marzec, Esq.

2.      Final Judgment for monetary sanctions in the amount of $192,173.71 pursuant to 11 U.S.C. §§ 105(a) and 303(i)(1), representing the reasonable costs and attorneys' fees incurred by Mr. Kosachuk in this matter, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate of interest.

3.      Final Judgment for monetary sanctions in the amount of $_161,968.55_ pursuant to 11 U.S.C. § 303(i)(2)(B) and this Court's inherent powers, representing punitive damages, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate.

118113055_1

4.     Final Judgment pursuant to 11 U.S.C. § 105(a) and this Court's inherent powers, is awarded to Chris Kosachuk that the indebtedness of Chris Kosachuk with respect to that certain judgment issued by the Supreme Court, County of New York, under Index No. 103896/2004 in favor of Eugenia Lorret and against Chris Kosachuk in the sum of $150,732.45 accounting for $108,293.54, plus interest of $41,388.91 from November 25, 2002, plus costs of $1,050, and which judgment was thereafter modified and reduced on May 12, 2008 to the sum amount of $48,293.54, plus costs of $1,050, plus interest from November 25, 2002, and which judgment was assigned to 9197-5904 Quebec, Inc. on December 15, 2009 by Assignment of Judgment, and which judgment was further assigned to SRS Techonologies Professionals, LLC by Assignment of Judgment, dated February 10, 2014, Index No. 103896/2004, and Corrected Assignment of Judgment, dated February 10, 2014, is hereby cancelled nunc pro tunc to July 6, 2012.

5.     This Final Judgment may be recorded as a matter of public record.

6.     This Final Judgment is effective immediately upon entry and this Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and Final Judgment.

7.     Chris Kosachuk shall be entitled to writs of execution and all other legal process to enforce this Final Judgment permitted by Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and applicable law.

March 24th 2015

BY THE COURT:

The Honorable Jean K. Fitz Simon
United States Bankruptcy Judge

118113055_1



**ORDERED in the Southern District of Florida on December 21, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

CHRISTOPHER KOSACHUK a/k/a          Misc. Pro. No. 15-101-BKC-AJC
CHRIS KOSACHUK,

    Alleged Debtor.

_____/

### <u>ORDER DIRECTING CLERK OF COURT CLOSE THIS CASE</u>

THIS CAUSE came before the Court *sua sponte*.  This case was commenced upon the

filing of the *Certification of Judgment for Registration in Another District* and has been pending

with no activity since that filing.  It appears to the Court there is nothing further to be done in this

case and this matter should be closed.  Accordingly, it is

ORDERED AND ADJUDGED that the Clerk of Court is directed to close same.

###

Copies furnished by the Clerk of Court to all parties.

United States Bankruptcy Court
Southern District of Florida

In re:
Kosachuk
      Debtor

Case No. 15-00101-AJC

## CERTIFICATE OF NOTICE

District/off: 113C-1      User: valenciay      Page 1 of 1      Date Rcvd: Dec 21, 2018
                     Form ID: pdf004      Total Noticed: 10

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 23, 2018.
ust              +United States Trustee - FTM7/13,   Timberlake Annex, Suite 1200,   501 E Polk Street,
                  Tampa, FL 33602-3949
ust              +United States Trustee - TPA7/13,   Timberlake Annex, Suite 1200,   501 E Polk Street,
                  Tampa, FL 33602-3949

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust              +E-mail/Text: USTPRegion21.MM.ECF@usdoj.gov Dec 22 2018 02:55:06   Office of the US Trustee,
                  51 S.W. 1st Ave.,   Suite 1204,  Miami, FL 33130-1614
ust              +E-mail/Text: USTPRegion03.WL.ECF@USDOJ.GOV Dec 22 2018 02:55:18   U.S. Trustee,
                  Office of the United States Trustee,   J. Caleb Boggs Federal Building,
                  844 King Street, Suite 2207,   Lockbox 35,   Wilmington, DE 19801-3519
ust              +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 22 2018 02:55:19   U.S. Trustee.,
                  US Dept of Justice,   Office of the US Trustee,   One Newark Center Ste 2100,
                  Newark, NJ 07102-5235
ust              +E-mail/Text: ustpregion21.at.ecf@usdoj.gov Dec 22 2018 02:55:08
                  United States Trustee (cabrera),   Office of the United States Trustee,
                  75 Ted Turner Dr., Suite 362,  Atlanta, GA 30303-3330
ust              +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Dec 22 2018 02:54:33
                  United States Trustee (davis),   Office of the United States Trustee,
                  George C Young Federal Building,   400 West Washington Street, Suite 1100,
                  Orlando, FL 32801-2210
ust              +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Dec 22 2018 02:54:33
                  United States Trustee - (ennever),   Office of the United States Trustee,
                  George C Young Federal Building,   400 West Washington Street, Suite 1100,
                  Orlando, FL 32801-2210
ust              +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Dec 22 2018 02:54:33
                  United States Trustee - ORL,   Office of the United States Trustee,
                  George C Young Federal Building,   400 West Washington Street, Suite 1100,
                  Orlando, FL 32801-2210
ust              +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Dec 22 2018 02:54:33
                  United States Trustee - ORL7/13,   Office of the United States Trustee,
                  George C Young Federal Building,   400 West Washington Street, Suite 1100,
                  Orlando, FL 32801-2210
                                                                              TOTAL: 8

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
db                Christopher Kosachuk
ust*             +United States Trustee - ORL7/13,   Office of the United States Trustee,
                  George C Young Federal Building,   400 West Washington Street, Suite 1100,
                  Orlando, FL 32801-2210
                                                                    TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 23, 2018            Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 21, 2018 at the address(es) listed below:
NONE.                                                                     TOTAL: 0
```



**ORDERED in the Southern District of Florida on December 21, 2018.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

CHRISTOPHER KOSACHUK a/k/a                    Misc. Pro. No. 15-101-BKC-AJC
CHRIS KOSACHUK,

    Alleged Debtor.

_____/

### ORDER DIRECTING CLERK OF COURT CLOSE THIS CASE

    THIS CAUSE came before the Court *sua sponte*. This case was commenced upon the

filing of the *Certification of Judgment for Registration in Another District* and has been pending

with no activity since that filing. It appears to the Court there is nothing further to be done in this

case and this matter should be closed. Accordingly, it is

    ORDERED AND ADJUDGED that the Clerk of Court is directed to close same.

                        ###

Copies furnished by the Clerk of Court to all parties.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

FILED-USBC, FLS-MIA
'24 NOV 27 PM12:07

Case No.: 15-mp-101-AJC

CHRISTOPHER KOSACHUK,                    )
                                         )
    Plaintiff/Judgment Creditor,         )
                                         )
v.                                       )
                                         )
9197-5904 QUEBEC, INC.,                  )
                                         )
    Defendant/Judgment Debtor,           )
                                         )

### MOTION FOR WRIT OF EXECUTION

    Plaintiff/Judgment Creditor Christopher Kosachuk, *pro se*, hereby moves for the Clerk to issue a writ of execution in this case against Defendant Judgment Debtor 9197-5904 Quebec, Inc., for the Final Judgment in the total principal amount of $1,153,142.26, consisting of the monetary sanctions in the amount of $192,173.71 for costs and legal fees incurred by Mr. Kosachuk [*See* Doc. 1 ¶2] and for the monetary sanctions in the amount of $960,968.55 representing punitive damages [*See* Doc. 1 ¶3] entered on March 24, 2015, and along with post judgment interest from March 25, 2015 until November 26, 2024 in the amount of $28,202.03, and per diem interest at the rate of $8.07 going forward until December 31, 2024 when the interest will be compounded annually as authorized under the statute. The total amount due through November 26, 2024 is $1,181,344.29.

| | |
|---|---|
| Dated: November 27, 2024 | Christopher Kosachuk<br>*Pro Se Movant, Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144 |

| | (305) 490-5700 |
| | chriskosachuk@gmail.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was hand delivered to the Clerk of Court who will electronically file it and serve it upon all parties of record as indicated on this 27th day of November, 2024.

| | |
|---|---|
| | Christopher Kosachuk |
| | *Pro Se Movant, Plaintiff & Judgment Creditor* |
| | 854 Pheasant Run Rd. |
| | West Chester, PA 19382-8144 |
| | (305) 490-5700 |
| | chriskosachuk@gmail.com |

## SERVICE LIST

**Via CM/ECF/Email/First Class Mail**

9197-5904 Quebec, Inc.
6913 Valencia Drive
Fisher Island, FL 33109

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re:                 :    DISMISSED CHAPTER 7 INVOLUNTARY

                       :    CASE NO. 12-16438(JKF) **\*SEALED\***

CHRISTOPHER    KOSACHUK,    a.k.a.    :
CHRIS KOSACHUK                  :

                       :

                       :

A TRUE COPY CERTIFIED
TO FROM THE RECORD
DATED: _9/29/15_
ATTEST: _____
Deputy Clerk
U. S. Bankruptcy Court

### ORDER AND FINAL JUDGMENT

Upon consideration of the Motion of Christopher Kosachuk to Declare this Involuntary Bankruptcy Petition a Bad Faith Filing, for Costs, Compensatory and Punitive Damages, to Seal the Records and Sanctions (the "Motion") with respect to 9197-5904 Quebec, Inc. and the arguments of counsel and evidence admitted at the trial conducted before this Court on March 18, 2015, it is **ORDERED, ADJUDGED AND DECREED**:

1.      The Motion is **GRANTED** as to 9197-5904 Quebec, Inc. without effect on the Motion as to the claims asserted and relief sought in the Motion against Darius A. Marzec, Esq.

2.      Final Judgment for monetary sanctions in the amount of $192,173.71 pursuant to 11 U.S.C. §§ 105(a) and 303(i)(1), representing the reasonable costs and attorneys' fees incurred by Mr. Kosachuk in this matter, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate of interest.

3.      Final Judgment for monetary sanctions in the amount of $1,019,188.55 pursuant to 11 U.S.C. § 303(i)(2)(B) and this Court's inherent powers, representing punitive damages, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate.

4.      Final Judgment pursuant to 11 U.S.C. § 105(a) and this Court's inherent powers,

is awarded to Chris Kosachuk that the indebtedness of Chris Kosachuk with respect to that

certain judgment issued by the Supreme Court, County of New York, under Index No.

103896/2004 in favor of Eugenia Lorret and against Chris Kosachuk in the sum of $150,732.45

accounting for $108,293.54, plus interest of $41,388.91 from November 25, 2002, plus costs of

$1,050, and which judgment was thereafter modified and reduced on May 12, 2008 to the sum

amount of $48,293.54, plus costs of $1,050, plus interest from November 25, 2002, and which

judgment was assigned to 9197-5904 Quebec, Inc. on December 15, 2009 by Assignment of

Judgment, and which judgment was further assigned to SRS Technologies Professionals, LLC

by Assignment of Judgment, dated February 10, 2014, Index No. 103896/2004, and Corrected

Assignment of Judgment, dated February 10, 2014, is hereby cancelled nunc pro tunc to July 6,

2012.

5.      This Final Judgment may be recorded as a matter of public record.

6.      This Final Judgment is effective immediately upon entry and this Court shall

retain jurisdiction to, among other things, interpret, implement, and enforce the terms and

provisions of this Order and Final Judgment.

7.      Chris Kosachuk shall be entitled to writs of execution and all other legal process

to enforce this Final Judgment permitted by Federal Rules of Bankruptcy Procedure, the Federal

Rules of Civil Procedure and applicable law.

March 24th 2015

BY THE COURT:

The Honorable Jean K. FitzSimon
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                          Chapter 7
Christopher Kosachuk A/K/A Chris Kosachuk
        Debtor                                 Bankruptcy No. 12-16438-JKF

**CERTIFICATION OF JUDGMENT FOR
REGISTRATION IN ANOTHER DISTRICT**

I, Timothy B. McGrath, Clerk of the Bankruptcy Court of this district do certify that
the attached judgment is a true and correct copy of the original judgment entered in the
above entitled proceeding on March 24, 2015  as it appears of record in my office, and
that:

(X)        No notice of appeal from this judgment has been filed, and no motion of the
kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Bankruptcy
Rule 9024, has been filed.

( )        No notice of appeal from this judgment has been filed, and any motions of the
kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Bankruptcy
Rule 9024, have been disposed of, the latest order disposing of such a motion having
been entered on .

( )        An appeal was taken from this judgment, and the judgment was affirmed by
mandate of the issued on .

( )        An appeal was taken from this judgment, and the appeal was dismissed by
order entered on .

                                               Timothy B. McGrath
                                               CLERK

        5/5/15                                 By:  Freda Ford
Date                                           Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

**Southern District of Florida** <u>www.flsb.uscourts.gov</u>

In re _____,                )

                <u>Debtor</u>                )     Case No.<u>15-MP-101-AJC</u>

                            )

     <u>CHRISTOPHER KOSACHUK</u>,      )     Chapter _____

             <u>Plaintiff</u>                )

vs.                )

     <u>9197-5904 QUEBEC, INC,</u>        )     Adv. Proc. No._____

            <u>Defendant</u>              )

## WRIT OF EXECUTION TO THE UNITED STATES MARSHAL

| Name and Address of Judgment Creditor | Amount of Judgment: |
|---|---|
| CHRISTOPHER KOSACHUK<br>854 PHEASANT RUN RD.<br>WEST CHESTER, PA 19382-8144 | $ <u>1,181,344.29</u><br><br>Other Costs:<br><br>$_____ |

vs.

| Name and Address of Judgment Debtor<br>9197-5904  QUEBEC,  INC .<br><br>6913 VALENCIA DR.<br><br>FISHER ISLAND, FL 33109 | DATE  OF ENTRY<br>MARCH 24, 2015 |
|---|---|

**TO THE UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF FLORIDA:**

        You are directed to levy upon the property of the above named judgment debtor to satisfy a money judgment in accordance with the attached instructions.

**TO THE JUDGMENT DEBTOR:**

        You are notified that federal and state exemptions may be available to you and that you have a right to seek a court order releasing as exempt any property specified in the marshal's schedule from the levy.

                              CLERK OF COURT

_____              By:_____
      Date                              Deputy Clerk

COPY of
ORIGINAL

## UNITED STATES BANKRUPTCY COURT
### Southern District of Florida www.flsb.uscourts.gov

In re _____,
            Debtor

            CHRISTOPHER KOSACHUK     ,
            Plaintiff
vs.
            9197-5904 QUEBEC, INC,
            Defendant

Case No. 15-MP-101-AJC

Chapter _____

FILED-USBC, FLS-MIA
'24 NOV 27 PM 3:43

Adv. Proc. No. _____

## WRIT OF EXECUTION TO THE UNITED STATES MARSHAL

Name and Address of Judgment Creditor

CHRISTOPHER KOSACHUK
854 PHEASANT RUN RD.
WEST CHESTER, PA 19382-8144

Amount of Judgment:

$ 1,181,344.29

Other Costs:

$ _____

vs.

Name and Address of Judgment Debtor
9197-5904 QUEBEC, INC.

6913 VALENCIA DR.

FISHER ISLAND, FL 33109

DATE OF ENTRY
MARCH 24, 2015

**TO THE UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF FLORIDA:**
    You are directed to levy upon the property of the above named judgment debtor to satisfy a money judgment in accordance with the attached instructions.

**TO THE JUDGMENT DEBTOR:**
    You are notified that federal and state exemptions may be available to you and that you have a right to seek a court order releasing as exempt any property specified in the marshal's schedule from the levy.

CLERK OF COURT

11/27/2024
Date

By: _Olga Rodriguez_
Deputy Clerk

LF-57 (rev. 12/01/09)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

FILED-USBC, FLS-MIA
'24 DEC 2 AM10:45

### Case No. 15-101-AJC

CHRISTOPHER KOSACHUK,

      Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

      Defendant/Judgment Debtor

_____/

### <u>MOTION TO REOPEN CASE</u>

      Christopher Kosachuk, *pro se*, hereby moves to reopen this case for execution proceedings and to take judicial notice of sealed documents from the case of *In Re: Christopher Kosachuk,* Case No. 12-16438-JKF*SEALED* EDPA under seal in this case, with a Motion to File Sealed Documents Under Seal filed herewith.  In support, Mr. Kosachuk states:

      1.     This case involves the registration in this Court of a $1,181,344.29 judgment (the "FitzSimon Judgment") entered by the Honorable Jean K. FitzSimon on March 24, 2015 in the United States Bankruptcy Court for the Eastern District of Pennsylvania and domesticated in 11th Judicial Circuit in and for Miami-Dade County, Florida on October 26, 2023.

      2.     The FitzSimon Judgment was the result of 9197-5904 Quebec, Inc. ("Quebec") filing a bad faith involuntary bankruptcy petition against Mr. Kosachuk wherein Judge FitzSimon sealed the bankruptcy case.

      3.     While the seal was mean to protect Mr. Kosachuk from any reputational harm as a result of the involuntary bankruptcy filing, it has also shielded Quebec as the truly

Plaintiff Christopher Kosachuk's Motion to Reopen
Kosachuk v. Quebec, Case No. 15-101-AJC

reprehensible conduct of Quebec and its attorneys of record have also been sealed from public
view and this Court.

    4.      The FitzSimon Judgment remains wholly unsatisfied and execution proceedings
have begun.

    5.      At the hearing on March 24, 2015 wherein Judge FitzSimon meticulously
justifies the entry of her punitive and compensatory sanctions and damages judgment and the
declaration that the involuntary bankruptcy was a bad faith filing. Judge FitzSimon said "I do
think it does go substantially toward correcting the evil that was visited upon Mr. Kosachuk.
Nonetheless, the behavior [of Quebec and its counsel] as I have just described to me is so
egregious and so reprehensible that I am going to order the award of a five times multiple with
regard to punitive damages, and that will be a five times multiple on the entire approximately
$200, 000 that's been incurred in attorney's fees". [*See* March 24, 2015 Transcript p. 19 lines
13-17 from Motion to Seal].

    6.      Judge FitzSimon later said: "The Court must ensure that Quebec can no longer
continue to wage ware [*sic*] on Mr. Kosachuk." [*See* March 24, 2015 Transcript p. 16 lines 11-
12 from Motion to Seal].

    7.      The third document, that movant seeks to file under seal is the order of the
Honorable Wendy Beetlestone affirming Judge FitzSimon in all aspects of her March 24, 2015
Judgement and the Order Denying the Motion for Extension of Time.

    8.      The order of the Third Circuit Court of Appeals affirming Judge Beetlestone is
already on the docket in this case. [*See* Doc. .

    **WHEREFORE**, for the reasons set forth above, Mr. Kosachuk respectfully requests
that the Court grant this Motion to Reopen and thereafter grant the Motion to File Sealed

Plaintiff Christopher Kosachuk's Motion to Reopen
Kosachuk v. Quebec, Case No. 15-101-AJC

Documents Under Seal and then Take Judicial Notice of Same and grant such other and further

relief as the Court deems appropriate.

Dated: 2nd day of December, 2024.

|  | Respectfully submitted, |
|--|--|
|  | Christopher Kosachuk<br>*Pro Se Movant, Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

Plaintiff Christopher Kosachuk's Motion to Reopen
Kosachuk v. Quebec, Case No. 15-101-AJC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk

of Court who will electronically file it and serve it upon all parties of record as indicated on this

2nd day of December, 2024.

|  |  |
|---|---|
|  | Christopher Kosachuk<br>*Pro Se Movant, Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

## SERVICE LIST

**Via CM/ECF/Email**

Joel Aresty, Esq. attorney for 9197-5904 Quebec, Inc.
aresty@mac.com

Todd Mosser, Esq. attorney for 9197-5904 Quebec, Inc.
todd@mosserlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-101-AJC**

CHRISTOPHER KOSACHUK,

      Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

      Defendant/Judgment Debtor

_____/

FILED-USBC, FLS-MIA
'24 DEC 2 AM 10:45

**MOTION TO FILE SEALED DOCUMENTS UNDER SEAL**
**AND MOTION TO TAKE JUDICIAL NOTICE OF SAME**

      Christopher Kosachuk, *pro se*, hereby moves to file sealed documents from the case of *In Re: Christopher Kosachuk,* Case No. 12-16438-JKF*SEALED* EDPA, under seal in this case and moves to take judicial notice of same. In support, Mr. Kosachuk states:

      1.     This case involves the registration in this Court of a $1,181,344.29 judgment (the "FitzSimon Judgment") entered by the Honorable Jean K. FitzSimon on March 24, 2015 in the United States Bankruptcy Court for the Eastern District of Pennsylvania and domesticated in 11th Judicial Circuit in and for Miami-Dade County, Florida on October 26, 2023.

      2.     The FitzSimon Judgment was the result of 9197-5904 Quebec, Inc. ("Quebec") filing a bad faith involuntary bankruptcy petition against Mr. Kosachuk wherein Judge FitzSimon sealed the bankruptcy case. The sealing order is also under seal but Judge FitzSimon references it in her August 13, 2015 Order on page 33 of 74 of the sealed documents package.

      3.     While the seal was mean to protect Mr. Kosachuk from any reputational harm as a result of the involuntary bankruptcy filing, it has also shielded Quebec as the truly

Page 1 of 74

Plaintiff Christopher Kosachuk's Motion to File Sealed Documents Under Seal
Kosachuk v. Quebec, Case No. 15-101-AJC

reprehensible conduct of Quebec and its attorneys of record have also been sealed from public view and this Court.

4.     The first document, attached hereto as Exhibit 1 and in the sealed envelope, movant seeks to file under seal is the transcript of the March 24, 2015 hearing wherein Judge FitzSimon meticulously justifies the entry of her punitive and compensatory sanctions and damages judgment and the declaration that the involuntary bankruptcy was a bad faith filing.

5.     Judge FitzSimon said "I do think it does go substantially toward correcting the evil that was visited upon Mr. Kosachuk. Nonetheless, the behavior [of Quebec and its counsel] as I have just described to me is so egregious and so reprehensible that I am going to order the award of a five times multiple with regard to punitive damages, and that will be a five times multiple on the entire approximately $200, 000 that's been incurred in attorney's fees". [*See* March 24, 2015 Transcript p. 19 lines 13-17].

6.     The second document, attached hereto as Exhibit 2 and in the sealed envelope, which movant seeks to file under seal, is the Order entered by Judge FitzSimon on August 13, 2015 denying Quebec's Motion for Extension of Time to File Notice of Appeal Pursuant to B.R. 8002 as a Result of Excusable Neglect.

7.     In it 34 detailed pages, Judge FitzSimon excoriates Quebec and its counsel about which this Court should aware.

8.     Judge FitzSimon said: "The Court must ensure that Quebec can no longer continue to wage ware [*sic*] on Mr. Kosachuk." [*See* March 24, 2015 Transcript p. 16 lines 11-12].

9.     The third document, attached hereto as Exhibit 3 and in the sealed envelope, that movant seeks to file under seal is the order of the Honorable Wendy Beetlestone affirming

Page 2 of 74

Plaintiff Christopher Kosachuk's Motion to File Sealed Documents Under Seal
Kosachuk v. Quebec, Case No. 15-101-AJC

Judge FitzSimon in all aspects of her March 24, 2015 Judgement and the Order Denying the

Motion for Extension of Time.

      10.     The order of the Third Circuit Court of Appeals affirming Judge Beetlestone is

already public and filed in a Notice of Filing simultaneously herewith.

      11.     Alternative, movant has no objection to this Court unsealing the documents in

review.

      **WHEREFORE**, for the reasons set forth above, Mr. Kosachuk respectfully requests

that the Court grant this Motion to File Seal Documents Under Seal and Take Judicial Notice

of Same and grant such other and further relief as the Court deems appropriate.

Dated: 2nd day of December, 2024.

Respectfully submitted,

Christopher Kosachuk
*Pro Se Movant, Plaintiff & Judgment Creditor*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

Plaintiff Christopher Kosachuk's Motion to File Sealed Documents Under Seal
Kosachuk v. Quebec, Case No. 15-101-AJC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk
of Court who will electronically file it and serve it upon all parties of record as indicated on this
2nd day of December, 2024.

|  |  |
|---|---|
|  | Christopher Kosachuk<br>*Pro Se Movant, Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

## SERVICE LIST

### Via CM/ECF/Email

Joel Aresty, Esq. attorney for 9197-5904 Quebec, Inc.
aresty@mac.com

Todd Mosser, Esq. attorney for 9197-5904 Quebec, Inc.
todd@mosserlegal.com

Page 4 of 74

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourt.gov

**COVER SHEET TO ACCOMPANY ITEMS CONVENTIONALLY**
**SUBMITTED FOR SEALING OR IN CAMERA REVIEW**

**INSTRUCTIONS:** Items I through III must be completed by the party filer submitting an item for sealing or review. See Local Rule 5005-1(A)(4). Conventionally filed documents must be placed in a securely sealed envelope clearly marked with the warning **DOCUMENT UNDER SEAL** or **HIGHLY SENSITIVE DOCUMENT**. Compliance with this provision is required.

**I.    CASE INFORMATION:**

Case Number:  15-101-AJC  Chapter: _____

Name of Bankruptcy Case or Adversary Proceeding:  KOSACHUK  v. QUEBEC

**II.   FILING INFORMATION:**

Name of Filing Party:  CHRISTOPHER  KOSACHUK

Address of Filing Party:  854 PHEASANT RUN RD

Phone Number of Filing Party:  WEST CHESTER, PA 19382

Filed on behalf of:  (305) 490-5700

**III.  TYPE OF SUBMISSION (check all that apply):**

☒ Sealed Document with:        ☒ Unsealed Motion to Seal       ☐ Sealed Motion to Seal

☐ Sealed Document pursuant to court order entered on:  APRIL 17 2013

Docket Entry #  48   SEE PAGE 33 of 74

[If conventionally filed, <u>must</u> attach a copy of order authorizing sealing, unless order is sealed]  OF Sealed docs.

☐ In Camera (Judicial) Review

☐ Highly Sensitive Document (HSD)

LF-72 (rev. 07/22/24)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA



FILED-USBC, FLS-MIA
'24 DEC 2 AM9:39

### Case No. 15-101-AJC $Lm\,\mathcal{I}$

CHRISTOPHER KOSACHUK,

    Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

    Defendant/Judgment Debtor

_____/

## NOTICE OF FILING
## AND MOTION TO TAKE JUDICIAL NOTICE OF SAME

Christopher Kosachuk, *pro se,* hereby files the attached order from the United States

Court of Appeals for the Third Circuit which affirmed the judgment in this action.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk

of Court who will electronically file it and serve it upon all parties of record as indicated on this

2nd day of December, 2024.

Christopher Kosachuk
*Pro Se Movant, Plaintiff & Judgment Creditor*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-2216

IN RE: JOHN DOE,
Involuntary Petitioner

v.

9197-5904 QUEBEC, INC.,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-04870)
District Judge: Hon. Wendy Beetlestone

Submitted Under Third Circuit L.A.R. 34.1(a)
March 15, 2018

Before: JORDAN, SHWARTZ and KRAUSE, Circuit Judges.

JUDGMENT

This case came to be considered on the record from the United States District

Court for the Eastern District of Pennsylvania and was submitted pursuant to Third

Circuit L.A.R. 34.1(a) on March 15, 2018.

On consideration whereof, it is now hereby ORDERED and ADJUDGED by this

Court that the Order of the District Court entered on April 18, 2017 is hereby

AFFIRMED. Costs taxed against Appellant. All of the above in accordance with the

Opinion of this Court.

ATTEST:

s/ Patricia S. Dodszuweit
Clerk

Dated: March 15, 2018

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



# United States Court of Appeals
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

March 15, 2018

John Doe
N/A

Todd M. Mosser
1500 John F. Kennedy Boulevard
Two Penn Center Plaza
Suite 1723
Philadelphia, PA 19102

In re: John Doe
Case Number: 17-2216
District Case Number: 2-15-cv-04870

## ENTRY OF JUDGMENT

Today, **March 15, 2018** the Court entered its judgment in the above-captioned matter pursuant to
Fed. R. App. P. 36.

If you wish to seek review of the Court's decision, you may file a petition for rehearing. The
procedures for filing a petition for rehearing are set forth in Fed. R. App. P. 35 and 40, 3rd Cir.
LAR 35 and 40, and summarized below.

Time for Filing:
14 days after entry of judgment.
45 days after entry of judgment in a civil case if the United States is a party.

Form Limits:
3900 words if produced by a computer, with a certificate of compliance pursuant to Fed. R. App.

P. 32(g).
15 pages if hand or type written.

Attachments:
A copy of the panel's opinion and judgment only.
Certificate of service.
Certificate of compliance if petition is produced by a computer.
No other attachments are permitted without first obtaining leave from the Court.

Unless the petition specifies that the petition seeks only panel rehearing, the petition will be construed as requesting both panel and en banc rehearing. Pursuant to Fed. R. App. P. 35(b)(3), if separate petitions for panel rehearing and rehearing en banc are submitted, they will be treated as a single document and will be subject to the form limits as set forth in Fed. R. App. P. 35(b)(2). If only panel rehearing is sought, the Court's rules do not provide for the subsequent filing of a petition for rehearing en banc in the event that the petition seeking only panel rehearing is denied.

A party who is entitled to costs pursuant to Fed.R.App.P. 39 must file an itemized and verified bill of costs within 14 days from the entry of judgment. The bill of costs must be submitted on the proper form which is available on the court's website.

A mandate will be issued at the appropriate time in accordance with the Fed. R. App. P. 41.

Please consult the Rules of the Supreme Court of the United States regarding the timing and requirements for filing a petition for writ of certiorari.


Very truly yours,
Patricia S. Dodszuweit, Clerk

By: s/ *Marianne/arr*, Legal Assistant
Direct Dial: 267-299-4911

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2216

_____

IN RE: JOHN DOE,
Involuntary Petitioner

v.

9197-5904 QUEBEC, INC.,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-04870)
District Judge: Hon. Wendy Beetlestone

_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 15, 2018

_____

Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges.

(Filed: March 15, 2018)

_____

OPINION*

_____

SHWARTZ, Circuit Judge

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

9197-5904 Quebec, Inc. ("Quebec") appeals, for the second time, from an order denying Quebec's motion for post-judgment relief under Federal Rule of Civil Procedure 60(b)(1). Because the District Court did not abuse its discretion in denying such relief, we will affirm.

I

Quebec filed an involuntary bankruptcy petition against John Doe, which the Bankruptcy Court dismissed. Doe then filed a motion asking the Bankruptcy Court to declare Quebec's petition to be in bad faith and for damages. Quebec failed to appear at the hearing on the motion allegedly due to the then-hospitalization of Quebec's representative, and on March 24, 2015, the Bankruptcy Court granted the motion and awarded approximately $1 million in punitive damages. Quebec then retained its current counsel. Twenty-one days after the appeal deadline passed, Quebec sought an extension of time for filing the appeal, asserting that it did not receive a copy of the Bankruptcy Court's March 24, 2015 order. The Bankruptcy Court denied the extension request. Quebec appealed that ruling to the District Court, and that same day, it received notice that it needed to file a designation of portions of the Bankruptcy Court record for the appeal by September 8, 2015. Quebec failed to do so, and the District Court dismissed the appeal on September 30, 2015 without an opinion. Quebec asserts that it failed to timely file the designation due to its counsel's erroneous calendaring of the deadline as October 22, 2015.

On October 20, 2015, Quebec filed its designation of record and a motion for post-judgment relief under Federal Rules of Civil Procedure 59(e) and 60(b)(1) seeking to

vacate the District Court's September 30, 2015 dismissal of the appeal. The District Court denied the motion as "untimely" without an opinion. Quebec filed a motion for reconsideration under Rule 59(e) which the District Court also denied without an opinion. Quebec appealed. We vacated the District Court's order denying Quebec's second Rule 59(3) motion because the District Court did not analyze whether Quebec's prior Rule 60(b) motion was timely filed. In re Doe, 681 F. App'x 106, 108-09 (3d Cir. 2017) (not precedential). We remanded to allow the District Court to determine the motion's timeliness and, if timely, consider the merits of the motion under Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993). Id. at 109.

On remand, the District Court again denied Quebec's Rule 59(e) motion, finding that the motion's timeliness was "questionable" and, even if timely, the prior Rule 60(b) motion nevertheless failed on the merits because the Pioneer factors demonstrated that Quebec had not shown "excusable neglect" warranting Rule 60(b)(1) relief. App. 10-14. Quebec appeals.

II[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). Our Court has jurisdiction pursuant to 28 U.S.C. § 1291. Doe argues that this appeal is untimely and that we therefore lack appellate jurisdiction. See Doe's June 12, 2017 Mot. to Dismiss ¶ 10. Doe is mistaken. The District Court entered its order denying Quebec's Rule 60(b) motion on April 18, 2017, and Quebec filed its notice of appeal on May 18, 2017, which is within the 30-day timeframe set forth in Fed. R. App. P. 4(a)(1)(A). See also Fed. R. App. P. 6(b)(1) (applying Rule 4(a)(1)(A) to bankruptcy appeals). Therefore, this appeal is timely, and Doe's motion to dismiss for lack of appellate jurisdiction is denied.

We review a district court's order denying a Rule 60(b)(1) motion for abuse of

discretion, except with respect to issues of law, over which we exercise plenary review.

McBride v. Int'l Longshoremen's Ass'n, 778 F.3d 453, 458 (3d Cir. 2015).  An abuse of

discretion occurs where the district court's order "rests upon a clearly erroneous finding

of fact, an errant conclusion of law or an improper application of law to fact" or where

"no reasonable person would adopt the district court's view."  In re Cendant Corp.

PRIDES Litig., 235 F.3d 176, 181 (3d Cir. 2000) (citation and internal quotation marks

omitted).

Under Rule 60(b)(1), a district court may relieve a party from an order if the order

resulted from "excusable neglect."[2]  Fed. R. Civ. P. 60(b)(1).  The question of whether a

party's "neglect is 'excusable' is essentially an equitable one, in which courts are to take

into account all relevant circumstances surrounding a party's failure to file.'"  George

Harms Constr. Co. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (citation omitted).  In

making this determination, courts consider: (1) "the danger of prejudice," (2) "the length

of the delay and its potential impact on judicial proceedings," (3) "the reason for the

delay, including whether it was within the reasonable control of the movant," and (4)

"whether the movant acted in good faith."  Pioneer, 507 U.S. at 395.  "[I]nadvertence,

ignorance of the rules, or mistakes construing the rules do not usually constitute

---

[2] Rule 60(b) motions "must be made within a reasonable time" and "no more than
a year after the entry of the judgment" from which relief is sought. Fed. R. Civ. P.
60(c)(1).  Quebec does not challenge the District Court's conclusion that it was
"questionable" whether the motion was made within a reasonable time.

'excusable' neglect," but excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392.

The District Court applied the Pioneer factors, found that Quebec's failure to timely file a designation of record for its appeal—which resulted in the dismissal of the appeal—was not attributable to excusable neglect, and denied Quebec's Rule 60(b)(1) motion.[3] The District Court's ruling was not an abuse of discretion.

First, the reason for the delay weighs against finding excusable neglect. Quebec's counsel concedes that he had notice of the September 8, 2015 deadline for filing the designation of record but explains that the deadline was mis-calendared. The District Court aptly found that counsel's oversight could have been prevented through effective office procedures and reasonable diligence on the part of counsel in checking the bankruptcy docket. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322, 326, 328-31 (3d Cir. 2012) (concluding no excusable neglect based primarily on the reason for the delay factor where counsel's 29-day delay was caused by poor office practices,

---

[3] Quebec argues that the factors in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), support relief. However, the Poulis framework applies when a district court considers dismissing a case before trial. Quebec does not challenge the dismissal of its involuntary bankruptcy petition against Doe but instead seeks review of a post-judgment order—the bankruptcy court's ruling imposing damages for Quebec's bad faith filing of the petition. See Roberts v. Ferman, 826 F.3d 117, 123 n.5 (3d Cir. 2016) (stating that a district court must consider the Poulis factors before dismissing a case for failure to prosecute but no Poulis analysis is necessary when the district court "dismisses a post-trial motion"); Knoll v. City of Allentown, 707 F.3d 406, 408-11 (3d Cir. 2013) (holding that Poulis does not apply in the post-trial context); see also George Harms, 371 F.3d at 163 (applying the Pioneer factors to a Rule 60(b)(1) motion). Because Poulis does not apply in the post-judgment context, we reject Quebec's argument that the Poulis factors support its request for relief.

5

explaining that counsel should have discovered the error earlier, and noting authority

from another circuit which held that counsel's mis-calendaring was not excusable); Nara

v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007), as amended (June 12, 2007) (holding no

excusable neglect under Rule 60(b) where an attorney would have received notice of the

order he untimely sought to challenge had he complied with the standing order to register

with the electronic filing system).  Moreover, the District Court correctly observed that it

was "difficult to excuse" counsel's incorrect recording of the September 8 deadline as

October 22, "nearly two months after he filed the notice of appeal (and received the email

notification)" and far beyond the fourteen-day deadline, in light of "the appellate practice

[Quebec's counsel] professes to maintain."  App. 11-12.  In addition, the District Court

correctly rejected Quebec's argument that it could not be held responsible for its

counsel's errors given the Supreme Court's clear statement that "clients must be held

accountable for the acts and omissions of their attorneys," Pioneer, 507 U.S. at 396.

Second, the District Court did not abuse its discretion in finding that Quebec's

delay prejudiced Doe and had a negative impact on judicial proceedings because "redress

for the harm [to Doe] caused by Quebec's filing of an involuntary bankruptcy petition . . .

has now been delayed for nearly five years," and the delay "undermin[ed] the expeditious

administration of this litigation, which has already been protracted as a result of Quebec's

dilatoriness."  App. 13.  The District Court further noted that Quebec's delay was another

example of its bad faith conduct exhibited throughout the underlying bankruptcy

proceeding.  Quebec "fail[ed] to cooperate with [Doe], fail[ed] to appear at hearings, and

6

fail[ed] to appear at trial." App. 12-14 (citing <u>In re Kosachuk</u>, Bankr. No. 12-16438, slip op. (Bankr. E.D. Pa. Mar. 24, 2015)).

Although Quebec's present counsel was retained after the Bankruptcy Court issued its decision on Quebec's bad faith filing of the bankruptcy petition, reasonably diligent counsel entering at that late stage of the litigation would have reviewed the record, observed the history of dilatoriness and prior finding of bad faith, and ensured that future filings complied with all applicable rules and orders. <u>See</u> <u>In re Cendant Corp. PRIDES Litig.</u>, 235 F.3d at 184; <u>see also</u> <u>In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.</u>, 496 F.3d 863, 867 (8th Cir. 2007) (concluding lack of good faith where a party had a history of delay). Therefore, the District Court did not abuse its discretion in concluding that Quebec has not shown excusable neglect that would entitle it to relief under Rule 60(b)(1).

<div align="center">III</div>

For the foregoing reasons, we will affirm.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-101-LMI

CHRISTOPHER KOSACHUK,

     Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

     Defendant/Judgment Debtor

_____/

FILED-USBC, FLS-MIA
'24 DEC 3 PM 1:30

### VERIFIED MOTION FOR PROCEEDINGS SUPPLEMENTARY, FOR ORDER IMPLEADING ADDITIONAL DEFENDANTS AND FOR ASSIGNMENT AND/OR MARSHAL'S SALE OF CHOSES IN ACTION

Judgment Creditor and Plaintiff Christopher Kosachuk hereby files this Verified Motion for Proceedings Supplementary, for Order Impleading Additional Defendants and for Assignment and/or U.S. Marshal's Sale of Choses In Action. Plaintiff herewith has filed an affidavit that he holds an unsatisfied judgment and judgment lien in the amount of $1,181,344.29 plus statutory interest against Defendant 9197-5904 Quebec, Inc. and that the execution is valid and outstanding. Plaintiff accordingly moves for proceedings supplementary to execution, for an order impleading additional defendants Raymond Houle, Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, Sean Neil Meehan, Elizabeth Hazan and America Asset Management, LLC, pursuant to Florida Statutes § 56.29 and to authorize the assignment and/or marshal's sale of choses in action. In support, Mr. Kosachuk states as follows:

## BACKGROUND

1.      On March 24, 2015, Mr. Kosachuk obtained the Final Judgment against 9197-5904 Quebec, Inc. ("Quebec") under case number 12-bk-16438-JKF from the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "FitzSimon Judgment").

2.      The FitzSimon Judgment was awarded to Mr. Kosachuk because Ms. Hazan and Mr. Houle through their company 9197-5904 Quebec, Inc. ("Quebec") filed a bad faith involuntary bankruptcy against Mr. Kosachuk which was dismissed as a bad faith filing.

3.      The bankruptcy was filed in such bad faith that the Honorable Jean K. FitzSimon sealed it so as not to cause any further reputational damage to Mr. Kosachuk.

4.      However, in order for this Court to understand the true evil nature of Quebec, its principals and its attorneys, movant filed a Motion to File the Sealed Documents from Judge FitzSimon with this Court. [*See* Doc. 10].

5.      The Third Circuit Judgment affirming the Honorable Wendy Beetlestone who affirmed Judge FitzSimon is on the docket at Doc. 11. Indeed, the FitzSimon Judgment was twice affirmed by the Third Circuit. [*See* Doc. 11].

6.      On May 7, 2015, the FitzSimon Judgment was domesticated and recorded in Miami-Dade County, Florida under the above styled case number. [*See* Doc. 1].

7.      On November 27, 2023, undersigned moved this Court to order the Clerk of the Court to issue a Writ of Execution. [*See* Doc. 6]. Later that same day, the Clerk issued the writ of execution. [*See* Doc. 7].

8.      Movant has already delivered the Writ of Execution to the U.S. Marshal to execute on the chose in action captioned as *9197-5904 Quebec, Inc. v. NLG, LLC,* Local Case No. 14-10475 CA 01, in the Eleventh Judicial Circuit in and for

Miami-Dade County, with the proceeds to be applied towards the satisfaction of Judgment Creditor Christopher Kosachuk's FitzSimon Judgment against 9197-5904 Quebec, Inc. However, Movant believes that the proceeds from this sale will be insufficient to satisfy the FitzSimon Judgment in full and thus these proceedings supplementary are necessary.

9.      No payments have been made and the full balance is due on the unsatisfied Final Judgment and Writ of Execution in the above-captioned matter.

10.      On December 2, 2024, Mr. Kosachuk executed the requisite affidavit, attached hereto as Exhibit 1, as to the amount due and owing under the FitzSimon Judgment which amount was confirmed the Clerk upon issuance of the Writ of Execution.  As such he has satisfied the requirement for proceedings supplementary.

11.      Mr. Kosachuk now avails himself of the swift and summary process afforded Fla. Stat. § 56.29 (2014). *See Mejia* v. *Ruiz,* 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008) ("Pursuant to section 56.29. judgment creditors have a "useful, efficacious and salutary remedy ... to subject [assets to] ... a speedy and direct proceeding in the same court in which the judgment was recovered."); *Id.* ("Proceedings supplementary are equitable in nature and should be liberally construed."). *See also Gen. Guar. Ins. Co. of Fla. v. Dacosta,* 190 So. 2d 211, 213(Fla. 3d DCA 1966) ("The [proceedings supplementary statute] should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible."

12.      Florida law is clear that the only jurisdictional requirement for the institution of supplemental proceedings is the filing of an affidavit which alleges that there is an unsatisfied judgment or judgment lien, *Mejia v. Ruiz*, 985 So, 2d 1109 (Fla. 3rd DCA

2008). The instant motion is sworn to, attaches the requisite affidavit [*see* Exhibit 1] and makes the necessary showing. Indeed, the statutory requirements are codified in Florida Statutes §56.29(1) which provides:

> When any person or entity holds an unsatisfied judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file an affidavit so stating, applicable, the issuing court, the case number, and the amount of the judgment or judgment lien, including and interest, and stating that the execution is valid and and thereupon the judgment holder or judgment lien entitled to these proceedings supplementary to execution.

A review of relevant case law further clarifies the legislature's intent. For example, in the case of *Biloxi Casino Corporation v. Wolf*, 900 So. 2d 734 (Fla 4th DCA 2005) the Court held that the only requirement for institution of proceedings supplementary was compliance with the statutory prerequisites of §56.29(1), Florida Statute, by filing an affidavit stating that a judgment lien is valid and outstanding. Likewise, in the case of *Regent Bank v. Woodcox*, 636 So.2d 885 (Fla. 4th DCA 1994), the Court held that the only predicate for impleading a third-party under §56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution explained that §56.29 was intended to provide "a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them to a speedy and direct proceeding in the same court in which the judgment was recovered." As stated by the Third District Court of Appeal in *Continental Cigar Corp. v. Edelman & Co., Inc.*, 397 So.2d 957 (Fla. 3d DCA 1981), "[i]t is quite clear that section 56.29 requires only the filing of an affidavit showing a valid unsatisfied writ of execution on any assets prior to instituting supplementary proceedings." Moreover, in the case of *NTS Fort Lauderdale Office Joint*

*Venture v. Serchay*, 710 So.2d 1027 (Fla. 4th DCA 1998), the Court cited from Regent Bank and held that once a judgment creditor made the required statutory showing, the trial court has no discretion to deny the application. More recently, the Second and Fifth Districts have reached the same conclusion. *See Okaloosa New Opportunity, LLC v. LO Projects, LLC*, 109 So.3d 1209 (Fla. 5 DCA, 2013) and *B & I Contractors, Inc. v. Mel Re Const. Management,* 66 So.3d 1035 (Fla. 2 DCA, 2011). Florida Statute §56.29 imbues this Court with broad powers to marshal the assets of a debtor in order to ensure payment to its creditors. Specifically, §56.29(9) provides that: The court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution.

13.    Mr. Kosachuk has identified certain tangible and/or intangible assets in Florida and other states owned by Quebec or given away by Quebec, or owned by additional defendants which are the subject matter of pending litigation in Delaware, Florida and New York.

14.    Section 56.29(5) provides: "The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." A chose in action belonging to the judgment debtor has generally been considered a property right reachable by a judgment creditor in proceedings supplementary. *See Myd Marine Distributor, Inc., v. International Paint Ltd.*, 201 So. 3d 843 (Fla 4th DCA 2016); *Puzzo v. Ray*, 386 So.2d 49, 49 (Fla. 4th DCA 1980); *Gen. Guar. Ins. Co. of Fla. v. Dacosta*, 190 So.2d 211, 213-14 (Fla. 3d DCA 1966). A judgment also constitutes a cause of action or chose in action. *Crane v. Nuta*, 157 Fla. 613 (Fla 1946).

8.    Seizure of rights in a pending lawsuit (also known as a "chose in

action") is among the relief afforded to a judgment creditor pursuant to Fla. Stat. §56.29. *See Puzzo v. Ray*, 386 So. 2d 49, 50 (Fla. 4th DCA 1980) ("Black's Law Dictionary (rev. 4th Ed. 1968) defines a 'chose in action' as: A personal right not reduced into possession, but recoverable by a suit at law ... A right to receive or recover a debt, demand, or damages on a cause of action *excontractu* or for a tort or omission of a duty."). See also *Craft v. Craft*, 757 So.2d 571, 572 (Fla. 4th DCA 2000) ("Ordinarily, a judgment debtor's choses in action may be reached by supplementary proceedings."); DaCosta, at 213-14 (Fla. 3d DCA 1966) ("[It has been held that supplementary proceedings are ordinarily available to reach choses in action.").

15.    On February 22, 2012, Quebec, pretending to be NLG, obtained a judgment by confession against NLG, LLC, a Delaware LLC in New York Supreme Court index number 101875-2012 (the "Judgment by Confession"). Raymond Houle, the President of Quebec and the same Raymond Houle who filed the bad faith involuntary against Mr. Kosachuk, pretended to be the manager of NLG and had his attorney, Darius A. Marzec, the same Darius A. Marzec who filed the bad faith involuntary petition and who repeatedly excoriated by Judge FitzSimon, decided that it was appropriate to dupe the clerk of court in New York into entering a sham $5,000,000 Judgment by Confession where Raymond Houle signed for both the Plaintiff Quebec and the Defendant NLG.

16.    Even though it is void on its face as a matter of law, the Judgment by Confession was domesticated and recorded on April 21, 2014, in Miami-Dade County, State of Florida under case number 14-10475-CA-10 where execution proceedings began.

17.    Quebec through Selective commenced proceedings supplementary and the Florida State Court authorized those proceedings supplementary and impleaded Elizabeth

Hazan in the case captioned as *9197-5904 Quebec, Inc. v. NLG, LLC*, case number 14-10475-CA-10.  Attached hereto as Exhibit 2 is the Motion for Proceedings Supplementary and the $5,000,000 Judgment by Confession.

18.     The Florida State Court then granted the Motion for Proceedings Supplementary and impleaded Ms. Hazan. Attached hereto as Exhibit 3 is the order.

19.     The Florida State Court then assigned NLG's Judgment against Ms. Hazan to Quebec/Selective and gave NLG a credit against its judgment.  The Florida State Court ordered that Selective is to "step into the shoes of NLG".    Movant is now seeking this exact same relief with respect to various judgments owned by Quebec,  and its assignee Selective in order to "step into the shoes" of Quebec and these impleaded defendants.

20.     Based on the Florida State Court's order, Exhibit 3, Selective, Ms. Hazan, her ex-husband Mr. Sean Neil Meehan and Mr. Houle should now be impleaded so that the FitzSimon Judgment may be collected against them via assignments and marshal's sales.

21.     This relief was the precise relief granted by the Florida State Court to Quebec/Selective against NLG in order to collect on the Judgment by Confession.

22.     Based upon the Florida State Court's judicial assignment, Selective sued NLG in the Southern District of Florida's Bankruptcy Court and obtained a Final Judgment (the "Cristol Judgment") in the case of  *Selective and Elizabeth Hazan v. NLG,* Adversary Proceeding Case No. 16-ap-1439-AJC where NLG still owes $123,570.71 pursuant to the void Judgment by Confession.  A true and correct copy of the Cristol Judgment is attached hereto as Exhibit 4.

23.     The Judgment by Confession and the Cristol Judgment constitute property of the Debtor and subject to assignment and/or to marshal's sale, with the proceeds thereof to be applied towards the satisfaction of the Judgment Creditor's FitzSimon Judgment.

24.     Mr. Kosachuk seeks the assignment and all attendant rights of the Judgment by Confession and the Cristol Judgment and Mr. Kosachuk will give a credit to Quebec in the amount of $123,570.71. Alternatively, the Court can order the U.S. Marshal to levy upon and offer them for sale to the highest bidder on the court house steps.

25.     The marshal sale or assignment shall include all of its rights as well as all chose in actions in all states with respect to the impleaded defendants and rights obtained by Selective from Quebec or any rights of impleaded defendants as detailed below:

(a)     *9197-5904 Quebec, Inc. v. NLG,,* Case No. 2012-101875 in the Supreme Court of the State of New York County of New York

(b)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-158379 in the Supreme Court of the State of New York County of New York including the money judgment entered against Mr. Kosachuk in favor of Quebec/Selective in the amount of $15,000.

(c)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-03860 in the Supreme Court of the State of New York Appellate Division First Department

(d)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-03869 in the Supreme Court of the State of New York Appellate Division First Department

(e) *Juan Ramirez, Jr. v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2020-654670 in the Supreme Court of the State of New York County of New York including the money judgment entered against Mr. Ramirez in favor of Selective in the amount of $8,069.13.

(f) *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 22-ap-50421-JKS in the United States Bankruptcy Court for the District of Delaware.

(g) *NLG, LLC v. Selective Advisors Group, LLC,* Case No. 22-ap-50086-JKS in the United States Bankruptcy Court for the District of Delaware.

(h) *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 23-00540-JLH in the United States District Court for the District of Delaware

(i) *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 23-00541-JLH in the United States District Court for the District of Delaware

(j) *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 23-00542-JLH in the United States District Court for the District of Delaware

(k) *In Re Elizabeth Hazan,* Case No. 16-10389 in the United States Bankruptcy Court for the Southern District of Florida

(l) *Selective Advisors Group, LLC and Elizabeth Hazan v. NLG, LLC,* Case No. 16-1439-AJC in the United States Bankruptcy Court for the Southern District of Florida

Page 9 of 85

(m)   *Selective Advisors Group, LLC v. Elizabeth Hazan,* Case No 2011- 42770-CA02, in the 11th Judicial Circuit in and for Miami-Dade County, Florida

(n)   *9197-5904 Quebec, Inc. v. NLG, LLC* Case No. 2014-10475-CA10, in the 11th Judicial Circuit in and for Miami-Dade County, Florida

(o)   *JP Morgan Chase Bank NA v. Elizabeth Hazan et. al.*, Miami-Dade Circuit Court Case No.: 2013-25902 CA 01

(p)   *Fisher Island Community Association v. Elizabeth Hazan* Miami-Dade Circuit Court Case No.: 2023-26767 CA 01

(q)   *Valencia Estates Homeowners' Association v. Elizabeth Hazan* Miami-Dade Circuit Court Case No.: 20130-5424 CA 01

(r)   *David W. Langley v. Elizabeth Hazan,* Miami-Dade Circuit Court Case No.: 2022-20116- CA 01

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order with the following relief and order the U.S. Marshal to levy and offer for sale to the highest bidder in one marshal sale to be conducted on the United States District Court steps at 400 N. Miami Ave. Miami, FL 33128 the following:

(i) The Final Judgment against NLG from the case of *Selective Advisors Group, LLC and Elizabeth Hazan v. NLG, LLC,* Case No. 16-ap-1439-AJC in the United States Bankruptcy Court for the Southern District of Florida and the Quebec Judgment from the case of *9197-5904 Quebec, Inc. v. NLG,,* Case No. 2012-101875 in the Supreme Court of the State of New York County of New York and domesticated in this Court under *9197-5904 Quebec, Inc. v. NLG, LLC* Case No. 2014-10475-CA10, in the 11th Judicial Circuit in and for Miami-Dade County, Florida are hereby assigned to Mr. Kosachuk along with all rights, remedies and

choses in action so that he may step into the shoes of Selective including Quebec and Selective's rights in *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-03860 in the Supreme Court of the State of New York Appellate Division First Department *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-03869 in the Supreme Court of the State of New York Appellate Division First Department. Mr. Kosachuk shall give Quebec a credit of $123,570.71 from what is owed on his FitzSimon Judgment. Mr. Kosachuk shall step into the shoes of Selective Advisors Group, LLC in these cases and have all rights of Selective Advisors Group, LLC;

(ii) The $15,000 money judgment from *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-158379 in the Supreme Court of the State of New York County of New York, attached hereto as Exhibit 5, is hereby assigned to Mr. Kosachuk along with all rights, remedies and choses in action so that he may step into the shoes of Quebec and Selective. Mr. Kosachuk shall give Quebec a credit of $15,000 from what is owed on his FitzSimon Judgment. Mr. Kosachuk shall step into the shoes of Quebec and Selective Advisors Group, LLC in this case and have all rights of Selective Advisors Group, LLC.

(iii) The $8,069.13 Referee's Decision and Order from *Juan Ramirez, Jr. v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2020-654670 in the Supreme Court of the State of New York County of New York, attached hereto as Exhibit 6, is hereby assigned to Mr. Kosachuk along with all rights, remedies and choses in action so that he may step into the shoes of Quebec and Selective. Mr. Kosachuk shall give Quebec a credit of $8,069.13 from what is owed on his FitzSimon Judgment. Mr.

Kosachuk shall step into the shoes of 9197-5904 Quebec, Inc. and Selective Advisors Group, LLC in this case and have all rights of 9197-5904 Quebec, Inc. and Selective Advisors Group, LLC.

(iv) The $3,800 money judgment entered on November 7, 2022 from *In Re Elizabeth Hazan,* Case No. 16-bk-10389-AJC [Doc. 1354] from the United States Bankruptcy Court for the Southern District of Florida, attached hereto as Exhibit 7, is hereby assigned to Mr. Kosachuk along with all rights, remedies and choses in action so that he may step into the shoes of Ms. Hazan. Mr. Kosachuk shall give Quebec a credit of $3,800 from what is owed on his FitzSimon Judgment.

(v) The $42,270.93 money judgment entered on June 22, 2017 from *America Asset Management, LLC v. NLG, LLC* Case No. 17-5232 CA 02 in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, attached hereto as Exhibit 8, is hereby assigned to Mr. Kosachuk along with all rights, remedies and choses in action so that he may step into the shoes of America Asset Management, LLC.

(vi) The U.S. Marshal is ordered to conduct a marshal's sale of Quebec's, Selective's, America Asset's, Mr. Houle's, Mr. Meehan's and Ms. Hazan's rights in the following:

(vii) *In Re Elizabeth Hazan,* Case No. 16-bk-10389-AJC in the United States Bankruptcy Court for the Southern District of Florida with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment.

(vii) *Selective Advisors Group, LLC v. Elizabeth Hazan,* Case No 2011-42770-CA02, in the 11th Judicial Circuit in and for Miami-Dade County, Florida with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(ix) *JP Morgan Chase Bank NA v. Elizabeth Hazan et. al.*, Miami-Dade Circuit Court Case No.: 2013-25902 CA 01 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(x) *Fisher Island Community Association v. Elizabeth Hazan* Miami-Dade Circuit Court Case No.: 2023-26767 CA 01 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(xi) *Valencia Estates Homeowners' Association v. Elizabeth Hazan* Miami-Dade Circuit Court Case No.: 20130-5424 CA 01 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(xii) *David W. Langley v. Elizabeth Hazan,* Miami-Dade Circuit Court Case No.: 2022-20116- CA 01 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(xiii) *Selective's interest, as assignee of Quebec, in the real property located at 6913 Valencia Drive, Fisher Island, FL 33109,* Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County derived from and based upon NLG, LLC's Final Judgment of Foreclosure entered on December 4, 2015 by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737 – 3742, CFN 20150812181 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment.

December 2, 2024                    Respectfully submitted,

|  | Christopher Kosachuk<br>*Pro Se Plaintiff /Judgment Creditor & Movant*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
| --- | --- |

## VERIFICATION

I, Christopher Kosachuk, pursuant to Fla. Stat. 92.525, 28 U.S. Code § 1746 and under penalty of perjury, I declare that I have read the foregoing Verified Motion for Proceedings Supplementary, for Order Impleading Additional Defendants and for Assignment and/or Marshal's Sale of Choses In Action and that the facts are true, correct and based on my personal knowledge.

Christopher Kosachuk
*Pro Se Plaintiff & Judgment Creditor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk of Court who will electronically file it and serve it upon all parties of record as indicated on this 2nd day of December, 2024.

| | |
|---|---|
| | Christopher Kosachuk<br>*Pro Se Movant, Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

## SERVICE LIST

**Via CM/ECF/Email/First Class Mail**

Joel Aresty, Esq. attorney for 9197-5904 Quebec, Inc., Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, Raymond Houle, Elizabeth Hazan, Sean Neil Meehan and America Asset Management
aresty@mac.com

Todd Mosser, Esq. attorney for 9197-5904 Quebec, Inc. Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, Raymond Houle, Elizabeth Hazan, Sean Neil Meehan
todd@mosserlegal.com

Raymond Houle – raymond.houle@gmail.com raymond.houle1@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109

Elizabeth Hazan a/ka/ Liza Hazan lizahazan77@gmail.com elizabethhazan07@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109

Sean Neil Meehan seannmeehan@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109

America Asset Management
6913 Valencia Dr. Fisher Island, FL 33109

EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

**Case No. 15-101-LMI**

CHRISTOPHER KOSACHUK,

      Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

      Defendant/Judgment Debtor

_____/

STATE OF FLORIDA    )
                  ) ss:
COUNTY OF MIAMI-DADE )

### AFFIDAVIT OF CHRISTOPHER KOSACHUK

CHRISTOPHER KOSACHUK, being duly sworn, deposes and says:

    1.   I am the **judgment creditor/plaintiff named above**.

    2.   On March 24, 2015, I obtained the Final Judgment against 9197-5904 Quebec, Inc. ("Quebec") under case number 12-bk-16438-JKF from the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "FitzSimon Judgment").

    3.   On May 7, 2015, the FitzSimon Judgment was domesticated and recorded in Miami-Dade County, Florida under the above styled case number.

    4.   On November 27, 2024, I filed Motion for Writ of Execution [Doc. 6] and the Writ of Execution issued that same day [Doc. 7].

    5.   The interest rate for this FitzSimon Judgment is .25% per annum with annually compounding such that the per diem for 2024 is $8.07.

    6.   That no payments have been made and the full balance is due on the unsatisfied Final Judgment and execution.

7.  The execution is valid and remains outstanding and said Plaintiff is entitled to proceedings supplementary pursuant to Florida Statute §56.29, et. seq.

8.  The Court should grant the Motion for Proceedings Supplementary without further delay.

CHRISTOPHER KOSACHUK

Sworn to before me this

2 day of **DCC** , 2024.

Notary Public

EMILY FERNANDEZ-LENS
Notary Public - State of Florida
Commission # HH 302449
My Comm. Expires Aug 18, 2026

Page 18 of 85

EXHIBIT 2

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 14-10475-CA-10

SELECTIVE ADVISORS GROUP, LLC,
As Assignee of 9197-5904 QUEBEC, INC.,

        Plaintiff

vs.

NLG, LLC, a Delaware Limited Liability
Company,

        Defendant,

and

ELIZABETH HAZAN,

        Additional Defendant.

_____ /

### PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY AND FOR ORDER IMPLEADING ADDITIONAL DEFENDANT

The Plaintiff, SELECTIVE ADVISORS GROUP, LLC, as Assignee of 9197-5904 QUEBEC INC., shows that its authorized representative has filed an affidavit that it holds an unsatisfied judgment or judgment lien in the above-styled action in the amount of $5,000,225.00, plus statutory interest, against the Defendant, NLG, LLC, and that the execution is valid and outstanding. The Plaintiff accordingly moves for proceedings supplementary to execution and for an order impleading ELIZABETH HAZAN ("HAZAN"), and states as follows:

1. On February 22, 2012, 9197-5904 QUEBEC, INC., a foreign corporation, obtained a judgment against the Defendant, NLG, LLC, a Delaware Limited Liability Company, in NYC Supreme Court, index number 101875-2012. Said judgment was domesticated and recorded on April 21, 2014, in Miami-Dade County, State of Florida, under the above-styled case number.

2. On April 30, 2014, the subject judgment was assigned to the Plaintiff by 9197-5904 QUEBEC, INC., requiring the Defendant to pay to Plaintiff the sum of $5,000,225.00, plus statutory

interest. Copies of the "Assignment of Judgment" and "Notice of Assignment of Judgment" are attached hereto as Exhibits "A" and "B", respectively.

3. A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on June 16, 2014, under document filing number J14000718030. A copy of said judgment lien certificate is attached hereto as Exhibit "C".

4. On April 28, 2008, a default final judgment was entered under Case No. 07-19532-CA-11 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the favor of NLG, LLC and against HAZAN in the amount of $1,618,071.29, plus interest at the statutory rate of 11 percent per annum. The subject final judgment is attached hereto as Exhibit "D". A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on May 27, 2008, under document filing number J08900007653. A copy of said judgment lien certificate is attached hereto as Exhibit "E". A second judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on July 1, 2013, under document filing number J13001162651. The "money amount remaining unpaid" listed on the second judgment lien certificate is $3,749,569.51. A copy of the second judgment lien certificate is attached hereto as Exhibit "F".

5. The Defendant, NLG, LLC holds a judgment against, the Additional Defendant, HAZAN, in the amount of $3,749,569.51, plus accrued interest at the statutory rate. NLG, LLC, possesses property rights consisting of said money, judgment against the Additional Defendant, HAZAN, that is subject to execution in proceedings supplementary. Because NLG, LLC's judgment is a property right subject to execution in proceedings supplementary, the Plaintiff is entitled to have the judgment seized, executed upon, and sold to the highest bidder at a duly noticed sheriff's sale.

WHEREFORE, Plaintiff moves this court to implead HAZAN as a party to these proceedings supplementary to execution. The Plaintiff further prays that the court order that NLG, LLC's judgment against HAZAN be assigned to it, as successor in interest; and that the Plaintiff be entitled

to step into the shoes of NLG, LLC, so as to be entitled to recover all proceeds attributable to said judgment; with HAZAN receiving a credit for all sums so received; and further ordering that the Plaintiff provide a credit to NLG, LLC for all sums collected and to reflect said credit through the filing of an updated judgment lien certificate.

MARK D. COHEN, P.A.
Counsel for Plaintiff
Presidential Circle
4000 Hollywood Blvd., Ste. 435 South
Hollywood, FL 33021
(954)962-1166
Fla. Bar No. 347345
Eservice address:mdcohenpa@yahoo.com

_____
MARK D. COHEN, ESQ.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via electronic mail this 2nd day of July, 2014 upon Megan K. Wells, Wells Law Firm, LLC, 11820 Miramar Parkway, Ste. 108, Miramar, FL. 33025.

_____
MARK D. COHEN, ESQ.

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | | |
|---|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA | | | |
| **DIVISION** | | | |
| ☒ CIVIL | NOTICE OF RECORDING OF FOREIGN JUDGMENT | | |
| ☐ OTHER | | | |

**CASE NUMBER:** 14-10475CA10

| JUDGMENT CREDITOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| 9197 - 5904 QUEBEC, INC | NLG, LLC |
| | 6499 NORTH POWERLINE ROAD |
| | Address: SUITE 304 |
| | FT. LAUDERDALE, FL 33309 |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| NLG, LLC | |
| Address: 854 PHEASANT RUN ROAD | Address: |
| WEST CHESTER, PA 19382 | |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| Address: | Address: |

Pursuant to Section 55.505, Florida Statutes (Florida Enforcement of Foreign Judgments Act), you are hereby notified that a Foreign Judgment has been recorded against you by:

| 9197 - 5904 QUEBEC, INC | MARK D. COHEN |
|---|---|
| Judgment Creditor(s) | Attorney(s) for Judgment Creditor(s) |
| c/o MARK D. COHEN | 4000 HOLLYWOOD BLVD., STE 435S |
| 4000 HOLLYWOOD BLVD., STE 435S | HOLLYWOOD, FL 33021 |
| HOLLYWOOD, FL 33021 | |
| Address | Address |

As evidenced by the attached copies of the Recorded Foreign Judgment and Affidavit; I hereby certify that a true copy of this notice together with a copy of the Foreign Judgment and Affidavit have been furnished by registered mail, return receipt requested to the above Judgment Debtor(s) at the above address this _____ day of _____, 20 _____.

| HARVEY RUVIN CLERK OF COURTS | BY: DEPUTY CLERK | MAY 0 7 2014 DATE |
|---|---|---|

Section 55.509 of the Florida Enforcement of Foreign Judgment Act provides as follows:
"STAY OF ENFORCEMENT OF FOREIGN JUDGMENT"

(1) If, within 30 days after the date the Foreign Judgment is recorded, the Judgment Debtor files an action contesting the jurisdiction of the Court which entered the Foreign Judgment or the validity of the Foreign Judgment and records a Lis Pendens directed toward the Foreign Judgment, the Court shall stay enforcement of the Foreign Judgment and the Judgment lien upon the filing of the action by the Judgment Debtor.
(2) If the Judgment Debtor shows the Circuit or County Court any ground upon which enforcement of a Judgment of any Circuit or County Court of this state would be stayed, the Court shall stay enforcement of the Foreign Judgment for an appropriate period, upon requiring the same security for satisfaction of the Judgment which is required in this state.

CLK/CT 488 REV. 7/02

Clerk's web address: miamidadeclerk.com

EXHIBIT A

CFN 2014R0298782 OR BK 29124 Pgs 4773 - 4774; (2pgs)
RECORDED 06/25/2014 10:22:47
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No. 10185/12

---

9197-5904 Quebec, Inc.,

                          **Plaintiff,**

        against  14 - 10475 CA 10

NLG, LLC, A DELAWARE LIMITED
LIABILITY COMPANY,

                          **Defendant.**

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

**FILED**

FEB 22 2012

COUNTY CLERK'S OFFICE
NEW YORK

---

**STATE OF NEW YORK**

**COUNTY OF NEW YORK**            ss.:

Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and duly authorized agent of the defendant Limited Liability Company and is duly authorized to make this Affidavit on behalf of the LLC defendant herein.

The defendant hereby confesses judgment herein and authorizes entry thereof against defendant in the sum of $5,000,000.00.

Defendant's address is 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida
854 Pheasant Run Road, West Chester, PA 19382
33309; Defendant authorizes entry of judgment in New York County, New York, if said residence address is not in New York State.

This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: Fraud and Abuse of Process.

**This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed, subsequent to the time a default occurred in the payment of an installment thereunder.**

Sworn to before me this
15 day of Febru, 2012

NOTARY PUBLIC

9197-5904 Quebec, Inc. by Raymond Houle, Manager
MEMBER, NLG LLC

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/20 12

BOOK 29124 PAGE 4774
LAST PAGE

## ACKNOWLEDGMENT

STATE OF FLORIDA    )
                  :SS  34-104750A10
*miam Dade R.ty*
COUNTY OF ~~BROWARD~~  )

On the 3rd day of January 2014 before me personally appeared RAYMOND HOULE to be known and known to me to be the individual described in and who executed the foregoing ░░░░░░ Judgment, and who duly acknowledged to me that he executed the same.

In Witness Thereof The Assignors Set Their Hand And Seal the day and year first written above:

Assignor:9197-5904 Quebec, Inc

By: RAYMOND HOULE, President

Witness:

Notary Public:

RAUL L. CHAVARRIA
MY COMMISSION # EE 173519
EXPIRES: March 6, 2016
Bonded Thru Budget Notary Services

The foregoing instrument was acknowledged before me this 3rd day of Jan. 2014 by Raymond Houle, President of 9197-5904 Quebec, Inc, who is personally known to me, or who presented *Canadian Passport* as identification, and who did execute the aforesaid ░░░░░ Judgment.

Attorney for Plaintiff:
Mark D. Cohen
4000 Hollywood Blvd Suite 435S
Hollywood FL 33021

CFN 20140298781 OR BK 29124 PGS 4766 - 4772 (7pgs)
RECORDED 04/25/2014 10:22:27
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No. _10 875/12_

9197-5904 Quebec, Inc.,

                                        **Plaintiff,**

        against

                    _14 - 10 4 7 5 CA 1 0_

NLG, LLC,

                                        **Defendant.**

**AFFIDAVIT OF**
**RAYMOND HOULE**
REGARDING FACTS
SUPPORTING
JUDGMENT

---

**STATE OF NEW YORK**

**COUNTY OF NEW YORK**        **ss.:**

Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and duly authorized agent of the defendant Limited Liability Company and is duly authorized to make this Affidavit on behalf of the LLC defendant herein.

This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: Defendant has consistently abused its legal position by filing frivolous litigation documents, affidavits, pleadings, and motions, in and without the state, misrepresenting the truth concerning key facts regarding the mode of operation, personnel, employees, corporate documents and status of defendant; Defendant has failed to abide by rules of court with respect to discovery, disclosures and subpoena power of the court and counsel, and has made litigation process difficult, wasteful, and expensive to adversary/ies. All actions of Defendant constitute abuse of process and fraud upon the court and parties involved, who were unduly damaged by such fraudulent conduct and abuse of process by Defendant. The conduct of Defendant was intentional and malicious and calculated to cause additional expense, delay and harassment to defendant's adversaries; such conduct was illegal, improper, unethical and unnecessary to the administration of justice and process in these matters, giving Plaintiff a cause of action.

_Raymond Houle_

RAYMOND HOULE

Sworn to before me on the 21 day of February, 20 12.

Notary Public

34 = 10475 CA10

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/20 12

FILED

FEB 2 2 2012

COUNTY CLERK'S OFFICE
NEW YORK

EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**                          Index No.

9197-5904 Quebec, Inc.,

                                    **Plaintiff,**

        **against**

NLG, LLC., A DELAWARE LIMITED LIABILITY
        COMPANY,
                                    **Defendant.**

        14-10475 CA10

---

**JUDGMENT BY CONFESSION**
**AFFIDAVIT OF JUDGMENT BY CONFESSION**

---

**ATTORNEYS FOR PLAINTIFF**
Marzec Law Firm, P.C.
Darius A. Marzec, Esq.
225 Broadway, Suite 3000
New York, NY 10007
212-267-0200

**FILED AND
DOCKETED**
FEB 2 2 2012
AT    10:25 A M
N.Y., CO. CLK'S OFFICE

---

**CERTIFICATION**

Pursuant to Section 130-1.1, the following documents are hereby certified:

                    By: Darius A. Marzec, Esq.
                    MARZEC LAW FIRM PC
                    Attorneys for Plaintiff
                    225 Broadway, Ste. 3000
                    New York, NY 10007
                    (212) 267-0200



DOCKETED BY

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

**Address of Plaintiff:**
3765 Saint-Kevin, Ste 9
Montreal, Quebec H3T 1H8
Canada

---

9197-5904 Quebec, Inc.

Index No.:

**Plaintiff,**

against

**JUDGMENT BY CONFESSION**

14-104 75 CA 1 0

NLG, LLC, a Delaware Limited Liability Company,

**Defendant.**

1 2 1 0 1 8 7 5

---

| | | |
|---|---|---|
| Amount Confessed | $5,000,000.00 | |
| Interest | $0.00 | $ 5,000,000.00 |
| Costs by Statute | $15.00 | |
| Transcript | | |
| Fees on Execution | | |
| Satisfaction | | |
| Filing Fee | $210.00 | $ 5,000,225.00 |

The undersigned, Attorney at Law of the State of New York, affirms that he is the attorney of record for the Plaintiff herein and states that the disbursements specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.

Dated: February 16, 2012

**MARZEC LAW FIRM, PC**

I HEREBY CERTIFY THAT I HAVE ADJUSTED THIS BILL OF COSTS AT $ 225.00

FEB 22 2012

Norman Goodman

CLERK

Darius A. Marzec, Esq.
Attorney for Plaintiff
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200

**FILED**

FEB 22 2012

COUNTY CLERKS OFFICE
NEW YORK

EXHIBIT A

**JUDGMENT** entered the ___22nd___ day of ___February___, 2012

On the foregoing affidavit of **Confession of Judgment** made by the defendant herein,

sworn to the on the 16th day of February 2012,

NOW, ON MOTION OF MARZEC LAW FIRM, PC, attorney for plaintiff, it is

**ADJUDGED that** 9197-5904 Quebec, Inc. Plaintiff, with the address of 3765 Saint-Kevin, Suite 9, Monteal, Quebec H3T 1H8, Canada, do recover of **NLG**, LLC, Defendant, with the address of 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida 33309, the sum of $5,000,000.00 with interest of $0.00, **making a total sum of $5,000,000.00 together with $225.00** costs and disbursements, as taxed by the clerk amounting in all to the sum of $5,000,225.00 and that the plaintiff have execution therefor.

_Norman Goodman_
CLERK

**FILED**

FEB 22 2012

COUNTY CLERK'S OFFICE
NEW YORK

\* Defendant's full Name is:
NLG, LLC, a Delaware Limited
Liability Company

2/22/12

# The People of the State of New York:
## BY THE GRACE OF GOD FREE AND INDEPENDENT

*To all to whom these presents shall come or may concern, GREETING:*

**Know Ye**, That we having examined the records and files in the office of the Clerk of the County of New York and Clerk of the Supreme Court of said State for said County, do find a certain JUDGMENT by CONFESSION

04-104750A10

there remaining, in the words and figures following, to wit:

EXHIBIT A

All of which we have caused by these presents to be exemplified and

the Seal of our said County and Supreme Court to be hereunto affixed.

Witness, Hon. HON. LORI S. SATTLER a Justice of the Supreme

Court of the State of New York for the County of New York, the 11TH

day of MARCH in the year of our Lord two thousand and

FOURTEEN , and of our independence the two hundred and

THIRTY-SEVENTH

*Norman Goodman*

04 - 1 0 4 7 5 CA 1 0 County Clerk and Clerk of the

Supreme Court, New York County

HON. LORI S. SATTLER

a Justice of the Supreme Court of the State of New York for the County of New York,
the same being a Court of Record, do hereby certify that the foregoing attestation is
in due and proper form and by the proper officer.

Dated, New York, MAR 18 2014 2014

*Lori S. Sattler*

Justice of the Supreme Court
of the State of New York.



State of New York,   } ss.:
County of New York,

I, NORMAN GOODMAN, County Clerk and Clerk of the
Supreme Court of the State of New York, County of New
York, do hereby certify that Hon.
whose name is subscribed to the preceding certificate is
a Justice of the Supreme Court of said State in and for
the County of New York, duly elected and qualified, and
that the signature of said Justice to said certificate is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my
hand and affixed the Seal of said County and Court this
19TH day of MARCH 2014 .

*Norman Goodman*

County Clerk and Clerk of the
Supreme Court, New York County.

No. F 16791

Page 31 of 85

EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY FLORIDA

9197-5904 QUEBEC INC

Plaintiff,

CASE No.: 14-10475CA10

-against-

NLG, LLC

EXHIBIT "A"

Defendant,

### Assignment of Judgment

In exchange for Ten Dollars ($10.00) and other valuable consideration received, receipt of which is acknowledged, I, 9197-5904 Quebec, Inc., a foreign corporation, located at 5552 Queen Mary Road suite #4 Hampstead, Quebec, H3X 1V9, Canada ("Assignor"), assigns to Selective Advisors Group,LLC , of Delaware, ("Assignee"), located at 16192 Coastal Highway Lewes, DE 19958 County of Sussex, all of Assignor's rights, entitlements, title, interests, and remedies in and to that certain judgment entered in NYC Supreme Court on February 22nd 2012 index number 101875-2012 and which Judgment was recorded on April 21, 2014 in Miami-Dade County, State of Florida , under case number 2014-10475-CA-01,

Assignor represents and warrants that the Judgment is unsatisfied and it has not been assigned, transferred, hypothecated in whole or in part to any other party outside of this Assignment.

This assignment is without recourse, and Assignor does not guarantee payment of the judgment assigned. However, Assignor does agree that it will not release or discharge this judgment, and that in the event any payment under the judgment is made to it, it will promptly transmit it to Assignee.

Dated: 04/30/2014

Assignor
9197-5904 Quebec, Inc.

By: _Raymond Houle_

RAYMOND HOULE, President

Page 32 of 85

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 14-10475 CA (10)

9197-5904 QUEBEC, INC.,

                Plaintiff,                                    EXHIBIT "B"

vs.

NLG, LLC.,

                Defendant.
_____/

## NOTICE OF ASSIGNMENT OF JUDGMENT

Date:      May 5, 2014

TO:        NLG, LLC
           854 Pheasant Run Road
           West Chester, PA 19382

Dear Judgment Debtor:

You are hereby notified that on April 30, 2014, 9197-5904 QUEBEC, INC., has assigned
and transferred to SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability
Company, the judgment entered against you in the State of New York on February 22,
2012 and domesticated in the Eleventh Judicial Circuit of Florida, Miami-Dade County,
Florida on April 21, 2014 in the above captioned matter.

Please direct any further correspondence (or payments, if applicable) to them at the
following address:

Selective Advisors Group, LLC
c/o Mark D. Cohen, Esq.
Presidential Circle
4000 Hollywood Blvd., Ste. 435 So.
Hollywood, FL 33021
Office: (954) 962-1166
Fax:   (954) 962-1779
mdcohenpa@yahoo.com

Please contact us should you have any questions. Thank you for your cooperation.

Sincerely yours,

Mark D. Cohen, Esq.
Counsel for Selective Advisors Group, LLC

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

NLG, LLC
854 PHEASANT RUN ROAD
WEST CHESTER, PA. 19382
FEI#:  -      DOS DOCUMENT#: N/A                    EXHIBIT "C"

**J14000718030**
**FILED**
**Jun 16, 2014 03:11 P.M.**
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

SELECTIVE ADVISORS GROUP, LLC.
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BLVD
SUITE 435 SO
HOLLYWOOD, FLORIDA  33309
DOS DOCUMENT#: N/A

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

ARTHUR R. ROSENBERG
ARR@ARROSENBERG.COM

---

AMOUNT DUE ON MONEY JUDGMENT: 5,000,225.00
APPLICABLE INTEREST RATE: 9.00%
NAME OF COURT: MIAMI-DADE COUNTY -CIRUCIT CT
CASE NUMBER: 14-10475 CA 10
DATE OF ENTRY: 02/22/12
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
    ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
    (X) NO

---

**UNDER PENALTY OF PERJURY, I hereby certify that: (1)  The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2)  All of the information set forth above is true, correct, current and complete; (3)  I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4)  I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.**

Electronic Signature of Creditor or Authorized Representative: ARTHUR R. ROSENBERG

CFN 2008R0446831 OR BK 26406 Pgs 3259 - 3260; (2pgs)
RECORDED 06/02/2008 09:16:28
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

**CASE NO.: 07-19532 CA 11**

EXHIBIT "D"

NLG, LLC, a Delaware Limited Liability Company,

    Plaintiff,

v.

ELIZABETH HAZAN,

    Defendant.

_____/

**DEFAULT FINAL JUDGMENT**

    This Action was considered based upon a Motion for Default Final Judgment based upon a breach of the Parties February 9, 2008 Settlement Agreement. Based upon the Settlement Agreement, the Motion for Default Final Judgment and the Affidavit of Default of Settlement Agreement filed by the Plaintiff,

    *IT IS ADJUDGED THAT:*

    1.    The Plaintiff, NLG, LLC, 854 Pheasant Run Road, West Chester, PA, 19382, shall recover from Defendant, Elizabeth Hazan whose address is 6913 Valencia Drive, Fisher Island, Florida 33109, the sum of $1,618,071.29 that shall bear interest at the rate of 11 percent per annum until paid, for which sum let execution issue.

    2.    The Plaintiff, NLG, LLC, is the prevailing party in this action and is therefore awarded an entitlement to recover reasonable attorney's fees and court costs incurred in connection with this matter against the Defendant Elizabeth Hazan pursuant to the Settlement Agreement. The

1



BOOK 26406 PAGE 3260
LAST PAGE

Court reserves jurisdiction over the subject matter of this action to adjudicate the amount of

reasonable attorney's fees and court costs to be awarded to the Plaintiff, NLG, LLC.

　　3.　　The Defendant, Elizabeth Hazan, whose address is 6913 Valencia Drive, Fisher

Island, Florida 33109, shall take nothing by this action and shall go hence without day.

　　DONE AND ORDERED in Chambers at Miami Dade County, Florida this _____ day of

April, 2008.

APR 2 8 2008

_____
CIRCUIT COURT JUDGE

ROBERT N. SCOLA, JR.

Conformed copies to:

　　Christopher M. David, Esq.
　　Michael W. Simon, Esq.

STATE OF FLORIDA, COUNTY OF MIAMI-DADE

I hereby certify that the foregoing is a true and
correct copy of the original on file in this
office _____ AD _____

HARVEY RUVIN, CLERK
Circuit and County Courts    (SEAL)

Deputy Clerk

2

EXHIBIT "E"

## JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, FLORIDA STATUTES.

1. JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF AN INDIVIDUAL, IS:

LAST NAME: HAZAN    FIRST NAME: ELIZABETH    M.I.

MAILING ADDRESS: 6913 VALENCIA DRIVE

CITY: FISHER ISLAND    ST: FL    ZIP: 33109

2. ADDITIONAL JUDGMENT DEBTOR, IF AN INDIVIDUAL, IS:

LAST NAME:    FIRST NAME:    M.I.

MAILING ADDRESS:

CITY:    ST:    ZIP:

3. JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF A BUSINESS ENTITY, IS:

BUSINESS ENTITY NAME:

MAILING ADDRESS:

CITY:    ST:    ZIP:

4. FEDERAL EMPLOYER IDENTIFICATION NUMBER:

5. DEPARTMENT OF STATE DOCUMENT FILE NUMBER:

   PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☐

6. JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT OR CURRENT OWNER OF JUDGMENT, IF ASSIGNED:

CREDITOR NAME(S): NL6, LLC

MAILING ADDRESS: 854 PHEASANT RUN RD

CITY: WEST CHESTER    ST: PA    ZIP: 19382

7. DEPARTMENT OF STATE DOCUMENT FILE NUMBER:

   PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☒

8. OWNER'S ATTORNEY OR AUTHORIZED REPRESENTATIVE (ACKNOWLEDGMENT OF FILING WILL BE SENT TO THIS ADDRESS):

NAME: CHRISTOPHER DAVID OF DAVID & JOSEPH

MAILING ADDRESS: 1001 BRICKELL BAY DR SUITE 2002

CITY: MIAMI    ST: FL    ZIP: 33131

9. AMOUNT DUE ON MONEY JUDGMENT: $1,618,071.29

10. APPLICABLE STATUTORY INTEREST RATE: 11%

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current (as complete); (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Judgment Lien Certificate for filing.

SIGNATURE OF CREDITOR OR AUTHORIZED REPRESENTATIVE: CHRIS KOSACHUK    FIRST NAME

### NON-REFUNDABLE PROCESSING FEE:

JUDGMENT LIEN WITH ONE DEBTOR $20.00
EACH ATTACHED PAGE, IF NECESSARY $5.00

EACH ADDITIONAL DEBTOR  $5.00
(NO CHARGE FOR CREDITOR AFFIDAVIT)

CERTIFIED COPY REQUESTED  $10.00 ☒

Division of Corporations • P.O. Box 6250 • Tallahassee, Fl 32314 • 850-656-7463

CR2E041 (04/05)

---

DO NOT PHOTOCOPY THIS FORM PRIOR TO USE.
BAR CODE MUST BE LEGIBLE.

20001402

**J08900007653**
**FILED**
**May 27, 2008 8:00 am**
**Secretary of State**
05-01-2008 90160 031 ****40.00

THIS SPACE FOR USE BY FILING OFFICER

11. NAME OF COURT: 11TH JUDICIAL CIRCUIT MIAMI DADE COUNTY

12. CASE NUMBER: 07-19532 CA11

13. DATE OF ENTRY: 04-28-2008
MONTH  DAY  YEAR

EXHIBIT "F"

# ELECTRONIC SECOND JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A SECOND JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH
s. 55.204, FLORIDA STATUTES. THIS SECOND JUDGMENT LIEN IS A NEW LIEN AND NOT A CONTINUATION OF THE ORIGINAL LIEN.

FILE NUMBER ASSIGNED TO THE RECORD OF THE ORIGINAL JUDGMENT LIEN CERTIFICATE: J08900007653
DATE FILED WITH DEPARTMENT OF STATE: 05/27/08
JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:

    HAZAN, ELIZABETH
    6913 VALENCIA DRIVE
    FISHER ISLAND, FL. 33109

**J13001162651
FILED**

**Jul 01, 2013 10:29 A.M.
Secretary of State**
MHCAIN

JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:

    NLG, LLC
    854 PHEASANT RUN ROAD
    WEST CHESTER, PA 19382
    DOS DOCUMENT#: N/A

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

    CHRIS KOSACHUK
    CHRISKOSACHUK@GMAIL.COM

MONEY AMOUNT REMAINING UNPAID: 3,749,569.51
INTEREST RATE: 24.00%
INTEREST ACCRUED AMOUNT: 2,011,905.41
NAME OF COURT: 11 JUD CIR MIAMI DADE CTY
CASE NUMBER: 07-19532 CA 11
DATE OF ENTRY: 04/28/08

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the
judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have
complied with all applicable laws in submitting this Electronic Second Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: CHRIS KOSACHUK

EXHIBIT 3

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 14-10475 CA (10)

SELECTIVE ADVISORS GROUP, LLC,
AS ASSIGNEE OF 9197-5904
QUEBEC, INC.,

       Plaintiff,

vs.

NLG, LLC, a Delaware Limited
Liability Company,

       Defendant,

and

ELIZABETH HAZAN

       Additional Defendant.

_____/

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY
## AND FOR ORDER IMPLEADING THIRD PARTY

THIS CAUSE having come on for hearing on August 12, 2014, and August 15, 2014, on the Plaintiff's Motion for Proceedings Supplementary, etc., and the court having examined the court file, including the unrebutted affidavit filed on behalf of the Plaintiff on July 2, 2014, having taken judicial notice of the judgments and lien certificates referenced below, and having heard arguments of counsel, makes the following finds of fact and conclusions of law:

### FINDINGS OF FACT

1. On April 28, 2008, a default final judgment was entered under Case No. 07-19532-CA-11 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in favor of NLG, LLC, and against ELIZABETH HAZAN in the amount of $1,618,071.29, plus interest at the statutory rate of 11 percent per annum. ("Hazan

Final Judgment"). The judgment was recorded on May 2, 2008 at Book Number 26357, Pages 3948-3949, Document Number 20080361591 and re-recorded on June 2, 2008 at Book Number 26406, Pages 3259-3260, Document Number 2008R0446831.

2. A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on May 27, 2008, under document filing number J08900007653.

3. A second judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on July 1, 2013, under document filing number J13001162651. The "money amount remaining unpaid" listed on the second judgment lien certificate is $3,749,569.51. Said amount seems to be based on an interest rate of 24 percent instead of the 11 percent judgment rate.

4. On February 22, 2012, 9197-5904 QUEBEC, INC., a foreign corporation, obtained a judgment against the Defendant, NLG, LLC, a Delaware Limited Liability Company, in New York State Supreme Court, County of New York, index number 101875-2012. Said judgment was domesticated and recorded on April 21, 2014, in Miami-Dade County, State of Florida, under the above-stated case number. Document number 2014R0298781, Book number 29124, pages 4766-4772.

5. On April 30, 2014, the subject judgment was assigned to the Plaintiff by 9197-5904 QUEBEC, INC., requiring the Defendant to pay the Plaintiff the sum of $5,000,225.00, plus statutory interest. The assignment was recorded at Book Number 29137, Pages 3128-3131, Document Number 2014R0322571.

6. A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on June 16, 2014, under document filing number J14000718030.

7. The Plaintiff is entitled to step in the shoes of NLG, LLC with respect to the claims, rights, and benefits held by NLG, LLC, so as to be entitled to recover all proceeds attributable to the Hazan Final Judgment against ELIZABETH HAZAN, with

NLG, LLC receiving a credit for all sums so received.

    8.  The execution is valid and remains outstanding.

## **CONCLUSIONS OF LAW**

    1.  The Court orders that the Hazan Final Judgment held by NLG, LLC against ELIZABETH HAZAN, ("Hazan Final Judgment") and all of NLG, LLC's rights, claims and benefits held against ELIZABETH HAZAN are hereby judicially assigned to the Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability Company.

    2.  Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC, shall stand in the shoes of NLG, LLC with respect to all claims, rights, and benefits held by NLG, LLC, so as to entitle it to recover all proceeds attributable to said judgment against additional Defendant, ELIZABETH HAZAN, with NLG, LLC receiving credit for all sums so received.

    3.  Plaintiff, SELECTIVE ADVISORS GROUP, LLC, shall give a credit to Defendant, NLG, LLC, in the sum of $2,746,953.34, which amount includes principal and interest through August 31, 2014 at the 11% judgment amount without prejudice to Defendant establishing at further hearing why the credited amount should be greater.

    DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 08/20/14.

PETER R. LOPEZ
CIRCUIT COURT JUDGE

> **No Further Judicial Action Required on THIS MOTION**
> **CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Copies furnished to:
Mark D. Cohen, Esq.
Megan Wells, Esq.

EXHIBIT 4



**ORDERED in the Southern District of Florida on October 31, 2017.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

LIZA HAZAN,                                          CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

    Debtor.                                    CHAPTER 11
_____/
LIZA HAZAN a/k/a ELIZABETH HAZAN
and SELECTIVE ADVISORS GROUP, LLC,          ADV. NO. 16-1439-BKC-AJC-A

    Plaintiffs,

vs.

NLG, LLC

    Defendant.
_____/

### FINAL JUDGMENT ON COUNTS I, II AND III OF PLAINTIFFS' THIRD AMENDED COMPLAINT DETERMINING VALIDITY, PRIORITY AND EXTENT OF LIENS AND SETTING TRIAL ON COUNTS IV THROUGH IX

**THIS CAUSE** came before the Court for trial on July 13, 2017 at 10:00 a.m., upon

Plaintiffs, Selective Advisors Group, LLC ("Selective") and Liza Hazan a/k/a Elizabeth Hazan's Third Amended Complaint and Defendant, NLG, LLC's Counterclaim. Selective commenced this Adversary Proceeding against NLG, LLC ("NLG") on August 21, 2016, seeking a determination of the nature and extent of its claimed lien, if any. Debtor joined the adversary proceeding against NLG on October 21, 2016. The Third Amended Complaint was deemed the operative Complaint by Order entered January 23, 2017, and NLG filed an Amended Answer and Counterclaim on May 17, 2017. In its Counterclaim, NLG also seeks a determination of the nature and extent of its claimed lien and that its late filed claim be allowed as a timely filed claim. Plaintiffs seek a determination that NLG has no remaining claim against this Debtor and no standing to participate in this case.

The Court having reviewed the file, the documentary evidence and exhibits, having heard the testimony of witnesses and argument of counsel, finds and concludes as follows.

### A. **Background**

Ms. Hazan is the owner of her homestead residence located at 6913 Valencia Drive, Fisher Island, Florida (the "Property"). She purchased the Property on March 7, 2007 from NLG. Chris Kosachuk is the manager and representative of NLG. For nearly a decade, Kosachuk and NLG have litigated with Debtor in multiple courts and in several jurisdictions. The various courts have entered final orders setting forth the rights and obligations of Ms. Hazan, NLG, and Selective.

All interested parties to the various controversies are now before this Court and subject to its jurisdiction. This Court is not an appellate court for any of the other courts; thus, full faith and credit must be given to all of the final judgments and orders entered in the other courts as those judgments have become final and not subject to appeal.

There have been claims or assertions that some of these other court decisions are erroneous.

However, when the decisions or judgments of those courts became final and not subject to further appeal, those decisions or judgments became the law of the respective case and not subject to further review by this Court. While arguments have been made to accept one or more of the prior judgments and ignore others, those arguments are not persuasive and this Court will attempt to determine the rights of the parties by giving full faith and credit to all of the final orders and judgments.

**State Court Proceedings**

NLG's claim against Debtor arises from a promissory note (the "Note") (Exhibit 1) and mortgage (the "Mortgage") (Exhibit 2) on the Property, recorded in April 2007 in the original amount of $1,275,000.00. In June 2007, NLG sued Debtor for an alleged breach of the Note, in Miami–Dade Circuit Court, Case No. 07-19532 CA 11 (Exhibit 3). On April 28, 2008, Circuit Judge Robert N. Scola Jr. entered a Default Final Judgment on the Note (the "Scola Judgment") against Ms. Hazan in the amount of $1,618,071.29 with 11% interest per annum (Exhibit 4). NLG moved to domesticate the Scola Judgment in New York and litigation followed in the New York Supreme Court.

In December 2011, NLG filed a second lawsuit, Case No. 11-42770 CA (01), in Miami–Dade Circuit Court seeking to foreclose on the Mortgage (Exhibit 5). On February 8, 2013, the trial court judge, Judge Spencer Eig, ruled that NLG had made an election of remedies by first suing on the alleged breach of the Note, and obtaining a judgment thereon. As such, Judge Eig precluded NLG from foreclosing on the Mortgage (Exhibit 6). NLG appealed that decision to the Third District Court of Appeal.

On April 30, 2014, while the Eig Order was on appeal to the Third District Court of Appeal, Plaintiff Selective acquired a 2012 New York judgment against NLG [and in favor of 9197-5904 Quebec, Inc.] and recorded the foreign judgment in Miami-Dade County, Florida in Case No.14-10475 CA (10) assigned to Circuit Court Judge Peter Lopez (the "Quebec Judgment"). NLG filed a

Motion to Quash the recording of the New York judgment against it in Florida. However, after NLG failed to post a bond as ordered, Judge Lopez denied NLG's motion to quash on June 16, 2014, finding that Plaintiff Selective has the right to enforce and collect on their foreign judgment, the $5,000,225.00 Quebec Judgment.

Thereafter, on July 2, 2014, Selective, as owner of the then-domesticated foreign judgment, the Quebec Judgment, brought proceedings supplementary in Case No. 14-10475 CA (10) specifically to seize and attach NLG's judgment against Hazan (the Scola Judgment) for the purpose of partially satisfying the Quebec Judgment. Circuit Judge Lopez heard the Proceedings Supplementary Motion on August 12, 2014 and August 15, 2014, and entered an Order on August 20, 2014, judicially assigning to Selective the Scola Judgment against Debtor (the "Lopez Assignment Order"). The Lopez Assignment Order states in pertinent part:

> 1. The Court orders that the Hazan Final Judgment held by NLG, LLC, against Elizabeth Hazan, ("Hazan Final Judgment") and all of NLG, LLC's rights, claims and benefits held against Elizabeth Hazan are hereby judicially assigned to the Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability Company.

> 2. Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC shall stand in the shoes of NLG, LLC with respect to all claims, rights, and benefits held by NLG, LLC so as to entitle it to recover all proceeds attributable to said judgment against additional Defendant, Elizabeth Hazan, with NLG, LLC receiving credit for all sums so received.

> 3. Plaintiff, SELECTIVE ADVISORS GROUP, LLC shall give a credit to Defendant NLG, LLC in the sum of $2,746,953.34 which amount includes principal and interest through August 31, 2014 at the 11% judgment amount **without prejudice to Defendant establishing at further hearing why the credited amount should be greater**.

Exhibit 8 (emphasis added).

At trial, NLG argued that the Scola Judgment was the subject of an appeal at the time of the assignment, and therefore could not have been judicially assigned by Judge Lopez. However, Judge

Lopez actually addressed and dismissed that argument when he denied NLG's motion to reconsider the Order of assignment of the Scola Judgment to Selective:

> Okay, so I assigned your interest in it to them (Selective), which had nothing to do with what's going on up on appeal. . . .

> That judgment that I assigned to them (Selective) or that interest in that judgment was up on appeal. I didn't affect the validity of what's up on appeal. I just said, if you win or lose, whatever happens, now, these people own it instead of you. The Third came back and said, too bad, you get to foreclose, they now own that judgment or note if that's what merged into it, they (Selective) get to go and foreclose.

Exhibit 22, Tr page 24 lines 3-5; Tr page 26 Lines 3-12. Judge Lopez's Orders are final.

**Satisfaction and Payment of the Scola Judgment**

On August 20 and 21, 2014, Selective filed a satisfaction of the Scola Judgment and the Mortgage (Exhibit 9). Selective gave credit to NLG towards the Quebec Judgment. According to the Electronic Judgment Lien Amendment Statement filed on September 5, 2014 with the Florida Secretary of State (Exhibit 14), it appears NLG was given credit in the amount of the Scola Judgment, or $1,618,071.29, without credit for interest thereon. The Lopez Assignment Order specifically determined that $2,746,953.34 was the correct sum to be credited to NLG for the Scola Judgment, as that amount includes interest from April 28, 2008 through August 31, 2014. **The Lopez Assignment Order also left open the possibility of an increase in that amount, should same be proven at a further hearing**.

The Lopez Assignment Order was never vacated or set aside, and the decision remains the law of the case.

In the New York lawsuit by NLG against the Debtor, Selective proceeded to intervene. Judge Barbara Jaffe of the New York Supreme Court entered a Decision and Order on October 30, 2014 recognizing Selective's assignment of the Scola Judgment pursuant to the Lopez Assignment Order. In that case, the court ordered the caption of the New York case be changed to reflect the substitution

of Selective Advisors Group, LLC as the proper party, in place of NLG, LLC (Exhibit 18). The court also directed the Clerk to accept for filing the Order of assignment "judicially assigning the underlying Florida judgment from plaintiff to Selective", and strike all NLG's judgments of record against Ms. Hazan. On November 13, 2014, Judge Jaffe dismissed NLG's lawsuit against Elizabeth Hazan, ruling as follows:

> Given the satisfaction of Judgment in the underlying action under index #101288/2013, as reflected in my Decision and Order dated October 30, 2014, defendant's motion to dismiss the proceeding is granted and the proceeding is dismissed. The clerk is directed to enter judgment accordingly.

Exhibit 19.

**The Third District Court of Appeal Opinion and the Gordo Foreclosure Judgment**

On September 3, 2014, the Third District Court of Appeal reversed Judge Eig on the issue of election of remedies and held that foreclosure could proceed on the Mortgage (Exhibit 12). Circuit Judge Monica Gordo, by that time having replaced Judge Eig in the division, then entered a foreclosure judgment in favor of NLG, despite the judicial assignment of NLG's interests in the Note and Mortgage to Selective (the "Gordo Foreclosure Judgment"). Notwithstanding the various court rulings recognizing the judicial assignment of the Scola Judgment to Selective, Judge Gordo entered a Final Judgment of Foreclosure in favor of NLG on December 4, 2015 (Exhibit 21). The Gordo Foreclosure Judgment determined NLG, LLC was entitled to the grand total sum of $4,876,654.29 and set a sale for January 12, 2016.

However, on January 11, 2016, the Debtor filed for Chapter 11 bankruptcy protection and the sale was stayed.

**B. Legal Analysis**

Plaintiffs contend that Judge Lopez judicially assigned to Selective the Scola Judgment, together with all the rights and claims thereunder, which includes the right to enforce the Mortgage,

leaving NLG with no enforceable mortgage, lien, or claim in this bankruptcy case. NLG takes the position that, notwithstanding the judicial assignment of the Scola Judgment on the Note, NLG retained the right to foreclose on the Mortgage. NLG asks the Court to limit its review to only one out of the many rulings entered in the ten-year history of litigation between the parties. It asks the Court to look only to the Gordo Foreclosure Judgment, contending that Judge Gordo resolved all issues in NLG's favor.

After reviewing the history of the proceedings between the parties, it is evident the Gordo Foreclosure Judgment does not resolve all issues in NLG's favor. The Scola Judgment, the Lopez Assignment Order, and the Gordo Foreclosure Judgment all control this Court's decision going forward. The Scola Judgment established Debtor's liability to NLG on the Note. The Scola Judgment, and consequently the Mortgage, were assigned to Selective by the Lopez Assignment Order, and were thereafter satisfied. Finally, by the Gordo Foreclosure Judgment, NLG, LLC established its entitlement to a greater credit for the judicial assignment of the Note and Mortgage. Moreover, any interest NLG may have had in the Mortgage by virtue of the Gordo Foreclosure Judgment is/was extinguished upon redemption by the Debtor and satisfaction.

The Scola Judgment awarded NLG, LLC $1,618,071.29 against the Debtor for Debtor's breach of the Note.

In 2014, after entry of the Scola Judgment, Selective acquired a $5,000,225 judgment against NLG, LLC, the Quebec Judgment. (Although NLG argued that the Quebec Judgment was erroneous or invalid, it is a final judgment not subject to appeal.) Selective domesticated the Quebec Judgment in state court, before Judge Lopez, and the order domesticating the judgment has become final and non-appealable. Thereafter, the Lopez Assignment Order was entered, judicially assigning the Scola Judgment to Selective [in partial satisfaction of the Quebec

Judgment] and determining the value of the Scola Judgment to be $2,746,953.34, inclusive of interest. The Lopez Assignment Order judicially assigns the Scola Judgment to Selective, together with all the rights and claims thereunder.

Because ownership of the Mortgage follows the Note, in the absence of a contrary intention, Selective, who owns and holds the Note, therefore has standing to foreclose the Mortgage.

> It has frequently been held that a mortgage is but an incident to the debt, the payments of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by the mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties.

*Taylor v. Bayview Loan Servicing, LLC*, 74 So.3d 1115, 1117-18 (Fla. 2d DCA 2011). Under Florida law, "[a] crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" [the subject note and subject mortgage when the complaint is filed]. *McLean v. JPMorgan Chase Bank Nat'l Ass'n*, 79 So.3d 170, 173 (Fla. 4th DCA 2012). "Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint." *Id.* NLG has not demonstrated that it owns and holds the Note and Mortgage in question. *Verizzo v. Bank of N.Y.*, 28 So.3d 976, 978 (Fla. 2d DCA 2010). Here, NLG's interest in the Note, as evidenced by the Scola Judgment, was assigned by Judge Lopez to Selective. NLG no longer holds the right to enforce the Note or the Scola Judgment entered on the Note. See, Trial Transcript Page 27 lines 3-11. There being no evidence presented to support the position that the parties did not intend for the Mortgage to follow the Note, the Mortgage did indeed follow the assignment of the Note in this case. The Note having been judicially assigned to Selective, Selective has standing to foreclose the Mortgage and, upon assignment, NLG had no further right to foreclose the Mortgage. When Judge Lopez assigned the Scola Judgment to

Selective, Selective stepped into the shoes of NLG, acquiring standing to foreclose on the Note and Mortgage.

The public records for Miami-Dade County, Florida reflect that the Scola Judgment and the Mortgage were both satisfied in August 2014. NLG was given credit by Selective for the debt remaining under the Scola Judgment and Mortgage, in partial satisfaction of the domesticated Quebec Judgment. It appears that credit may not have been finally determined, as discussed further herein.

Notwithstanding the judicial assignment to Selective and subsequent satisfactions, in November 2014, the Third District Court of Appeal, presumably unaware of the assignment and satisfactions, entered an opinion reversing the Eig Order and permitting foreclosure of the Mortgage. Following the mandate, Judge Gordo entered the Gordo Foreclosure Judgment in December 2015. The Gordo Foreclosure Judgment determined NLG is entitled to $4,876,654.29 under the Note and Mortgage. The Court is advised Selective tried to intervene in the case but Judge Gordo did not allow intervention. This Court was not informed as to why Selective did not otherwise intervene in the appeal of the Eig Order and advise the Third District Court of Appeal that Selective was assigned the Note and Mortgage and that the Note and Mortgage were satisfied months before the Third District Court Appeal issued its opinion reversing the Eig Order.

Thus, it initially appears there may be a conflict between the Lopez Assignment Order, assigning ownership of the Note and Mortgage on the Property to Selective, and the Gordo Foreclosure Judgment, granting foreclosure of the Property in favor of NLG as Plaintiff instead of in favor of Selective. However, this conflict has been overcome by events.

Giving full faith and credit to the Lopez Assignment Order, NLG's rights in the Scola Judgment were assigned to Selective, after Judge Lopez concluded that the assignment of the Scola

Judgment to Selective had no relevance to the issues on appeal. (Exhibit 22, Tr. 26:3-11). The Lopez Assignment Order establishes that NLG, LLC is entitled to $2,746,953.34 for the assignment, "which amount includes principal and interest [on the Note] through August 31, 2014 at the 11% judgment amount *without prejudice to [NLG] establishing at further hearing why the credited amount should be greater*." (Emphasis added.) Giving full faith and credit to the Gordo Foreclosure Judgment, NLG established its entitlement to a greater credit than that in the Lopez Assignment Order, in the grand total sum of $4,876,654.29. The Gordo Foreclosure Judgment also granted NLG the right to foreclose, but allowed the Debtor to redeem the Property up until the time of the sale. Thus, notwithstanding the right to foreclose, no sale took place, and the Debtor's right to redeem remains alive and well.

NLG argued at trial that Selective is collaterally estopped from asserting its interest in the Mortgage. "However, in collateral estoppel the 'precise fact' or 'every point and question' on the issue must have been decided". *Chandler v. Chandler,* 226 So.2d 697 (Fla. 4th DCA 1969) citing *Gordon v. Gordon*, 59 So.2d at 45 (Fla.1952). Here, Selective sought to intervene in the Gordo foreclosure lawsuit to raise its unique issues of law and fact relative to the assignment of the Mortgage rights and the right to intervene was denied to Selective. "[I]f there is any doubt as to whether a litigant has had his day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation". *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324 (11th Cir. 2010). The evidence and testimony presented at trial demonstrate that Selective was not a party to the Gordo case and therefore is not barred by res judicata or collateral estoppel from asserting its rights under the Note and Mortgage.

However, even assuming that the Gordo Foreclosure Judgment authorized NLG, *and not Selective*, to foreclose the Mortgage, the foreclosure sale never took place because Debtor filed

this bankruptcy case, staying the sale pursuant to 11 U.S.C. §362.  The Debtor redeemed the

Property prior to a foreclosure sale being conducted and certificate of sale being issued, thereby

satisfying the Gordo Foreclosure Judgment. In paragraph 4 of the Gordo Foreclosure Judgment,

the state court judge set a foreclosure sale date, subject to paragraph 6 therein.  Paragraph 6 of the

Gordo Foreclosure Judgment states:

> **Right of Redemption.**  On filing of the Certificate of Sale, defendant's right of
> redemption as proscribed by Florida Statute, Section 45.0315 shall be terminated.

Section 45.0135, Fla. Stats., provides:

> At any time before the later of the filing of a certificate of sale by the clerk of the
> court or the time specified in the judgment, order, or decree of foreclosure, the
> mortgagor or the holder of any subordinate interest may cure the mortgagor's
> indebtedness and prevent a foreclosure sale by paying the amount of moneys
> specified in the judgment, order, or decree of foreclosure, or if no judgment, order,
> or decree of foreclosure has been rendered, by tendering the performance due under
> the security agreement, including any amounts due because of the exercise of a
> right to accelerate, plus the reasonable expenses of proceeding to foreclosure
> incurred to the time of tender, including reasonable attorney's fees of the creditor.
> Otherwise, there is no right of redemption.

Until the certificate of sale issued, the Debtor retained her right of redemption, regardless of the

identity of the mortgagee.  Consistent with her rights under the Gordo Foreclosure Judgment and as

provided by statute, the Debtor in fact redeemed the Property prior to a foreclosure sale, by satisfying

the Note and Mortgage, and by Selective providing NLG credit for payment of the Note and Mortgage

to partially satisfy NLG's debt to Selective by virtue of the Quebec Judgment.

The amount of the credit provided to NLG should be the greater amount established by the

Gordo Foreclosure Judgment.  Although the Scola Judgment determined the debt on the Note to be

$1,618,071.29, the Lopez Assignment Order increased the amount owed to NLG by the Debtor to

$2,746,953.34.  The Gordo Foreclosure Judgment ultimately established that NLG was entitled to

$4,876,654.29 for the Note and Mortgage.  While the $4,876,654.29 amount may be disputed, the

Court must give full faith and credit to the Gordo Foreclosure Judgment and will therefore view the amount determined in that judgment to be the greater amount NLG established it was owed on account of the Note and Mortgage, *as the Lopez Assignment Order allowed*.

It appears from the Electronic Judgment Lien Amendment Statement (Exhibit 14) that NLG was given credit only for the amount indicated in the Scola Judgment, or $1,618,071.29. It was not credited with the amount indicated in the Lopez Assignment Order of $2,746,953.34 (which included interest on the Scola Judgment), nor was it credited with the amount indicated in the Gordo Foreclosure Judgment, $4,876,654.29. However, at the time of trial, the parties' rights were already determined by all those orders. Before any credits, Selective was owed $5,000,225.00 from NLG on account of the Quebec Judgment, and NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage pursuant to the Gordo Final Judgment. Honoring the Gordo Foreclosure Judgment, NLG must be credited for the full amount of the judgment, $4,876,654.29, whether that amount is lesser or not, for the assignment of the Note and Mortgage and satisfactions, leaving the Mortgage redeemed and Selective with a judgment against NLG in the remaining amount of $123,570.71. Whether the various satisfactions and other documents filed by Selective waive Selective's right to collect any further balance is an issue between Selective and NLG.

**Conclusion**

The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose the Mortgage securing the debt traveled to the assignee Selective. Although NLG's right to foreclose against Hazan, as established by the Third District Court of Appeal, had been assigned to Selective, the Gordo Foreclosure Judgment granted NLG the right to foreclose. Assuming the validity of the Gordo Foreclosure

Judgment, the Debtor exercised her right to redeem the Property by satisfying said judgment prior to the foreclosure sale. Satisfactions of the Note and Mortgage are recorded in the official records and several courts have recognized that Debtor's debt to NLG has been paid, including the New York State Supreme Court, wherein Judge Jaffe found that NLG's judgment on the Note, the Scola Judgment, was judicially assigned to Selective and was thereafter satisfied. Upon satisfaction, NLG was credited by Selective for the Scola Judgment and Mortgage to partially satisfy NLG's debt to Selective under the domesticated Quebec Judgment.

The Court believes that credit should, however, be adjusted to reflect the amounts determined to be due and owing by the Gordo Foreclosure Judgment. NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage, pursuant to the Gordo Final Judgment. Giving full faith and credit to the Gordo Foreclosure Judgment and viewing the amount determined in the judgment to be the greater amount NLG established it was owed for the Note and Mortgage pursuant to the Lopez Assignment Order, Selective should give credit to NLG for $4,876,654.29, which credit will leave the Mortgage redeemed.

This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom. Accordingly, it is

ORDERED and ADJUDGED that Counts I, II and III of Plaintiffs' Third Amended Complaint and NLG's Amended Counterclaim are **GRANTED IN PART** and **DENIED IN PART**

as follows:

1.      NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book

26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949

CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272

CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against

Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902

Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia

Drive, Miami, Florida 33109 with the following legal description:

> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to
> the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of
> Miami-Dade County, Florida

have been satisfied and paid, and are deemed **SATISFIED OF RECORD**, and Debtor has good

title to said Property against the claims or purported claims by, through, under, or against it by NLG,

LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.

2.      Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward

NLG's outstanding debt due to Selective pursuant to the Quebec Judgment.

3.      NLG's Proof of Claim #17 is disallowed and NLG, LLC has no claim against the

Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.

4.      Counts IV, V, VI, VII, VIII, and IX of Plaintiff's Third Amended Complaint are set

for trial by separate order.

# # #

Copy to:
DAVID W. LANGLEY
*Attorney for Debtor*
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: 954-356-0450
Facsimile: 954-356-0451

Email: dave@flalawyer.com
Florida Bar No. 348279

Attorney Langley is directed to serve a copy of this Final Judgment on all interested parties and to file a Certificate of Service with the Court.

EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

Index No.: 158379/2022

In the Matter of:

CHRIS KOSACHUK,

                             Petitioner,

     - against -

**JUDGMENT**

9197-5904 QUEBEC, INC &
SELECTIVE ADVISOR GROUP, LLC, F/K/A
SELECTIVE ADVISORS GROUP, LLC
a Delaware Limited Liability Company,

                         Respondents.

_____ )

PURSUANT TO the ORDERS of Hon. Lucy Billings, J.S.C., dated and signed June 16, 2023 and filed in the Office of the Clerk of New York County on July 5, 2023, said Orders annexed hereto and incorporated hereby as Exhibit A,

IT IS ORDERED and ADJUDGED that the Respondents have judgment and recover of the Petitioner, CHRIS KOSACHUK, who address is 854 Pheasant Run Road, West Chester, PA 19382-8144, the amount of Fifteen Thousand ($15,000.00) Dollars, plus statutory interest at nine (9%) percent per annum from July 5, 2023 in the amount of $_____ plus costs and disbursements (waived), for a total sum of $_____ and that the Respondents, 9197-5904 QUEBEC, INC. and SELECTIVE ADVISOR GROUP, LLC, shall have execution therefore.

Dated: December _____, 2024                E N T E R ;

                                _____
                                MILTON A. TINGLING
                                NEW YORK COUNTY CLERK

# EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _____LUCY BILLINGS_____          PART ___41___
                    _J.S.C_
                         *Justice*

CHRIS KOSACHUK                              INDEX NO. _158379/2022_

                                            MOTION DATE _____
-v-
9197-5904 QUEBEC, INC., and SELECTIVE ADVISOR GROUP,    MOTION SEQ. NO. _001_
LLC f/k/a SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited
Liability Company

The following papers, numbered 1 to _17_, were read on this motion to/for _petition_ _Vacate a judgment_

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ No(s). _1-13, 17_

Answering Affidavits — Exhibits _____ No(s). _____

Replying Affidavits _____ No(s). _____

Upon the foregoing papers, it is ordered that this motion is *and adjudged that:*

The court denies the petition and dismisses this proceeding pursuant to the accompanying
decision. C.P.L.R. § 5015(a).

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: __6/16/23__                          _Lucy Billings_, J.S.C.
                                            LUCY BILLINGS
                                                J.S.C.

1. CHECK ONE: ....................................... ☑ CASE DISPOSED        ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...................MOTION IS: ☐ GRANTED  ☑ DENIED  ☐ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: ......................... ☐ SETTLE ORDER           ☐ SUBMIT ORDER
                                                   ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:   PART 41
----------------------------------------x

CHRIS KOSACHUK,                              Index No. 158379/2022

                      Petitioner

          - against -                        DECISION AND ORDER

9197-5904 QUEBEC, INC., and SELECTIVE
ADVISOR GROUP, LLC f/k/a SELECTIVE
ADVISORS GROUP, LLC, a Delaware Limited
Liability Company,

                      Respondents

----------------------------------------x

LUCY BILLINGS, J.S.C.:

I.   BACKGROUND

       Petitioner seeks to vacate a judgment by confession dated

February 22, 2012, entered in a related action, 9197-5904 Quebec,

Inc. v. NLG, LLC, Index No. 101875-2012 (Sup. Ct. N.Y. Co. 2012)

by respondent 9197-5904 Quebec, Inc., against nonparty judgment

debtor NLG, LLC.  C.P.L.R. §§ 3001, 3218, 5015(a).  Petitioner is

the undisputed manager and principal member of NLG.  Upon

respondents' failure to answer the petition, petitioner seeks a

default judgment against respondents.  C.P.L.R. § 3215.  They

move to dismiss the petition and for sanctions, including

attorneys' fees.  C.P.L.R. § 3211(a); 22 N.Y.C.R.R. § 130-1.1(c).

The court denies the petition and grants respondents' motion as

follows.

       Petitioner previously moved to vacate the 2012 judgment in

kosachuk623                              1

the related action repeatedly, but either abandoned or withdrew each motion, and ultimately opted to pursue his claims in federal court. In 2019, the United States District Court for the Southern District of New York (Cote, J.) determined that the applicable statute of limitations barred petitioner's claims. C.P.L.R. § 213(8); Kosachuk v. Selective Advisors Group, LLC, 19-CV-4844 (DLC), 2019 WL 4805742, at *5 (S.D.N.Y. Sept. 30, 2019). The Second Circuit Court of Appeals affirmed the district court's determination and further held that petitioner had no recourse based on fraud or otherwise under C.P.L.R. § 5015(a). Kosachuk v. Selective Advisors Group, LLC, 827 Fed. Appx. 58, 62 (2d Cir. 2020). Petitioner subsequently moved to restore his action before this court (Hagler, J.), which adopted the federal district court's decision and denied the motion. In 2021, nonparty Juan Ramirez, NLG's former attorney, commenced a special proceeding similar to this one to vacate the 2012 judgment. This court (Borrok, J.) dismissed that petition based on lack of personal jurisdiction and collateral estoppel. Petitioner now seeks the same relief yet again.

II. DISMISSAL

Petitioner has attempted exhaustively to vacate the same judgment for over 10 years since it was entered, through multiple lawsuits in both New York state and federal courts, as well as courts across Pennsylvania, Delaware, and Florida. Most

recently, on September 26, 2022, four days before petitioner commenced the current proceeding, petitioner commenced an identical proceeding in the United States Bankruptcy Court for the District of Delaware, Case No. 21-11269-JK, which is grounds alone to dismiss the petition. C.P.L.R. § 3211(a)(4). The court also dismisses the petition based on collateral estoppel, since petitioner had several opportunities to fully litigate the timeliness of his claims. Paramount Pictures Corp. v. Allianz Risk Transfer AG, 31 N.Y.3d 64, 72 (2018); Kuang v. Zhou, 212 A.D.3d 579, 580 (1st Dep't 2023); Russell v. New York Univ., 204 A.D.3d 577, 579 (1st Dep't 2022); Margulies v. USAA Cas. Ins. Co., 191 A.D.3d 559, 560 (1st Dep't 2021).

Moreover, even were the court to consider the petition's timeliness, the court would reach the same conclusion as both Judge Cote's decision dated September 30, 2019, and Justice Hagler's decision dated February 13, 2020. The statute of limitations bars petitioner's claims, as he filed this petition over 10 years after the judgment was entered. C.P.L.R. §§ 213(8), 3211(a)(5); Kosachuk v. Selective Advisors Group, LLC, 827 Fed. Appx. at 62. Petitioner's unreasonable delay, which petitioner utterly fails to justify, likewise precludes him from seeking relief under C.P.L.R. § 5015(a). Ramirez v. Selective Advisors Group, LLC, 202 A.D.3d 608, 609 (1st Dep't 2022). Therefore the court grants respondents' motion to dismiss the

kosachuk623

3

petition.  C.P.L.R. § 3211(a)(5).

III. <u>SANCTIONS</u>

    Petitioner's demonstrated willingness to perpetuate

meritless, vexatious, and duplicative litigation warrants

sanctions and attorneys' fees in respondents' favor.  22

N.Y.C.R.R. 130-1.1(c)(3); <u>Continental Indus. Group, Inc. v.</u>

<u>Ustuntas</u>, 215 A.D.3d 417, 418 (1st Dep't 2023); <u>Teshabaeva v.</u>

<u>Family Home Care Services of Brooklyn and Queens, Inc.</u>, 214

A.D.3d 442, 444 (1st Dep't 2023); <u>Goetz Fitzpatrick LLP v. OTR</u>

<u>Media Group, Inc.</u>, 210 A.D.3d 568, 570 (1st Dep't 2022).  A

reasonable award for the attorneys' fees and expenses respondents

incurred in this action is $15,000.00.  The court further enjoins

petitioner from any future action or proceeding regarding the

2012 judgment against respondents 9197-5904 Quebec, Inc., and

Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC,

as well as nonparties Sean Meehan and Elizabeth Hazan, without

prior approval from Justice Lucy Billings, Justice Schlomo

Hagler, the Administrative Judge of the New York County Supreme

Court, or the Administrative Judge's designee.  <u>Abe v. New York</u>

<u>Univ.</u>, 169 A.D.3d 445, 450 (1st Dep't 2019); <u>Cangro v. Marangos</u>,

160 A.D.3d 580, 580 (1st Dep't 2018); <u>Shapiro v. Hayes</u>, 133

A.D.3d 468, 468 (1st Dep't 2015).  Petitioner must attach this

decision and order to a written request to the court if he ever

seeks such approval.  In the event that he violates this order,

kosachuk623                        4

respondents may move for contempt.

IV.   <u>CONCLUSION</u>

Since the court grants respondents' motion to dismiss the
petition, the court denies the petition and petitioner's motion
for a default judgment.  The court enjoins petitioner as set
forth above and awards a judgment in favor of respondents against
him for $15,000.00.  The Clerk shall enter a judgment
accordingly.


DATED:  June 16, 2023

                                    _____
                                        LUCY BILLINGS, J.S.C.


                                      LUCY BILLINGS
                                           J.S.C

kosachuk623                        5

EXHIBIT 6

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

**PRESENT:** _____     **PART** _77R_

_Justice_

Index Number : 654670/2020
JUAN RAMIREZ
vs.
SELECTIVE ADVISORS GROUP, LLC
SEQUENCE NUMBER : 10/15/2021
HEAR AND DETERMINE

INDEX NO. _____

MOTION DATE _____

MOTION SEQ. NO. _____

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion is

After a hearing, it is ordered that this motion, after an order of reference dated October 15, 2021, is finalized according to the attached decision.

**MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):**

Dated: _April 24, 2023_          _____, J.S.C.

Harold E. Bahr, III, Special Referee

1. CHECK ONE: ............................................  ☑ CASE DISPOSED          ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☑ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE: ............................  ☐ SETTLE ORDER          ☐ SUBMIT ORDER
                                                        ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 77R

-------------------------------------------------------------------X

JUAN RAMIREZ

                               Plaintiff    **INDEX NO.** 654670/2020

            -v-

SELECTIVE ADVISORS GROUP, LLC            **REFEREE'S DECISION AND**
                                                   **ORDER**

                               Defendant

-------------------------------------------------------------------X

**SPECIAL REFEREE HAROLD E. BAHR, III:**

On October 15, 2021, the Honorable Andrew Borrock ordered a Special Referee to hear and determine the "reasonable legal fees and costs" that the plaintiff was to pay the defendant due to the plaintiff's frivolous conduct. After emailing the parties, I held a pre-hearing conference by Microsoft Teams, when Juan Ramirez, Jr. (Judge Ramirez)[1] represented himself and Nicole Sullivan, Esq. of White and Williams represented the defendant. At the conference, I scheduled the hearing for January 24 and 25, 2023. The hearing, however, took only one day. At the hearing, Judge Ramirez still represented himself, and Ms. Ashi Colina, Esq., and Mr. Thomas Butler, Esq., represented the defendant, Selective Advisors Group, LLC (Selective). After the hearing, I set March 10, 2023, as the submission date for post-hearing briefs. By March 6, 2023, the parties asked for an extension, which I granted until March 31, 2023. Thus, the parties fully submitted the case to me by March 31, 2023.

**BACKGROUND**

On September 23, 2020, Judge Ramirez petitioned to void a judgment of confession or, in the alternative, to declare the judgment satisfied. He presented an affidavit of service upon Selective

-------------------------------------

[1] Mr. Juan Ramirez, Jr. is a retired judge from Florida.

*Juan Ramirez v Selective Advisors*
*Group, LLC*                                Index#: 654670/2020                                 1

with its registered agent in Delaware. About a week later, Judge Ramirez moved for a default judgment, which Justice Borrok granted on February 11, 2021, when Selective failed to respond. About two weeks later, Selective, by order to show cause, asked to vacate the default judgment, let it respond to the September 23, 2020, petition, and for "other and further relief as may be just and proper," explaining that in 2014, it was registered in Delaware as Selective Advisors Group but in 2017, the company became inactive. Meanwhile, another company, Selective Advisors Group, was formed on March 3, 2017, with a different registered agent. By April 26, 2017, Selective was reinstated, but as Selective Advisor Group (with no "s"). Because the service of process was upon Selective Advisors Group and not Selective Advisor Group, Judge Ramirez never properly served Selective his motion for a default judgment. It also appeared that the Judge's client had formed the entity called Selective Advisors Group that was formed on March 3, 2017.

By March 4, 2021, Judge Ramirez filed a memorandum opposing Selective's order to show cause to vacate the default, arguing, among other arguments, that the service of process was proper. On March 9, 2021, Justice Borrok disagreed with Judge Ramirez, finding that the Court never acquired personal jurisdiction over Selective and reinstating the judgment of confession. The Court also dismissed the petition. On March 12, 2021, Judge Ramirez filed a "motion for rehearing and to modify decision." Selective filed a reply and a cross-motion for sanctions against the Judge. On March 29, 2021, Judge Ramirez filed an appeal of Justice Borrok's March 9, 2021, order.

On October 15, 2021, Justice Borrok denied the Judge's motion to reargue and granted Selective's cross-motion for sanctions for frivolous conduct. This order of reference on attorney's fees and costs followed. On February 22, 2022, the Appellate Division denied Judge Ramirez leave to appeal Justice Borrok's March 9, 2021, which dismissed his petition. The Court concluded that because Justice Borrok dismissed the petition – relief Selective did not ask for – the portion of the order dismissing the petition was *sua sponte* and not appealable as of right. Instead, Judge Ramirez

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    2

had to move to vacate the dismissal order. Also, Judge Ramirez's petition to vacate the February

2012 judgment by confession was not made within a reasonable time, so the appeal was time-barred.

On October 27, 2021, Judge Ramirez filed a notice of appeal of Justice Borrok's order dated October

15, 2021.

This reference followed.

## HEARING

Because the law firm sought the attorneys' fees, the firm had the burden of proof and started

the hearing. Ms. Nicole Sullivan, Esq. testified first. She was a partner at White and Williams, a law

firm. Ms. Sullivan had worked at the firm for almost six years and had practiced law in New York

since 2002.[2] She graduated from Boston University School of Law in May 2001.[3] Before working

for White and Williams, she had clerked for a federal magistrate judge for two years, worked for a

plaintiff's firm doing products liability and medical malpractice for two years, then Ms. Sullivan

joined a firm that did defense work, products liability, general commercial defense, and reinsurance

work, and before joining White and Williams, she was an attorney at LeClairRyan[4]. For this case,

she was one of the attorneys representing Selective; the other attorneys were Thomas Butler, a

partner; Shruti Panchavati, an associate; Matthew Prutting, an associate; and Marianne Millnamow, a

paralegal.[5]

Ms. Sullivan had worked with Mr. Tom Butler for about eleven years. Mr. Butler attended

Columbia Law School and practiced law for about 31 years.[6] As for the two associate attorneys, both

---

[2] Tr., at 12.
[3] Tr., at 45.
[4] Tr., at 46.
[5] Id., at 13.
[6] Tr., at 46.

*Juan Ramirez v Selective Advisors*
*Group, LLC*                          Index#: 654670/2020                                    3

graduated from law school in 2015. Ms. Panchavati attended law school at the University of Chicago or the University of Illinois, while Mr. Prutting went to Georgetown.[7]

In this case, she worked on the motion to vacate the default judgment, the opposition to Judge Ramirez's motion to reargue, and the appellate briefing.[8] Specifically, she reviewed the motions, did legal research, and drafted opposition papers and the cross-motion for sanctions.[9] On the motion to reargue, the law firm researched whether Judge Ramirez had a legitimate basis under the CPLR for reargument and whether sanctions were appropriate. Besides her work, she also supervised the associate attorneys and the paralegal.

The firm billed an hourly rate at .1 or six-minute increments for billing. In March 2021, her standard billing rate was $550 per hour, although she billed Selective at only $395 per hour. White and Williams entered into evidence seven legal invoices[10] and a summary of the seven invoices.[11] After entering the documents into evidence, Ms. Sullivan testified that Mr. Butler, a partner, charged $795 per hour in 2021 but charged Selective only $500 per hour. Ms. Panchavati's standard rate was $395 per hour, but the firm billed Selective only $270 per hour. Mr. Prutting's usual billing rate was $380 per hour, which the firm charged Selective. The paralegal Ms. Millnamow's standard rate was $250 per hour, but the firm billed Selective only $175 per hour.[12]

After finishing the billing rates, the law firm entered into evidence documents filed in this case for which the firm billed its client: Judge Ramirez's motion to reargue,[13] Judge Ramirez's affidavit in support of his motion to reargue,[14] his memorandum of law in support of his motion to

---

[7] Id.
[8] Id.
[9] Tr., at 14.
[10] Tr., at 16 – 30.
[11] Tr., at 30 – 31; Defendant's exhibit H.
[12] Tr., at 33.
[13] Defendant's exhibit I.
[14] Defendant's exhibit J.

Juan Ramirez v Selective Advisors
Group, LLC                              Index#: 654670/2020                              4

reargue,[15] the law firm's notice of cross-motion for sanctions,[16] the firm's memorandum of law opposing the motion to reargue and supporting its cross-motion for sanctions,[17] Mr. Tom Butler's affirmation,[18] Judge Ramirez's reply to Selective's opposition to reargument and cross-motion for sanctions,[19] and the Appellate Division's decision regarding the motion to reargue and sanctions.[20]

On cross-examination, Ms. Sullivan testified that the firm had an engagement letter with Selective but did not upload it as an exhibit. She was unaware of who signed that engagement letter. As for the invoices sent to Selective, the firm emailed them to the defendant, but Ms. Sullivan did not know the specific email address used. She admitted that the invoices were addressed to Ms. Hazan, who, according to Ms. Sullivan's understanding, co-owned Selective with her husband, Sean Meehan.[21] Regarding the redactions in the firm's invoices, the redacted entries were for work the firm performed for Selective but were unrelated to Judge Ramirez's motion to reargue and Selective's cross-motion for sanctions.[22]

During Judge Ramirez's cross-examination of Ms. Sullivan, the hearing devolved into Judge Ramirez's attempts to argue that Justice Borrok and the First Department were wrong to say that Judge Ramirez engaged in sanctionable, frivolous conduct. For example, Judge Ramirez wanted to argue judicial estoppel. I explained that it was the law of the case that Judge Ramirez had engaged in frivolous conduct and that the order of reference limited me to determine whether the law firm billed a reasonable amount of hours at a reasonable rate.[23] After the ruling, Judge Ramirez argued that he should be allowed to present mitigating evidence. I reiterated that I could determine only legal fees

---

[15] Defendant's exhibit K.
[16] Defendant's exhibit L.
[17] Defendant's exhibit M.
[18] Defendant's exhibit N.
[19] Defendant's exhibit O.
[20] Defendant's exhibit Q.
[21] Tr., at 47.
[22] Tr., at 54.
[23] Tr., at 58 – 60.

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    5

and costs and that mitigating evidence would be proper before Justice Borrok or the Appellate Division; the order of reference did not permit me to consider mitigating evidence.

Next, Judge Ramirez questioned whether Ms. Sullivan genuinely reviewed his motion for rehearing and to modify a decision[24] for three hours after he had filed the document on March 12, 2021, at 4:36 p.m. Ms. Sullivan replied that it was not uncommon for her day to go past 5:00 p.m.[25] Judge Ramirez pointed out that an invoice entry was block billed. Ms. Sullivan explained that she and Mr. Butler sometimes used block billing.[26] Finally, Judge Ramirez argued with Ms. Sullivan whether specific entries constituted fees on fees.[27]

After Judge Ramirez finished his cross-examination of Ms. Sullivan, the law firm rested. Judge Ramirez began his case-in-chief, and he testified in narrative form. Instead of presenting evidence about the legal fees, he started by making an informal offer of proof as to why he wanted to have Mr. Kosachuk testify. Then, Judge Ramirez testified about his legal experience in Florida. In 2015, he became an attorney in Florida and was never reprimanded or admonished by the Florida Bar. He became a trial judge in Miami, and in 2000, he was appointed to be a judge in an appellate court, where he was a judge for twelve years. After describing his legal experience, he recounted this case's background, starting in 2014. He also argued that the Appellate Division wrongly decided this case. Finally, he claimed that White and Williams padded their legal bills because he spent only 5.5 hours drafting his motion, and the firm spent 23 hours responding to it; he claimed that the initial draft of a motion takes far more time than merely responding to a motion.

**CLOSING ARGUMENTS**

---

[24] Defendant's exhibit I.
[25] Tr., at 63.
[26] Tr., at 64.
[27] Tr., at 85 – 87.

*Juan Ramirez v Selective Advisors*
*Group, LLC*                              Index#: 654670/2020                                    6

Selective argued the sole issue before this court was whether the $8,316.50 for 23.3 hours of work was reasonable. Responding to Judge Ramirez's claim that the law firm billed on these invoices work for Selective that had nothing to do with this motion sequence, Selective countered that the law firm redacted work unrelated to this matter and excluded those charges from the fees sought in this case. To support the hourly rates charged, the firm recounted Ms. Sullivan's testimony regarding the legal experience of the attorneys who billed for this motion sequence. Despite the attorneys' qualifications and experience, all but one attorney billed at a discounted rate. Also, an associate performed 32% (7.5 hours) of the total work on this case, which was less costly than having either or both partners do the lion's share of the work. While Judge Ramirez claimed that White and Williams padded their bills to make Judge Ramirez pay more, White and Williams averred that their "billing entries comprised of reading, reviewing, strategizing, assessing and opposing the Ramirez Motion was necessary legal work."[28] Finally, the law firm argued that Judge Ramirez's testimony failed to rebut the reasonableness of its fees. Instead, Judge Ramirez "used the court's time to litigate and relitigate irrelevant, peripheral, or otherwise tangential issues and matters already decided."[29]

Judge Ramirez spent the first seven pages (almost half of his brief) rehashing the procedural history before Justice Borrok and the Appellate Division, essentially arguing that both wrongly decided his case. Halfway through his brief, he finally addressed the issue of attorneys' fees, although only tangentially. He claimed that White and Williams emailed the legal invoices to Elizabeth Hazan, the wife of Sean Meehan. Judge Ramirez complained that the law firm failed to produce the email address to which it sent the invoices and that the invoices contained block billing. He then argued that he appealed the First Department's decision[30]and that the proceeding here should be stayed until the Court of Appeals decides whether to grant him leave to appeal. Judge Ramirez

---

[28] Selective's Post-Hearing Submission (NYSCEF 1-41), at 7.
[29] *Id.*, at 8.
[30] *Ramirez v Selective Advisors Group, LLC*, 202 AD3d 608 (1st Dept 2022).

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    7

averred that judicial estoppel prevented Selective from arguing that his motion to vacate was frivolous. Finally, he maintained that Selective did not meet its burden of proof because it never entered into evidence the retainer agreement. As an alternative argument, he says this court should conclude that the fees sought are excessive and that the firm used block billing.

## ANALYSIS

### CREDIBILITY.

When a court submits questions of fact to a referee, the referee must determine" 'the issues presented, as well as to resolve conflicting testimony and matters of credibility.'" At this hearing, only two witnesses testified: Ms. Sullivan and Judge Ramirez. First, I note that both are interested witnesses because both have a financial stake in the case's outcome. And second, I observed each witness's demeanor while testifying. As to Ms. Sullivan, she testified in a straightforward, candid manner, and she did not embellish her testimony. Thus, I found her testimony credible. As for Judge Ramirez, I found him less credible than Ms. Sullivan because he repeated immaterial arguments despite my telling him several times that the order of reference was only about attorneys' fees. He argued with Ms. Sullivan and with the court.

### ATTORNEY'S FEES.

The attorney seeking attorneys' fees bears the burden of proving:

1.    the time and labor required for the legal services provided,[31]

2.    the difficulty of the legal and factual issues,[32]

---

[31] *Sachs v Adeli*, 121 AD3d 490, 490 (1st Dept 2014) (holding plaintiff's attorneys' fees reasonable "most significantly" because of "defendant's vigorous litigation over a seven-year period").
[32] *Lancer Indem. Co. v JKH Realty Group, LLC*, 127 AD3d 1035, 1035-1036 (2d Dept 2015).

*Juan Ramirez v Selective Advisors*
*Group, LLC*                                Index#: 654670/2020                                8

3.    the necessary skills to handle the problems presented,[33]

4.    the lawyer's experience, ability, and reputation,[34]

5.    the amount involved and the benefit resulting to the client from the services

rendered,[35]

6.    the customary fee charged by the local bar for similar services,[36]

7.    the contingency or certainty of being compensated,[37]

8.    the results obtained,[38] and

9.    the responsibility involved.[39]

<u>Time and Labor Required.</u>

To determine the time and labor required for the legal services, I first weigh the number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate or the "lodestar"

method.[40] From March 12, 2021, to October 25, 2022, White and Williams charged 23.3 hours for

---

[33] *Id.*

[34] *Sachs*, 121 AD3d 490 (holding fees reasonable, in part, due to "attorney's experience, expertise, and educational background").

[35] *Giblin v Murphy*, 125 AD2d 884 (3d Dept 1986), *order aff'd*, 73 NY2d 769 (1988) (affirming award when the "case was intricate, requiring the ability and experience of a skillful counsel, the amount involved was considerable and the results obtained were good and to the client's benefit").

[36] *Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC*, 46 Misc 3d 1222(A) (Sup Ct, New York Co 2015) (finding the rate charged in a Commercial Division litigation by counsel based in New York County was "comparable to those generally billed in commercial litigation").

[37] *Albunio v City of New York*, 23 NY3d 65, 68 (2014) (holding "absent a contract term expressly providing for different distribution, attorney was entitled to greater of either contingency fee or statutory award").

[38] *In re Freeman's Estate*, 34 NY2d 1, 9 (1974).

[39] *Id.* (noting the '[l]ong tradition and just about a universal one in American practice ... for the fixation of lawyers' fees to be determined by the above listed factors); *see also Lancer*, 127 AD3d 1035-1036 (listing seven factors considered by the courts when determining the reasonableness of attorneys' fees); *see also Bankers Fed. Sav. Bank v Off W. Broadway Devs.*, 224 AD2d 376, 377 (1st Dept 1996) (reiterating that the court must consider "the difficulty of the issues and the skill required to resolve them; the lawyers' experience, ability and reputation; the time and labor required; the amount involved and benefit resulting to the client from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the results obtained and the responsibility involved").

[40] *Hensley v Eckerhart*, 461 US 424, 430 (1982).

*Juan Ramirez v Selective Advisors*
*Group, LLC*                          Index#: 654670/2020                                    9

$8,316.50.[41] The two partners, Ms. Sullivan and Mr. Butler, expended 12 hours drafting their opposition papers and motion for sanctions.[42] It was a reasonable period to draft and edit those papers. Then an associate attorney, Ms. Panchavati, spent 4.6 hours researching and editing several motions and memorandums on March 22, 2021.[43] I again conclude the attorney expended a reasonable amount of time performing those tasks. On June 14, 2021, a paralegal reviewed (NYSCEF?) to see if Justice Borrok had issued a decision.[44] While Judge Ramirez argued checking for a decision was superfluous, I am untroubled by the charge of 0.3 hours. Just over three months later, Ms. Panchavati discussed with Mr. Butler a strategy for supplemental briefings. That discussion was only 36 minutes. I find that was an appropriate use of time. Two months after that discussion, a paralegal reviewed the rules for this hearing and emailed E. Lizabeth Hazan. Those tasks took only one hour, which was appropriate. A month later, Ms. Panchavati researched this hearing's issues, billing 1.6 hours, which I found reasonable. On January 29, 2022, the paralegal emailed the undersigned to obtain a conference date and charged only 0.2 hours. That was reasonable. Finally, nine months later, Ms. Pachavati charged 1.2 hours researching and preparing an analysis of cases on attorneys' fees. I find the hours expended to be proper.

Judge Ramirez argued the claimed fees were excessive because (1) "nothing occurred . . . between March 22 and October 15[, so] Selective can . . . claim reasonable fees incurred . . . [only] between March 12 and March 22, 2021,[45] and (2) White and Williams charged 16.6 hours for a 14-page memorandum of law.[46] I reject Judge Ramirez's assertion that he should not be billed for anything after March 22 because the rules of professional conduct required the firm to search for an

---

[41] *See* Defendant's H.
[42] Defendant's A.
[43] *Id.*
[44] Defendant's B.
[45] Plaintiff's Brief, at 14.
[46] Plaintiff's Brief, at 15.

*Juan Ramirez v Selective Advisors*
*Group, LLC*                              Index#: 654670/2020                                10

imminent decision on June 14, 2021; lawyers must not neglect their cases.[47] A diligent lawyer ensures that the lawyer has not missed any decisions a judge issues. While NYSCEF emails the attorneys of record when a document is uploaded, the system is not infallible, and notifications can wind up in spam folders. And checking NYSCEF for an expected decision is an effective office procedure to avoid neglecting a client's case. I reject the second argument that White and Williams charged too much time for a 14-page memorandum because attorneys should not be penalized for being concise and brief. Thus, the hours charged were reasonably necessary for the work described.

### The Lawyers' Experience

Ms. Sullivan testified to the attorneys' experience and stated that White and Williams charged lower hourly rates than usual. Judge Ramirez acquiesced in the hourly rates when he wrote in his brief that he "does not quarrel with the hourly rates claimed by the various lawyers."[48] The testimony and concession support the hourly rates charged.

### Customary Fee

White and Williams presented no evidence of the customary fee, and I am untroubled by this – considering the discounted rates charged and my knowledge and experience of litigation costs.[49] Also, Judge Ramirez acquiesced to the hourly rates, and I made no adjustments.

### Block Billing

The invoices consistently show the use of block billing. Block billing aggregates multiple smaller tasks into a single "block" entry for which a single time value is assigned.[50] Block billing

---

[47] Rules of Professional Conduct 1.3 (b).; *see also* Comment 2: "A lawyer's work load must be controlled so that each matter can be handled diligently and promptly. Lawyers are encouraged to adopt and follow effective office procedures and systems; neglect may occur when such arrangements are not in place or are ineffective."
[48] Plaintiff's Brief, at 14.
[49] *Schoenau v Lek*, 283 AD2d 200 (1st Dept 2001).
[50] RMP Capital, Corp. v Victory Jet, LLC, 40 Misc3d 1243(A), 2013 WL 5303582 (Sup Ct, Suffolk Co 2013).

*Juan Ramirez v Selective Advisors*
*Group, LLC*                           Index#: 654670/2020                    11

makes it "difficult to determine whether, and/or the extent to which, the work done by . . . attorneys is duplicative or unnecessary . . . ."[51] While block billing does not make the attorneys' fees in itself unreasonable,[52] such billing warrants a reduction.[53] Courts have reduced block billing between 10 and 15 percent.[54] The following dates and entries I concluded were block billed:

- March 22, 2021: "Reviewed Local Rules regarding service of cross-motion; Drafted, revised and finalized Notice of Motion; Researched case law; Revised and finalized Memorandum of Law in Opposition; Drafted, revised and finalized Affirmation; Shepardized all case law; Added all citations to Memorandum of Law; Collated and prepared all exhibits; Filed Cross-Motion papers; Multiple communications with Tom Butler and Nicole Sullivan."[55] 4.6 hours.

- September 24, 2021: "[Telephone call] with Tom Butler re[garding] strategy for supplemental briefing on Ramirez's Motion for Reargument; Reviewed local rules and requirements; Drafted correspondence to Court."[56] 0.7 hours.

- October 18, 2021: "Reviewed Court Order; communicated with Marion Millnamow and Tom Butler re[garding] upcoming oral argument."[57] 1.0 hours.

- November 19, 2021: "Review Special Referee rules and email counsel; Locate documents and email to Elizabeth Hazan per her request."[58] 1.0 hours.

---

[51] Bobrow Palumbo Sales, Inc. v Broan-Nutone, LLC, 549 F Supp 2d 274, 283 (ED NY 2008), *citing Molefi v Oppenheimer Trust*, 2007 WL 538547 (ED NY 2007).
[52] J. Remora Maintenance LLC v Efromovich, 103 AD3d 501 (1st Dept 2013), *lv denied*, 21 NY3d 862 (2013).
[53] Nestor v Britt, 23 Misc. 3d 1138(A) (Civ Ct NY County 2009) ("[i]f billing records are vague, a deduction in fees is appropriate").
[54] Community Counseling & Mediation Servs. v Chera, 115 AD3d 589 (1st Dept 2014) (reducing block billing by 10%);
[55] Defendant's A.
[56] Defendant's C.
[57] Defendant's D.
[58] Defendant's E.

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    12

None of the above entries allowed me to discern how much time was spent on each listed task. Ms. Sullivan performed the block-billed tasks on March 22, 2021; her discounted hourly rate was $395. At 4.6 hours, the tasks cost $1,817. Ms. Panchavati performed the September 24, 2021, block-billed tasks; her discounted rate was $270 per hour. At 0.7 hours, the tasks cost $189. She also performed the October 18, 2021, block billed entry. For one hour, the tasks cost $270. Finally, Millnamow wrote the November 19, 2021, entry, and the discounted billable rate was $175 per hour, so the one hour spent on the tasks cost $175.

Out of the $8,316.50 charged, $2,721 was block billed. The difference is $5,595.50. I discount the block billed amount by 10%, leaving $2,473.63. I added the charges not block-billed or $5,595.50 for a subtotal of $8,069.13.

### Failure to Produce the Retainer Agreement

Judge Ramirez argued that Selective failed to meet its burden of proof because it failed to enter into evidence the retainer agreement between Selective and White and Williams. Thus, he claimed that "Selective should be denied any fees as it has failed to prove that it legally incurred the obligation to pay any fees."[59] He quotes *Malamut v Doris L. Sassower, P.C.*,[60] saying that retainer agreements are necessary for a court to determine whether they are enforceable and that the law firm must prove that the financial arrangement was "fair and reasonable." *Malamut* is distinguishable from this case because the plaintiff previously retained the defendant to represent her in a matrimonial action. After the trial court and the Appellate Division denied her an award of attorney's fees because her equitable distribution award was sufficient to pay the fees, the plaintiff moved to set aside the retainer agreement. Here, the court does not have to scrutinize the retainer because Selective is not challenging its propriety. Judge Ramirez is not a party to the retainer

---

[59] Plaintiff's Brief, at 13.
[60] 171 AD2d 780, 781-782 (2d Dept 1991).

*Juan Ramirez v Selective Advisors*
*Group, LLC*                        Index#: 654670/2020                        13

agreement between Selective and White and Williams; thus, he lacks standing to challenge the agreement. Because of his lack of standing, Judge Ramirez's argument lacks merit.

### Stay of This Proceeding

Judge Ramirez suggested this hearing for attorneys' fees for his frivolous conduct should be stayed because he filed for reargument before the First Department and for leave to the Court of Appeals. The order of reference did not confer the power to issue a stay, and Judge Ramirez should have made that application to the Appellate Division. Because he did not move for a stay of the proceedings, he forfeited that temporary relief.

### Judicial Estoppel

His final argument to avoid fees was to claim that Selective should be estopped in this proceeding because "Selective is now seeking sanctions based on the premise that [Judge Ramirez's] motion was frivolous."[61] An order of reference limits a Special Referee's jurisdiction to only those matters recited in the order of reference.[62] Judge Ramirez should have raised this argument before the Appellate Division and not this court.[63]

## SUMMARY OF CHARGES

White and Williams sought $8,316.50 in attorneys' fees and costs. I reduced the $2,721 block-billed charges by 10% for the block billing for $2,473.63. To that sum, I added the $5,595.50 of correctly billed entries for a total of $8,069.13.

## CONCLUSION:

---

[61] Plaintiff's Brief, at 10.
[62] _Semigran Enters. V Noren_, 285 AD2d 409 (1st Dept 2001).
[63] _Cohen v Akabas & Cohen_, 79 AD3d 460 (1st Dept 2010)

_Juan Ramirez v Selective Advisors_
_Group, LLC_                              Index#: 654670/2020                          14

Based on the court's analysis, it is

ORDERED that Judge Ramirez pay Selective $8,069.13 in attorneys' fees.

ORDERED that Selective shall serve a copy of this decision and order on Judge Ramirez, with a notice of entry, within twenty (20) days of said entry and file proof of said service with the clerk;

ORDERED that the clerk shall enter a judgment accordingly.

This constitutes the decision and order of the Special Referee.

DATE:  April 24, 2023

NEW YORK, NEW YORK                          HAROLD E. BAHR, III, SPECIAL REFEREE

EXHIBIT 7



**ORDERED in the Southern District of Florida on November 7, 2022.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                              CASE NO. 16-10389-AJC

LIZA HAZAN                                                          Chapter 11
a/k/a ELIZABETH HAZAN,

                Debtor.
_____/

### FINAL JUDGMENT

Pursuant to the *Order Granting Reorganized and Discharged Debtor, Liza Hazan, a/k/a*

*Elizabeth Hazan's* ("Discharged Debtor" or "Hazan") *Emergency Motion For an Order directing*

*the United States Marshals to take Christopher Kosachuk also known as Chris*

*Kosachuk ("Kosachuk"), into custody and to detain him until such time as Ms. Hazan is able to*

*complete a closing on her homestead property as ordered on June 28, 2022 at ECF No. 1194*

[ECF No. 1349], Final Judgment is entered in the amount of Thirty Eight Hundred dollars

$3,800.00, which may be recorded in favor of LIZA HAZAN a/k/a ELIZABETH HAZAN, whose

address is whose address is 6913 Valencia Drive, Miami (Fisher Island), Florida 33109, against

CHRIS KOSACHUK also known as CHRISTOPHER KOSACHUK, whose address is 854 Pheasant Run Road, West Chester, Pennsylvania 19382. The Final Judgment will accrue post judgment interest from the entry thereof at the rate prescribed by 28 U.S.C. § 1961, for which execution shall issue forthwith.

### #

**Submitted by:**
Joel M. Aresty, Esq. Fla.
Bar No. 197483

Attorney Aresty is directed to serve a copy of the Final Judgment on all interested parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).

CFN: 20170353630 BOOK 30583 PAGE 1705
DATE:06/22/2017 09:16:15 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 17-5232 CA (02)

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

    Plaintiff,

v.

NLG, LLC, a Delaware limited liability
company,

    Defendant.

_____/

## FINAL JUDGMENT

    This matter, having come before the Court this 20th day of June, 2017 for hearing on Plaintiff Genovese Joblove & Battista, P.A.'s Motion for Final Default Judgment against Defendant NLG, LLC (the "Motion"), and the Court having reviewed the pleadings, the relief requested in the Motion, and being otherwise duly advised in the premises,

    **IT IS ORDERED AND ADJUDGED** as follows:

    1.    Final Judgment is entered in favor of Genovese, Joblove & Battista, P.A. ("GJB") and against Defendant NLG, LLC ("Defendant"), in the following sums:

| | | |
|---|---|---|
| (a) | Judgment | $37,205.35 |
| (b) | Costs | |
| | Clerk of the Court Filing Fee | $435.04 |
| | Service of Process Fee | $125.00 |
| (c) | Attorneys' Fees | $ 4505.54 |
| | **TOTAL** | $ 42,270.93 |



CFN: 20170353630 BOOK 30583 PAGE 1706
17-5232 CA (02)

2.    The total amount referenced in Paragraph 1 shall bear interest at the rate of 4.75% per year, for which let execution issue.

3.    It is further ordered and adjudged that Defendant shall complete under oath, the Fact Information Sheets as provided by Florida Rule of Civil Procedure Form 1.977(a) and (b), including all required attachments, as applicable, and serve it on GJB's attorneys within forty-five (45) days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed.

4.    The last known address of Defendant is c/o A Registered Agent Inc., 8 The Green, Suite A, Dover, DE 19901.

5.    The Court shall reserve jurisdiction of this case to amend/supplement this Final Judgment to account for subsequent accruing fees, other matters concerning execution upon this Final Judgment, and such other relief as the Court deems just and proper.

       **DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida this _20th_ day of June, 2017.

<div style="text-align:center">

HONORABLE MONICA GORDO
Circuit Court Judge

MONICA GORDO
CIRCUIT COURT JUDGE

</div>

9000-189 / #109

Copies Furnished To:
Darci E. Cohen, Esq.

NLG, LLC
c/o A Registered Agent Inc.
8 The Green
Suite A
Dover, DE 19901

<div style="text-align:center">2</div>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-101-LMI

FILED-USBC, FLS-MIA
'24 DEC 3 PM 1:30

CHRISTOPHER KOSACHUK,

      Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

      Defendant/Judgment Debtor

      _____/

**PLAINTIFF CHRISTOPHER KOSACHUK'S *PRO SE***
**MOTION TO REGISTER AS ECF FILING USER IN THIS COURT**

      Plaintiff, Christopher Kosachuk ("Kosachuk"), *pro se,* files this Motion to Register as

ECF Filing User in this Court and avers the following:

      **That** I am the *pro se* Plaintiff/Judgment Creditor in this case.

      **That** I consent to the Court and all counsel using my email address, as listed below, for

the purpose of sending me electronic notification of orders, notices, and other documents that are

filed in this case. I understand that hard (paper) copies will no longer be sent by the Court or

opposing counsel. By consenting to electronic notice, I understand that I am responsible for

maintaining a current email address with the Court.

      **That** I have provided and will maintain a current email address and mailing address with

the Court. I will file a Notice of Change of Address Form conventionally (i.e., mail or in person)

immediately if my email or mailing address changes while the above case is pending. I am

responsible for maintaining an email account sufficient to receive notifications, on a daily basis,

from the Court and opposing counsel. I also understand that electronic mail filter software

(SPAM filters) may interfere with my receipt of email notifications and will ensure that any such

Plaintiff Christopher Kosachuk's Motion to Register as ECF User
Kosachuk v. Quebec, Case No. 15-101-LMI

software installed on my computer or network will not filter out messages from

**FLSB_ECF_Notification@flsb.uscourts.gov.**

      **That** I am responsible for managing my email account and am responsible for others who may have access to my email account.

      **That** I have already registered for an upgraded PACER account (Public Access to Court Electronic Records) registered to my email address below with a user name of Kosachuk.

      **That** I have already taken the online classes on how to file documents using the electronic filing systems maintained by the federal courts.

      **That** I have ECF privileges with the United States Court of Appeals for the Eleventh Circuit as well as other bankruptcy courts and district courts outside of the Eleventh Circuit.

      **That** I understand that when documents are entered in CM/ECF, a Notice of Electronic Filing (NEF) will be sent to my email address, which will contain a hyperlink to the document in PACER. I also understand that pursuant to PACER's policy, I will be allowed one "free look" at the document and that it is recommended that I print or download the document at that time because after the one "free look", normal PACER fees will apply. I also understand that the hyperlink to access the document will expire after I first access the document or after 15 days, whichever comes first.

      **That** I am responsible for maintaining my PACER account while the above case is pending, including any incurred fees.

      **That** I understand and will comply with the following computer hardware and software requirements necessary to receive electronic notices via the CM/ECF system: Windows or Macintosh operation system; JavaScript enabled browser; and Internet Explorer or Firefox or

Plaintiff Christopher Kosachuk's Motion to Register as ECF User
Kosachuk v. Quebec, Case No. 15-101-LMI

other browser supported by CM/ECF. I also understand that high speed internet access is strongly

and I have high speed internet access.

     **That** I further understand that receiving of Notices of Electronic Filings (NEF) is a

privilege, not a right, and may be rescinded by the Court at any time, without notice, at which

time notices will be provided via the U.S mail.

     **That** I have my own laptop computer, with high speed internet access.  I am computer

literate with the requisite skills and computer software to file and receive documents using the

ECF system.

     **That** I do not receive notices from the Delaware Bankruptcy Court in a timely manner.

     **That** I do not electronically receive notices from other parties in this bankruptcy because

they fail to email them to me.

     **That** I am highly prejudiced by not receiving electronic notices as well as the cost and

inconvenience of being required to paper file documents.

     **That** there is no prejudice to any other party in this case if I am granted electronic filing

access in this Court.

     **Wherefore**, the undersigned hereby agrees to the above conditions and hereby

motions to register as ECF Filing User before this Court, and elects to electronically receive

Notices of Electronic Filing (NEF) to the email address listed below while the above case is

pending

Dated: 2nd day of December, 2024.

                         Respectfully submitted,

|  |  |
|---|---|
|  |  |

Plaintiff Christopher Kosachuk's Motion to Register as ECF User
Kosachuk v. Quebec, Case No. 15-101-LMI

Christopher Kosachuk
*Pro Se Movant, Plaintiff & Judgment Creditor*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

Plaintiff Christopher Kosachuk's Motion to Register as ECF User
Kosachuk v. Quebec, Case No. 15-101-LMI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk of Court who will electronically file it and serve it upon all parties of record as indicated on this 2nd day of December, 2024.

|  |  |
|---|---|
|  | Christopher Kosachuk<br>*Pro Se Movant, Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

## SERVICE LIST

**Via CM/ECF/Email**

Joel Aresty, Esq. attorney for 9197-5904 Quebec, Inc.
aresty@mac.com

Todd Mosser, Esq. attorney for 9197-5904 Quebec, Inc.
todd@mosserlegal.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CHRISTOPHER  KOSACHUK,                              Case #: 15-MP-101-LMI
          Plaintiff,

vs.

9197-5904 QUEBEC, INC,
          Defendant.

_____/


### DECLARATION OF LIZA HAZAN ALSO KNOWN AS ELIZABETH HAZAN
### RE HOMESTEAD

        LIZA HAZAN also known as ELIZABETH HAZAN makes this declaration, pursuant to 28 U.S. Code § 1746 - Unsworn declaration under penalty of perjury, and respectfully represents:

1.    I am over 21 years of age and fully competent to make this declaration.  Unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit.

2.    Doc 7 filed 11/27/24, writ of execution filed by Chris Kosachuk is a sham and a fraud on the court because it falsely represents that the name and address of defendant is 6913 Valencia Drive Fisher Island Florida  33109.

3.    6913 Valencia Drive Fisher Island Florida  33109 is my personal residence and Florida constitutional homestead,  and Plaintiff knows that very well. The legal description of my property is homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

1.    There is nothing in this property which has anything to do with defendant,

9197-5904 QUEBEC, Inc., a Canadian company, either in its title or in its contents, which is all my personal property.

2.   The property qualifies as homestead protected under Article X Section 4 of the Florida Constitution because I am a permanent resident of Florida, I own the homestead property, it is within a half an acre in a municipality, and it is my primary residence.

**I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 12/3/24**

Debtor's Signature:
/s Liza Hazan also known as Elizabeth Hazan

JOEL M. ARESTY, P.A.
Counsel for Liza Hazan also known as Elizabeth Hazan
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax:1- 800-599-1870
Email:Aresty@Mac.com
By:/s Joel M. Aresty
Fla. Bar No. 197483

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CHRISTOPHER KOSACHUK,                          Case #: 15-MP-101-LMI
        Plaintiff,

vs.

9197-5904 QUEBEC, INC,
        Defendant.

_____/


**CORRECTED**
**DECLARATION OF LIZA HAZAN ALSO KNOWN AS ELIZABETH HAZAN**
**RE HOMESTEAD**

LIZA HAZAN also known as ELIZABETH HAZAN makes this declaration, pursuant to 28 U.S. Code § 1746 - Unsworn declaration under penalty of perjury, and respectfully represents:

1.    I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit.

2.    Doc 7 filed 11/27/24, writ of execution filed by Chris Kosachuk is a sham and a fraud on the court because it falsely represents that the name and address of defendant is 6913 Valencia Drive Fisher Island Florida 33109.

3.    6913 Valencia Drive Fisher Island Florida 33109 is my personal residence and Florida constitutional homestead, and Plaintiff knows that very well. The legal description of my property is homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

1. There is nothing in this property which has anything to do with defendant, 9197-5904 QUEBEC, Inc., a Canadian company, either in its title or in its contents, which is all my personal property.

2. The property qualifies as homestead protected under Article X Section 4 of the Florida Constitution because I am a permanent resident of Florida, I own the homestead property, it is within a half an acre in a municipality, and it is my primary residence.

This declaration is refiled to correct signature which identified me as debtor.

**I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 12/3/24**

Signature:
/s/ Liza Hazan also known as Elizabeth Hazan

JOEL M. ARESTY, P.A.
Counsel for Liza Hazan also known as Elizabeth Hazan

309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax:1- 800-599-1870
Email:Aresty@Mac.com
By:/s Joel M. Aresty
Fla. Bar No. 197483

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CHRIS KOSACHUK,                             Case #: 15-MP-101-LMI

      Plaintiff,

vs.

9197-5904 QUEBEC, INC,

      Defendant.

                              /

## LIZA HAZAN ALSO KNOWN AS ELIZABETH HAZAN'S EMERGENCY MOTION TO STRIKE DISSOLVE CHRIS KOSACHUK'S MOTION FOR WRIT OF EXECUTION AND FOR SANCTIONS, ATTORNEY FEES AND PUNITIVE DAMAGES AGAINST CHRIS KOSACHUK, MOTION TO TRANSFER CASE

      Comes now LIZA HAZAN ALSO KNOWN AS ELIZABETH HAZAN, by and through undersigned counsel, hereby file their Emergency Motion to Strike Chris Kosachuk's fraudulent Motion For Writ of Execution [D.E. 6] and fraudulent Writ of Execution [D.E 7] (the "The Writ of execution"), and file their motion to transfer this closed case to pending case involving same parties case **1:24-cv-23089-KMM** and respectfully state as follows:

### INTRODUCTION

      Chris Kosachuk ("Kosachuk") is attempting to circumvent prior bankruptcy Court Orders through this fraudulent writ of garnishment against non-party Elizabeth Hazan. As set forth below, Kosachuk and his entity NLG, LLC[1] have constantly harassed Non-Party Hazan for almost two decades based on their purported claims that were completely discharged in this bankruptcy Court and the honorable bankruptcy Judge A Jay Cristol entering a final judgment which found that Chris Kosachuk and Chris Kosachuk's corporation NLG do not hold any claims against Hazan. This is an emergency because the marshall's have been directed to my homestead by this court.

---

[1] Chris Kosachuk filed an involuntary Chapter 7 bankruptcy case against NLG, LLC in Delaware.

This Court should deny the Motion for Writ of Execution as it improperly seeks to harass Ms. Hazan who was discharged after successfully reorganizing her chapter 11bankrutcy case before Judge A. Jay Crisol. The fraudulent Motion for Writ of Execution falsely state a residential address that is the homestead property that belongs to Liza Hazan a/k/a Elizabeth Hazan and not the defendant Canadian Corporation 9197-5904 Quebec, Inc.

Doctrines of res judicata and collateral estoppel prevent Chris Kosachuk from proceeding.

Judge Cristol has already ordered Chris Kosachuk to withdraw all his filings in the case before judge Michael Moore involving Kosachuk and Quebec or he would be fined $1,000 per day Chris Kosachuk v. 9197-5904 Quebec, Inc., Case No. 18-25369-MC-MOORE (S.D. Fla.)("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015.

Moreover, the court has no jurisdiction over the Canadian corporation 9197-5904 Quebec, Inc. as it has no business in Florida, no employees in Florida, no place in business in Florida. Quebec's last known address of Quebec is 4-5552 Queen Mary Road Cote St Luc H3X 1V9. Enterprise number 1165198848. Quebec never had an address at Elizabeth Hazan's homestead property located on Fisher Island at 6913 Valencia Drive Fisher Island Florida 33109.

Finally, same case is pending before Judge Michael Moore involving same parties case **1:24-cv-23089-KMM.** On November 25, 2024, the Honorable Judge Michael Moore ordered a trial on May 19, 2025 on same issues. [D.E. 24] in case **1:24-cv-23089-KMM** and this Court should transfer this closed case to the open case pending before Judge Moore in District Court **1:24-cv-23089-KMM**.

<u>BACKGROUND</u>

I.    *CANADIAN COMPANY 9197-5904 QUEBEC INC IS NOT LOCATED AT ELIZABETH HAZAN'S HOMESTEAD RESIDENCE LOCATED AT 6913 VALENCIA DRIVE FISHER ISLAND FL 33109 and The Bankruptcy Judge Cristol found that Chris Kosachuk and his Company, NLG, did not have a claim against Ms. Hazan and has repeatedly sanctioned NLG, Kosachuk, and his*

*counsels for violating the Bankruptcy Discharge Order based on continued improper collection efforts and held them in contempt of court.*

Elizabeth Hazan's homestead property is located at 6913 Valencia Drive Fisher Island 33109 with the following legal description: LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida.  <u>QUEBEC is located in Canada at 5552 Queen Mary Road, Cote-St-Luc Quebec H3X 1V9 Canada. Quebec never had an address at 6913 Valencia Drive Fisher Island Fl 33109.</u>

Hazan commenced an adversary proceeding in Bankruptcy Court to resolve certain claims. Among others, on August 21, 2016, the Hazan commenced the Adversary Proceeding against Kosachuk corporation NLG, LLC. (BK A.P. Case No. 16-01439-AJC D.E. 1).

On January 3, 2017, the Hazan filed her Third Amended Complaint which sought, among other things: (i) Count I – to determine the extent, validity, and priority of NLG's claim of alleged lien; (ii) Count II – to avoid NLG's alleged security interest pursuant to § 544; and (iii) to Quiet Title (the "Counts") (BK A.P. C.P. 48).

The Court conducted a multi-day trial in the Adversary Proceeding on July 13, 2017.  (BK A.P. C.P 188) (Case No. 16-01439-AJC).  Following the trial, on November 1, 2017, the Bankruptcy Court entered the Judgment on Counts I, II and III in favor of Hazan.  (the "Bankruptcy Final Judgment") (BK A.P. C.P. No. 238):

The Bankruptcy Final Judgment provides, in relevant part:

a.  "NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that **NLG has no standing in this case** based upon the Note, Mortgage, claim or lien emanating therefrom." *Id.* at p. 13 (emphasis added).

b.  **NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal**

description:

**LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10**
**according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida have been satisfied and paid, and are deemed SATISFIED OF RECORD, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.**

c.     Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward NLG's outstanding debt due to Selective pursuant to the Quebec Judgment.

d.     NLG's Proof of Claim #17 is disallowed and **NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.**

Adversary Proceeding Final Judgment (emphasis added). A true and correct copy of the Final Judgment is attached hereto as **Exhibit "A."**

Kosachuk's allegations are in direct contravention of The Honorable Bankruptcy Judge A Jay Cristol Final Judgment, Court Orders (including the Discharge Order) and permanent injunctions. Further, Kosachuk in a desperate attempt to continue improper collection efforts fails to advise this Honorable Court that his bankrupt corporation NLG, LLC through him and his counsel Juan Ramirez JR were found in contempt of Court numerous times by the Honorable Judge A Jay Cristol for violating the Bankruptcy Court Final Judgment entered in favor of Selective Advisors Group, LLC ("Selective") and in favor of Reorganized and Discharged Debtor Hazan in Case 16-01439-AJC Adversary Case No. 16-01439-AJC.

Further, Hazan's fourth plan of confirmation was confirmed on June 12, 2018, and the Confirmation Order, provides in pertinent part:

Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 USC § 1141."

All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as

personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived."

All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date."

The Bankruptcy Court shall retain jurisdiction: (a) To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto; (b) To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order; (c) To determine all controversies relating to or concerning the classification, subordination, allowance, valuation or satisfaction of Claims; (d) To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated Claims; (e) To determine the validity, extent and priority of all liens, if any, against property of the estate; (f) To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate; (g) To determine all objections to Administrative Claims; (h) To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;

(i) Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor;

(j) To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;

(k) To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

(i) To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

(m) To enforce any and all injunctions created pursuant to the terms of the Plan;

(n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

(o) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan."

18. Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre- Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein..”

Confirmation Order [BK Case D.E. 691]. A true and correct copy of the Confirmation Order is attached hereto as **Exhibit "B."**

On December 6, 2018 The Bankruptcy Court entered an Order Granting Hazan Discharge:

which provides, among other things

"4. The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d)."

[BK Case D.E. 766, paragraph 4]. A true and correct copy of the Discharge Order is attached hereto as **Exhibit "C."**

Notwithstanding the Bankruptcy Court Final Judgment and the discharge injunction entered in favor of Hazan and Meehan's corporation, Kosachuk and his corporation NLG and NLG's counsels have continued to ignore the Bankruptcy orders, Final Judgment and permanent injunctions against them and have continuously acted in contravention of the bankruptcy rulings even after being cautioned to refrain from taking any other action in contravention of the Bankruptcy Final Judgment. Ms. Hazan has moved multiple times to hold Kosachuk, NLG and NLG's counsel Ramirez and Astrid Gabbe in contempt of court.

In fact, on December 28, 2018 Judge Cristol held NLG and Ramirez in contempt of court and in violation of his orders and granted sanctions against them and in favor of Hazan:

1. The Court finds that **Attorney Ramirez and NLG have violated the injunctions in the Confirmation Order** by filing the cross-claim in the Foreclosure Action seeking to foreclose a pre-petition debt that was deemed satisfied and otherwise extinguished in this bankruptcy case.

2. **Attorney Ramirez and NLG shall immediately withdraw or**

**dismiss the cross-claim** filed in the Foreclosure Action, and upon dismissal of the cross-claim, the *lis pendens* shall be dissolved.

3. **If the cross-claim is not immediately dismissed, NLG, LLC and Juan Ramirez, Esq., will be determined to be in contempt of this Court's Orders and the Court will consider the imposition of further sanctions, including punitive damages.**

4. **NLG and Attorney Ramirez are cautioned to refrain from taking any other action in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018.**

5. **NLG and Mr. Ramirez shall be jointly and severally liable for the attorney's fees in the amount of $9,500.00 as reasonable fees incurred by the Reorganized Debtor for filing the Motion in this case, appearing before the Court at two (2) hearings and filing post- hearing submissions with the Court, all in defense of NLG's improperly filed and violative cross-claim in the Foreclosure Action.**

Sanctions Order [BK Case D.E. 780]. A true and correct copy of the Sanctions is attached hereto as **Exhibit "D."**

On March 18, 2019, the Bankruptcy Court entered a Final Judgment against Kosachuk's corporation NLG and against his lawyer Juan Ramirez JR. and in favor of Reorganized Discharged Debtor Liza Hazan a/k/a Elizabeth Hazan. [BK Case D.E. 825]. A true and correct copy of the Final Judgment against Kosachuk is attached hereto as **Exhibit "E."**

In response to being sanctioned, Kosachuk, on the same day, files a motion for Writ of Execution and is attempting to bring Non-Parties and discharged Non-Parties into litigation where he has no claim whatsoever against Non-Party Hazan.

Kosachuk holds a judgment against a defunct dissolved foreign Canadian company called 9197-5904 Quebec Inc that is not registered to do business in the State of Florida, has no employees in Florida.

This is continuation of improper collection techniques by Kosachuk who has lost any and all claims against Reorganized and Discharged Debtor Liza Hazan a/k/a Elizabeth Hazan and who is permanently enjoined from pursuing any claims against Ms. Hazan.

On December 8, 2018, in an adversary case filed by Chris Kosachuk and NLG against same

Non-Parties Hazan, Meehan, and Meehan's various entities in Bankruptcy Case No. 18- 01492-

AJC. Judge Cristol dismissed the case with prejudice against all parties.

On March 12, 2019, the Court entered an Order which provides, among other things:

> "The Court notes that Defendants have also raised other meritorious reasons for dismissing the Amended Complaint. For instance, **Plaintiff Chris Kosachuk, who has not filed a proof claim or otherwise participated in an individual capacity in Hazan's bankruptcy case, lacks standing** to seek revocation. Pursuant to 11 U.S.C. §1109(b), only '[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.' A party in interest
>
> must have 'a direct legal interest in the case' and may only 'assert that interest with respect to any issue to which it pertains.'"

Order Granting Motion to Dismiss Amended Complaint with Prejudice entered in Adv. No 18-1492-BKC-AJC-A and attached hereto as **Exhibit "F"** *quoting In re JMP-Newcor International, Inc.*, 225 B.R. 462, 464 (Bankr. N.D. Ill. 1998) (citations omitted).

As Kosachuk has no claim against Hazan, he is unable to challenge by the confirmation of

Hazan's plan. NLG also lacks standing regarding confirmation of Hazan's plan because it holds

no allowed claim. *See, e.g.*, *In re Flintkote Co.*, 526 B.R. 515, 520 (D. Del. 2014) (purported

creditor lacked standing to challenge plan confirmation "because all of its asserted claims were

untimely or disallowed"); *In re Delta Air Lines, Inc*., 374 B.R. 516 (Bankr. S.D.N.Y. 2007)."

> **<u>Kosachuk, his company NLG, and his lawyers were sanctioned by Bankruptcy Judge Cristol and Judge Cristol held them in contempt of Court for filing writs of garnishments against Ms Hazan in same matter involving same foreign judgment in case Kosachuk v. 9197-5904 Quebec, Inc., Case No. 18-25369-MC-MOORE (S.D. Fla.)("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015.</u>**

> *<u>Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor,</u>*
>
> *<u>Astrid Gabbe, Esq. on behalf of Chris Kosachuk, filed a Motion for Postjudgment Writ of</u>*
>
> *<u>Garnishment against Debtor Liza Hazan in the District Court case, causing to be issued a Writ</u>*
>
> *<u>Of Garnishment against Ms. Hazan.</u>*

Kosachuk, NLG, LLC and its attorney, Juan Ramirez, Jr. have repeatedly violated the

orders of this Court, resulting in several previous sanctions orders. Despite this Court's previous

orders and warnings, Kosachuk has again recorded a *lis pendens* against Ms. Hazan's home. Ms. Hazan once again requested sanctions of increasing severity in order to finally deter Kosachuk from continuing with his wrongful conduct. Kosachuk and the related parties have been found by this Court to have violated numerous orders, including violations of the Order Granting in Part Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages and Punitive Damages case 16-10389-AJC [ECF NO. 780] **(the First Contempt Order)**, Order Confirming Plan of Reorganization [ECF NO. 691][2] **(the Confirmation Order)**, Order Granting Motion to Reopen Case to Approve Final Report and Enter Discharge to Reorganized Debtor [ECF NO. 766] **(the Discharge Order)**, the March 12, 2019 Order on Reorganized Discharged Debtor's Motion for Contempt and Sanctions **(the Second Contempt Order)** [ECF 823], the April 12, 2019 Order Granting in Part and Denying in Part Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] **(the Third Contempt Order)**, **(the Fourth Contempt Order)**, [ECF No. 932], the Order granting Hazan's Emergency Motion for Contempt [ECF No. 886], [ECF No. 902] **(the Fifth Contempt Order)**, Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment [ECF No. 926], [ECF No. 932], the Order Granting Debtor's Motions for contempt and Setting hearing on NLG LLC's Motion to Strike and for Sanctions [ECF No. 932] **(the Sixth Contempt Order)**, the Order Granting Debtor's Motion For Contempt and Sanctions For the filing of The Fifth Lis Pendens [ECF No. 995] **(the Seventh Contempt Order).**

On April12, 2019, the Bankruptcy Court entered an Order Granting Ms. Hazan's Motion for contempt and Sanctions against Chris Kosachuk. The Motion seeks sanctions against Astrid Gabbe, Esq. and Chris Kosachuk for filings made in *Chris Kosachuk v. 9197-5904 Quebec, Inc*., Case No. 18-25369-MC-MOORE (S.D. Fla.) ("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015.

---

[2] See United States Bankruptcy Court Southern District Court of Florida Miami Division Case 16-10389-AJC

Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Astrid Gabbe, Esq. on behalf of Chris Kosachuk, filed a *Motion for Postjudgment Writ of Garnishment* against Debtor Liza Hazan in the District Court case, causing to be issued a Writ of Garnishment against Ms. Hazan. Answers to the writs were necessarily filed and Objections to those answers were filed by Attorney Gabbe for Chris Kosachuk.

Thereafter, Attorney Gabbe, on behalf of Chris Kosachuk, filed in the District Court case the *Judgment Creditor Chris Kosachuk's Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Againsts [sic] its Officers and Beneficiaries: Raymond Houle, Elizabeth Hazan A/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law*. The verified motion seeks to pierce the corporate veil of Quebec to Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. Attorney Gabbe, for Kosachuk, requested the District Court pierce the corporate veil of Quebec and enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally.

These attempts to collect on the Quebec judgment from Ms. Hazan are blatantly contemptuous acts in willful defiance of this Court's Confirmation Order (ECF 691), Discharge Order (ECF 766) and the discharge injunction provided under the Bankruptcy Code. Kosachuk, and Attorney Gabbe, have appeared throughout these proceedings and Kosachuk's corporation, NLG, LLC, has likewise appeared throughout these proceedings. Despite his participation in this case, Mr. Kosachuk never filed a claim in this case, for this prepetition judgment or any other. If Mr. Kosachuk believed he may have had a claim against this Debtor for the 2015 prepetition judgment, he should have filed same during the course of the case; but having chosen not to, any alleged claim was lost, or waived, upon the entry of the Confirmation Order and the Order of Discharge.

The Confirmation Order prohibits pursuit of prepetition debts against Hazan and the Discharge Order discharged Hazan of liabilities accruing prior to entry of the Confirmation Order. The Final Order and Judgment against Quebec having been entered **on *March 24, 2015***, before the Confirmation Order was entered and before the filing of the petition for relief, any such liability of Hazan would be a prepetition debt discharged by the orders of this Court. Given their active participation in Hazan's bankruptcy case, it is indisputable that Kosachuk and Gabbe have actual knowledge of the proceedings in this case, including the entry of the Confirmation Order and Discharge Order. In fact, they have appealed the Confirmation Order, along with other Orders, but have not obtained a stay of any Order of the Court. Thus, the Confirmation Order and Order of Discharge having become final, Kosachuk and Gabbe are prohibited from seeking to enforce the Quebec judgment against Hazan in the District Court case. The Court cannot allow this willful violation of the Court's Orders and the discharge injunction to pass without ensuring counsel and her client know what they did was wrong. Therefore, the Court will sanction Astrid Gabbe, Esq. and her client, Chris Kosachuk, jointly and severally, for filing the foregoing motions against the Debtor in the District Court case, thereby unnecessarily multiplying the pleadings in the District Court case. To ensure these violations

do not persist, Gabbe and Kosachuk will be jointly and severally liable for the attorneys fees Hazan incurred to defend herself in the District Court case. They shall also be required to withdraw all pleadings against Hazan within 48 hours or be fined $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

Accordingly, it is

ORDERED AND ADJUDGED that the *Reorganized Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe* (ECF 836) is GRANTED IN PART AND DENIED IN PART as follows:

1. Astrid Gabbe, Esq. and Chris Kosachuk shall withdraw all pleadings against Liza Hazan in the District Court case within 48 hours of entry of this Order, or the Court will fine them
$1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

2. Astrid Gabbe, Esq. and Chris Kosachuk are liable, jointly and severally, for all reasonable and necessary attorneys fees that Debtor Liza Hazan incurred to defend herself in the District Court case.

2. Within fourteen (14) days of entry of this Order, Debtor's counsel shall file an affidavit of all fees incurred by Debtor to defend herself in the District Court case, and the Court will conduct a hearing on May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL to consider any objections to said fees.

See Case 16-10389-PGH Doc 856. See **Exhibit G**

Hazan does not have a relationship with Quebec. Among other things: Quebec never maintained an office at Ms. Hazan's personal address 6913 Valencia Drive Miami Florida 33109. Quebec has its own Canadian address and does not maintain an address at Ms. Hazan nor her personal attorneys' address. Hazan does not own an interest in Quebec nor is she been an officer. See attached as **Exhibit "H"** statements of schedules and affairs filed in the Hazan's Bankruptcy Case No. 16-10389-AJC which reflects that Quebec was never part of Ms. Hazan's corporations.

Further, Kosachuk failed to assert these claims in the bankruptcy case and is barred from doing so now. The only fraud case Kosachuk had alleged against Meehan and Hazan was dismissed with prejudice in the Bankruptcy. *See* Order Granting Motion to Dismiss Amended Complaint with Prejudice at **Exhibit "F."**.

Further, Ms. Hazan was discharged in the Bankruptcy Court and her Fisher Island property

was dealt with in the plan and NLG and Kosachuk are permanently forever enjoined to bring any claim against Hazan or the property. Moreover, the Bankruptcy Court Final Judgment addressed the parties respective rights and is binding under, among other principals res judicata and claim preclusion. Res judicata—or, to use the more modern terminology, "claim preclusion"—is a bedrock principle of our legal system. Public policy "dictates that there be an end of litigation, that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Iowa State Traveling Men's Assn.*, 283 U.S. 522 (1931).

Finally, it is improper for the Plaintiff to pursue this relief in Florida and should proceed in Canada as this Court lacks jurisdiction over Quebec.

WHEREFORE, Quebec respectfully request that (1) Strike or dissolve Chris Kosachuk's Motion for Writ of execution in its entirety, with prejudice; (2) Order the Clerk to Dissolve the Writ of execution issued; (3) Order the Clerk to immediately transfer this case to the pending case 1:24-cv-23089-KMM before the honorable Judge Michael Moore involving same parties case **1:24-cv-23089-KMM**; and (3) grant other relief that this court may deem just and proper.

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on this this 3rd day of December, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted,

JOEL M. ARESTY, P.A.
309 1st Ave S
Tierra Verde FL 33715

Phone: 305-904-1903
Fax:1- 800-599-1870
Email:Aresty@Mac.com
By:/s Joel M. Aresty
Fla. Bar No. 197483

*Counsel for Liza Hazan also known as Elizabeth Hazan*

**Notice will be electronically mailed to:**

Chris Kosachuk, on behalf of Plaintiff; chriskosachuk@gmail.com

**EXHIBIT A**



**ORDERED in the Southern District of Florida on October 31, 2017.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

In re:

LIZA HAZAN,                                                  CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

     Debtor.                                         CHAPTER 11
_____/
LIZA HAZAN a/k/a ELIZABETH HAZAN
and SELECTIVE ADVISORS GROUP, LLC,           ADV. NO. 16-1439-BKC-AJC-A

     Plaintiffs,

vs.

NLG, LLC

     Defendant.
_____/

**<u>FINAL JUDGMENT ON COUNTS I, II AND III OF PLAINTIFFS' THIRD AMENDED
COMPLAINT DETERMINING VALIDITY, PRIORITY AND EXTENT OF LIENS AND
SETTING TRIAL ON COUNTS IV THROUGH IX</u>**

    **THIS CAUSE** came before the Court for trial on July 13, 2017 at 10:00 a.m., upon

Plaintiffs, Selective Advisors Group, LLC ("Selective") and Liza Hazan a/k/a Elizabeth Hazan's Third Amended Complaint and Defendant, NLG, LLC's Counterclaim. Selective commenced this Adversary Proceeding against NLG, LLC ("NLG") on August 21, 2016, seeking a determination of the nature and extent of its claimed lien, if any. Debtor joined the adversary proceeding against NLG on October 21, 2016. The Third Amended Complaint was deemed the operative Complaint by Order entered January 23, 2017, and NLG filed an Amended Answer and Counterclaim on May 17, 2017. In its Counterclaim, NLG also seeks a determination of the nature and extent of its claimed lien and that its late filed claim be allowed as a timely filed claim. Plaintiffs seek a determination that NLG has no remaining claim against this Debtor and no standing to participate in this case.

The Court having reviewed the file, the documentary evidence and exhibits, having heard the testimony of witnesses and argument of counsel, finds and concludes as follows.

## A. **Background**

Ms. Hazan is the owner of her homestead residence located at 6913 Valencia Drive, Fisher Island, Florida (the "Property"). She purchased the Property on March 7, 2007 from NLG. Chris Kosachuk is the manager and representative of NLG. For nearly a decade, Kosachuk and NLG have litigated with Debtor in multiple courts and in several jurisdictions. The various courts have entered final orders setting forth the rights and obligations of Ms. Hazan, NLG, and Selective.

All interested parties to the various controversies are now before this Court and subject to its jurisdiction. This Court is not an appellate court for any of the other courts; thus, full faith and credit must be given to all of the final judgments and orders entered in the other courts as those judgments have become final and not subject to appeal.

There have been claims or assertions that some of these other court decisions are erroneous.

However, when the decisions or judgments of those courts became final and not subject to further appeal, those decisions or judgments became the law of the respective case and not subject to further review by this Court. While arguments have been made to accept one or more of the prior judgments and ignore others, those arguments are not persuasive and this Court will attempt to determine the rights of the parties by giving full faith and credit to all of the final orders and judgments.

**State Court Proceedings**

NLG's claim against Debtor arises from a promissory note (the "Note") (Exhibit 1) and mortgage (the "Mortgage") (Exhibit 2) on the Property, recorded in April 2007 in the original amount of $1,275,000.00. In June 2007, NLG sued Debtor for an alleged breach of the Note, in Miami-Dade Circuit Court, Case No. 07-19532 CA 11 (Exhibit 3). On April 28, 2008, Circuit Judge Robert N. Scola Jr. entered a Default Final Judgment on the Note (the "Scola Judgment") against Ms. Hazan in the amount of $1,618,071.29 with 11% interest per annum (Exhibit 4). NLG moved to domesticate the Scola Judgment in New York and litigation followed in the New York Supreme Court.

In December 2011, NLG filed a second lawsuit, Case No. 11-42770 CA (01), in Miami–Dade Circuit Court seeking to foreclose on the Mortgage (Exhibit 5). On February 8, 2013, the trial court judge, Judge Spencer Eig, ruled that NLG had made an election of remedies by first suing on the alleged breach of the Note, and obtaining a judgment thereon. As such, Judge Eig precluded NLG from foreclosing on the Mortgage (Exhibit 6). NLG appealed that decision to the Third District Court of Appeal.

On April 30, 2014, while the Eig Order was on appeal to the Third District Court of Appeal, Plaintiff Selective acquired a 2012 New York judgment against NLG [and in favor of 9197-5904 Quebec, Inc.] and recorded the foreign judgment in Miami-Dade County, Florida in Case No.14-10475 CA (10) assigned to Circuit Court Judge Peter Lopez (the "Quebec Judgment"). NLG filed a

3

Motion to Quash the recording of the New York judgment against it in Florida. However, after NLG failed to post a bond as ordered, Judge Lopez denied NLG's motion to quash on June 16, 2014, finding that Plaintiff Selective has the right to enforce and collect on their foreign judgment, the $5,000,225.00 Quebec Judgment.

Thereafter, on July 2, 2014, Selective, as owner of the then-domesticated foreign judgment, the Quebec Judgment, brought proceedings supplementary in Case No.14-10475 CA (10) specifically to seize and attach NLG's judgment against Hazan (the Scola Judgment) for the purpose of partially satisfying the Quebec Judgment. Circuit Judge Lopez heard the Proceedings Supplementary Motion on August 12, 2014 and August 15, 2014, and entered an Order on August 20, 2014, judicially assigning to Selective the Scola Judgment against Debtor (the "Lopez Assignment Order"). The Lopez Assignment Order states in pertinent part:

> 1.     The Court orders that the Hazan Final Judgment held by NLG, LLC, against Elizabeth Hazan, ("Hazan Final Judgment") and all of NLG, LLC's rights, claims and benefits held against Elizabeth Hazan are hereby judicially assigned to the Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability Company.
>
> 2.     Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC shall stand in the shoes of NLG, LLC with respect to all claims, rights, and benefits held by NLG, LLC so as to entitle it to recover all proceeds attributable to said judgment against additional Defendant, Elizabeth Hazan, with NLG, LLC receiving credit for all sums so received.
>
> 3.     Plaintiff, SELECTIVE ADVISORS GROUP, LLC shall give a credit to Defendant NLG, LLC in the sum of $2,746,953.34 which amount includes principal and interest through August 31, 2014 at the 11% judgment amount **without prejudice to Defendant establishing at further hearing why the credited amount should be greater**.

Exhibit 8 (emphasis added).

At trial, NLG argued that the Scola Judgment was the subject of an appeal at the time of the assignment, and therefore could not have been judicially assigned by Judge Lopez. However, Judge

Lopez actually addressed and dismissed that argument when he denied NLG's motion to reconsider the Order of assignment of the Scola Judgment to Selective:

> Okay, so I assigned your interest in it to them (Selective), which had nothing to do with what's going on up on appeal. . . .

> That judgment that I assigned to them (Selective) or that interest in that judgment was up on appeal. I didn't affect the validity of what's up on appeal. I just said, if you win or lose, whatever happens, now, these people own it instead of you. The Third came back and said, too bad, you get to foreclose, they now own that judgment or note if that's what merged into it, they (Selective) get to go and foreclose.

Exhibit 22, Tr page 24 lines 3-5; Tr page 26 Lines 3-12. Judge Lopez's Orders are final.

**Satisfaction and Payment of the Scola Judgment**

On August 20 and 21, 2014, Selective filed a satisfaction of the Scola Judgment and the Mortgage (Exhibit 9). Selective gave credit to NLG towards the Quebec Judgment. According to the Electronic Judgment Lien Amendment Statement filed on September 5, 2014 with the Florida Secretary of State (Exhibit 14), it appears NLG was given credit in the amount of the Scola Judgment, or $1,618,071.29, without credit for interest thereon. The Lopez Assignment Order specifically determined that $2,746,953.34 was the correct sum to be credited to NLG for the Scola Judgment, as that amount includes interest from April 28, 2008 through August 31, 2014. **The Lopez Assignment Order also left open the possibility of an increase in that amount, should same be proven at a further hearing**.

The Lopez Assignment Order was never vacated or set aside, and the decision remains the law of the case.

In the New York lawsuit by NLG against the Debtor, Selective proceeded to intervene. Judge Barbara Jaffe of the New York Supreme Court entered a Decision and Order on October 30, 2014 recognizing Selective's assignment of the Scola Judgment pursuant to the Lopez Assignment Order. In that case, the court ordered the caption of the New York case be changed to reflect the substitution

of Selective Advisors Group, LLC as the proper party, in place of NLG, LLC (Exhibit 18). The court

also directed the Clerk to accept for filing the Order of assignment "judicially assigning the underlying

Florida judgment from plaintiff to Selective", and strike all NLG's judgments of record against Ms.

Hazan. On November 13, 2014, Judge Jaffe dismissed NLG's lawsuit against Elizabeth Hazan, ruling

as follows:

> Given the satisfaction of Judgment in the underlying action under index #101288/2013,
> as reflected in my Decision and Order dated October 30, 2014, defendant's motion to
> dismiss the proceeding is granted and the proceeding is dismissed. The clerk is directed to
> enter judgment accordingly.

Exhibit 19.

**The Third District Court of Appeal Opinion and the Gordo Foreclosure Judgment**

On September 3, 2014, the Third District Court of Appeal reversed Judge Eig on the issue of

election of remedies and held that foreclosure could proceed on the Mortgage (Exhibit 12). Circuit

Judge Monica Gordo, by that time having replaced Judge Eig in the division, then entered a

foreclosure judgment in favor of NLG, despite the judicial assignment of NLG's interests in the Note

and Mortgage to Selective (the "Gordo Foreclosure Judgment"). Notwithstanding the various court

rulings recognizing the judicial assignment of the Scola Judgment to Selective, Judge Gordo entered

a Final Judgment of Foreclosure in favor of NLG on December 4, 2015 (Exhibit 21).  The Gordo

Foreclosure Judgment determined NLG, LLC was entitled to the grand total sum of $4,876,654.29

and set a sale for January 12, 2016.

However, on January 11, 2016, the Debtor filed for Chapter 11 bankruptcy protection and

the sale was stayed.

**B.  Legal Analysis**

Plaintiffs contend that Judge Lopez judicially assigned to Selective the Scola Judgment,

together with all the rights and claims thereunder, which includes the right to enforce the Mortgage,

leaving NLG with no enforceable mortgage, lien, or claim in this bankruptcy case.  NLG takes the position that, notwithstanding the judicial assignment of the Scola Judgment on the Note, NLG retained the right to foreclose on the Mortgage. NLG asks the Court to limit its review to only one out of the many rulings entered in the ten-year history of litigation between the parties.  It asks the Court to look only to the Gordo Foreclosure Judgment, contending that Judge Gordo resolved all issues in NLG's favor.

After reviewing the history of the proceedings between the parties, it is evident the Gordo Foreclosure Judgment does not resolve all issues in NLG's favor. The Scola Judgment, the Lopez Assignment Order, and the Gordo Foreclosure Judgment all control this Court's decision going forward.  The Scola Judgment established Debtor's liability to NLG on the Note.  The Scola Judgment, and consequently the Mortgage, were assigned to Selective by the Lopez Assignment Order, and were thereafter satisfied.  Finally, by the Gordo Foreclosure Judgment, NLG, LLC established its entitlement to a greater credit for the judicial assignment of the Note and Mortgage. Moreover, any interest NLG may have had in the Mortgage by virtue of the Gordo Foreclosure Judgment is/was extinguished upon redemption by the Debtor and satisfaction.

The Scola Judgment awarded NLG, LLC $1,618,071.29 against the Debtor for Debtor's breach of the Note.

In 2014, after entry of the Scola Judgment, Selective acquired a $5,000,225 judgment against NLG, LLC, the Quebec Judgment.  (Although NLG argued that the Quebec Judgment was erroneous or invalid, it is a final judgment not subject to appeal.)  Selective domesticated the Quebec Judgment in state court, before Judge Lopez, and the order domesticating the judgment has become final and non-appealable.  Thereafter, the Lopez Assignment Order was entered, judicially assigning the Scola Judgment to Selective [in partial satisfaction of the Quebec

Judgment] and determining the value of the Scola Judgment to be $2,746,953.34, inclusive of interest. The Lopez Assignment Order judicially assigns the Scola Judgment to Selective, together with all the rights and claims thereunder.

Because ownership of the Mortgage follows the Note, in the absence of a contrary intention, Selective, who owns and holds the Note, therefore has standing to foreclose the Mortgage.

> It has frequently been held that a mortgage is but an incident to the debt, the payments of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by the mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties.

*Taylor v. Bayview Loan Servicing, LLC*, 74 So.3d 1115, 1117-18 (Fla. 2d DCA 2011). Under Florida law, "[a] crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" [the subject note and subject mortgage when the complaint is filed]. *McLean v. JPMorgan Chase Bank Nat'l Ass'n*, 79 So.3d 170, 173 (Fla. 4th DCA 2012). "Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint." *Id.* NLG has not demonstrated that it owns and holds the Note and Mortgage in question. *Verizzo v. Bank of N.Y.*, 28 So.3d 976, 978 (Fla. 2d DCA 2010). Here, NLG's interest in the Note, as evidenced by the Scola Judgment, was assigned by Judge Lopez to Selective. NLG no longer holds the right to enforce the Note or the Scola Judgment entered on the Note. See, Trial Transcript Page 27 lines 3-11. There being no evidence presented to support the position that the parties did not intend for the Mortgage to follow the Note, the Mortgage did indeed follow the assignment of the Note in this case. The Note having been judicially assigned to Selective, Selective has standing to foreclose the Mortgage and, upon assignment, NLG had no further right to foreclose the Mortgage. When Judge Lopez assigned the Scola Judgment to

Selective, Selective stepped into the shoes of NLG, acquiring standing to foreclose on the Note and Mortgage.

The public records for Miami-Dade County, Florida reflect that the Scola Judgment and the Mortgage were both satisfied in August 2014.  NLG was given credit by Selective for the debt remaining under the Scola Judgment and Mortgage, in partial satisfaction of the domesticated Quebec Judgment.  It appears that credit may not have been finally determined, as discussed further herein.

Notwithstanding the judicial assignment to Selective and subsequent satisfactions, in November 2014, the Third District Court of Appeal, presumably unaware of the assignment and satisfactions, entered an opinion reversing the Eig Order and permitting foreclosure of the Mortgage. Following the mandate, Judge Gordo entered the Gordo Foreclosure Judgment in December 2015. The Gordo Foreclosure Judgment determined NLG is entitled to $4,876,654.29 under the Note and Mortgage. The Court is advised Selective tried to intervene in the case but Judge Gordo did not allow intervention.  This Court was not informed as to why Selective did not otherwise intervene in the appeal of the Eig Order and advise the Third District Court of Appeal that Selective was assigned the Note and Mortgage and that the Note and Mortgage were satisfied months before the Third District Court Appeal issued its opinion reversing the Eig Order.

Thus, it initially appears there may be a conflict between the Lopez Assignment Order, assigning ownership of the Note and Mortgage on the Property to Selective, and the Gordo Foreclosure Judgment, granting foreclosure of the Property in favor of NLG as Plaintiff instead of in favor of Selective.  However, this conflict has been overcome by events.

Giving full faith and credit to the Lopez Assignment Order, NLG's rights in the Scola Judgment were assigned to Selective, after Judge Lopez concluded that the assignment of the Scola

Judgment to Selective had no relevance to the issues on appeal. (Exhibit 22, Tr. 26:3-11). The Lopez Assignment Order establishes that NLG, LLC is entitled to $2,746,953.34 for the assignment, "which amount includes principal and interest [on the Note] through August 31, 2014 at the 11% judgment amount *without prejudice to [NLG] establishing at further hearing why the credited amount should be greater*." (Emphasis added.)  Giving full faith and credit to the Gordo Foreclosure Judgment, NLG established its entitlement to a greater credit than that in the Lopez Assignment Order, in the grand total sum of $4,876,654.29. The Gordo Foreclosure Judgment also granted NLG the right to foreclose, but allowed the Debtor to redeem the Property up until the time of the sale.  Thus, notwithstanding the right to foreclose, no sale took place, and the Debtor's right to redeem remains alive and well.

NLG argued at trial that Selective is collaterally estopped from asserting its interest in the Mortgage.  "However, in collateral estoppel the 'precise fact' or 'every point and question' on the issue must have been decided". *Chandler v. Chandler,* 226 So.2d 697 (Fla. 4th DCA 1969) citing *Gordon v. Gordon*, 59 So.2d at 45 (Fla.1952).  Here, Selective sought to intervene in the Gordo foreclosure lawsuit to raise its unique issues of law and fact relative to the assignment of the Mortgage rights and the right to intervene was denied to Selective.  "[I]f there is any doubt as to whether a litigant has had his day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation". *Brown v. R.J. Reynolds Tobacco Co*., 611 F.3d 1324 (11th Cir. 2010).  The evidence and testimony presented at trial demonstrate that Selective was not a party to the Gordo case and therefore is not barred by res judicata or collateral estoppel from asserting its rights under the Note and Mortgage.

However, even assuming that the Gordo Foreclosure Judgment authorized NLG, *and not Selective*, to foreclose the Mortgage, the foreclosure sale never took place because Debtor filed

this bankruptcy case, staying the sale pursuant to 11 U.S.C. §362. The Debtor redeemed the Property prior to a foreclosure sale being conducted and certificate of sale being issued, thereby satisfying the Gordo Foreclosure Judgment. In paragraph 4 of the Gordo Foreclosure Judgment, the state court judge set a foreclosure sale date, subject to paragraph 6 therein. Paragraph 6 of the Gordo Foreclosure Judgment states:

> **Right of Redemption.** On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statute, Section 45.0315 shall be terminated.

Section 45.0135, Fla. Stats., provides:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

Until the certificate of sale issued, the Debtor retained her right of redemption, regardless of the identity of the mortgagee. Consistent with her rights under the Gordo Foreclosure Judgment and as provided by statute, the Debtor in fact redeemed the Property prior to a foreclosure sale, by satisfying the Note and Mortgage, and by Selective providing NLG credit for payment of the Note and Mortgage to partially satisfy NLG's debt to Selective by virtue of the Quebec Judgment.

The amount of the credit provided to NLG should be the greater amount established by the Gordo Foreclosure Judgment. Although the Scola Judgment determined the debt on the Note to be $1,618,071.29, the Lopez Assignment Order increased the amount owed to NLG by the Debtor to $2,746,953.34. The Gordo Foreclosure Judgment ultimately established that NLG was entitled to $4,876,654.29 for the Note and Mortgage. While the $4,876,654.29 amount may be disputed, the

Court must give full faith and credit to the Gordo Foreclosure Judgment and will therefore view the amount determined in that judgment to be the greater amount NLG established it was owed on account of the Note and Mortgage, *as the Lopez Assignment Order allowed*.

It appears from the Electronic Judgment Lien Amendment Statement (Exhibit 14) that NLG was given credit only for the amount indicated in the Scola Judgment, or $1,618,071.29. It was not credited with the amount indicated in the Lopez Assignment Order of $2,746,953.34 (which included interest on the Scola Judgment), nor was it credited with the amount indicated in the Gordo Foreclosure Judgment, $4,876,654.29. However, at the time of trial, the parties' rights were already determined by all those orders. Before any credits, Selective was owed $5,000,225.00 from NLG on account of the Quebec Judgment, and NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage pursuant to the Gordo Final Judgment. Honoring the Gordo Foreclosure Judgment, NLG must be credited for the full amount of the judgment, $4,876,654.29, whether that amount is lesser or not, for the assignment of the Note and Mortgage and satisfactions, leaving the Mortgage redeemed and Selective with a judgment against NLG in the remaining amount of $123,570.71. Whether the various satisfactions and other documents filed by Selective waive Selective's right to collect any further balance is an issue between Selective and NLG.

## Conclusion

The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose the Mortgage securing the debt traveled to the assignee Selective. Although NLG's right to foreclose against Hazan, as established by the Third District Court of Appeal, had been assigned to Selective, the Gordo Foreclosure Judgment granted NLG the right to foreclose. Assuming the validity of the Gordo Foreclosure

Judgment, the Debtor exercised her right to redeem the Property by satisfying said judgment prior to the foreclosure sale. Satisfactions of the Note and Mortgage are recorded in the official records and several courts have recognized that Debtor's debt to NLG has been paid, including the New York State Supreme Court, wherein Judge Jaffe found that NLG's judgment on the Note, the Scola Judgment, was judicially assigned to Selective and was thereafter satisfied. Upon satisfaction, NLG was credited by Selective for the Scola Judgment and Mortgage to partially satisfy NLG's debt to Selective under the domesticated Quebec Judgment.

The Court believes that credit should, however, be adjusted to reflect the amounts determined to be due and owing by the Gordo Foreclosure Judgment. NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage, pursuant to the Gordo Final Judgment. Giving full faith and credit to the Gordo Foreclosure Judgment and viewing the amount determined in the judgment to be the greater amount NLG established it was owed for the Note and Mortgage pursuant to the Lopez Assignment Order, Selective should give credit to NLG for $4,876,654.29, which credit will leave the Mortgage redeemed.

This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom. Accordingly, it is

ORDERED and ADJUDGED that Counts I, II and III of Plaintiffs' Third Amended Complaint and NLG's Amended Counterclaim are **GRANTED IN PART** and **DENIED IN PART**

as follows:

1. NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

have been satisfied and paid, and are deemed **SATISFIED OF RECORD**, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.

2. Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward NLG's outstanding debt due to Selective pursuant to the Quebec Judgment.

3. NLG's Proof of Claim #17 is disallowed and NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.

4. Counts IV, V, VI, VII, VIII, and IX of Plaintiff's Third Amended Complaint are set for trial by separate order.

# # #

Copy to:
DAVID W. LANGLEY
*Attorney for Debtor*
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: 954-356-0450
Facsimile: 954-356-0451

Email: dave@flalawyer.com

Florida Bar No. 348279

Attorney Langley is directed to serve a copy of this Final Judgment on all interested parties and to file a Certificate of Service with the Court.

EXHIBIT B



**ORDERED in the Southern District of Florida on June 11, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:                                    Case No: 16-10389 AJC
                                          Chapter 11
Liza Hazan
 Debtor.                    /

### ORDER CONFIRMING PLAN OF REORGANIZATION

THIS MATTER came before the Court on May 30, 2018 at 2:00 PM. upon Doc 563 Liza Hazan a/k/a Elizabeth Hazan's Fourth Amended Plan of Reorganization and Doc 562 Liza Hazan a/k/a Elizabeth Hazan's Fifth Amended Disclosure Statement both filed 11/15/17 proposed by (the "Debtor" or "Proponent") and Order Approving Amended Disclosure Statement and Setting Hearing on Confirmation of Plan entered 12/13/17 Doc 580.

In connection with the confirmation of the Plan, the Court has reviewed and considered the: (i) _Certificate on Acceptance of Plan and Tabulation of Ballots Filed by Debtor Doc  681  ,_ (the "Ballot Certificate") and (ii) _Confirmation Affidavit Filed by Debtor Doc 680,_ (the "Confirmation Affidavit"). The Court has also: (i) reviewed and considered the entire record in this Chapter 11 Case, including the _Proponent's Disclosure Statement_ and the Plan; (ii) considered the argument of counsel; (iii) considered the testimony of the Debtor as set forth in the Confirmation Affidavit which was proffered at the Confirmation Hearing without objection, and representations of counsel at the hearing, and (iv) considered the other evidence presented at the hearing.

The only creditors who previously objected to or voted against the plan were present, and announced that they were changing their votes to support the plan or had no objection.

# I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the above and in consideration of the record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure, and Rule 52(a), Federal Rules of Civil Procedure. Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact. *See In re American Family Enterprises,* 256 B.R. 377, 385 n,2 (Bankr. N.J, 2000); *In re Antar,* 122 B,R, 788, 789 (Bankr. S.D. Fla. 1990).

    A. The Court conducted a hearing to consider approval of the Disclosure Statement and Plan filed by the Debtor.

    B. There has been adequate and sufficient notice of: (i) the Plan and the Disclosure Statement; (ii) the deadline to file and serve objections to the confirmation of the Plan and to the adequacy of the Disclosure Statement; (iii) the deadline for voting on the Plan; and (iv) the hearing date on the approval of the Disclosure Statement and Confirmation of the Plan.  Debtor has afforded all parties in interest with an adequate opportunity to be heard regarding the Disclosure Statement and the Plan. The Plan and Disclosure Statement were served upon all parties entitled to vote thereon.

    C. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1121 through 1129; 28 U.S.C. §§ 157(a), (b)(I) and (b)(2)(L), 1334(a) and (b), the United States District Court's general Order of reference, and other various applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

    D. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a);

    E. In accordance with section 1122(a) of the Bankruptcy Code, Article II of the Plan classifies all Claims that are substantially similar to each other in discrete classes. The Plan, therefore, satisfies section 1122(a) of the Bankruptcy Code;

    F. The Plan adequately and properly classifies all Claims and Interests required to be classified and, accordingly), satisfies section 1123(a)(1) of the Bankruptcy Code;

    G. Articles II through V  of the Plan specify any class of Claims or Interests that are impaired or unimpaired under the Plan, and accordingly, satisfy section 1123(a)(2) and (3) of the Bankruptcy Code;

    H. The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment, if applicable, and accordingly, satisfies section 1123(a)(4) of the Bankruptcy Code;

    I. The Disclosure Statement Article III  sets forth the means by which the Plan will be implemented, and accordingly, makes adequate means for its implementation and satisfies section 1123(a)(5) of the Bankruptcy Code; the Plan will be funded through funds from the ongoing operation of the Debtor's properties and jobs;

    J. Each of the Voting Classes have accepted the Plan in the requisite number of

ballots, and in the requisite dollar amount, as required pursuant to 11 U.S.C § 1126(c) and as set forth in the Ballot Certificate;

K. The Ballot Certificate correctly set forth the tabulation of votes, as required by the Bankruptcy Code, Bankruptcy Rules, and the Local Rules of the Bankruptcy Court for the Southern District of Florida;

L. The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Procedures Order;

M. The Ballot Certificate and evidence at the hearing reflects that all Classes have accepted or not rejected the Plan;

N. All other objections to confirmation were announced to be settled at the Confirmation Hearing;

O. The Plan complies with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129(a) and (b) with respect to all Classes of Claims and Interests under the Plan, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the Proponent;

P. The Proponents of the Plan complied with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129;

Q. The Plan has been proposed and submitted to all Creditors and Interest Holders in good faith and not by any means forbidden by law and therefore 11 U.S.C. § 1129(a)(3) is satisfied;

R. All payments made, or to be made, by the Debtor in connection with this Chapter 11 case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court, including applications for compensation and reimbursement of expenses and, therefore, the Plan satisfies the requirements of 11 U .S.C. § 1129(a)(4);

S. The Proponent of the Plan has disclosed the identity of the individual Reorganized Debtor, who will serve after the Confirmation Date and, therefore, the Plan satisfies the requirements of II U.S.C. § 1129(a)(5);

T. The Plan does not discriminate unfairly, is fair and equitable, and otherwise complies with all of the provisions of Section 1129(b) of the Bankruptcy Code with respect to each Class of Claims or Interests that are impaired under the Plan, including without limitation, creditors holding Unsecured Claims who will receive more on account of their Claims under this Plan, than they would receive in a chapter 7 liquidation;

U. The Plan and Disclosure Statement were accompanied by projections that support the financial viability of the Reorganized Debtor, and, accordingly, the requirements of 11U.S.C. § 1129(a)(11) are satisfied;

3

V. The ongoing operation of the properties and incomes of Debtor will provide sufficient funds available for the payment in whole of: (i) Allowed Administrative Expense Claims (unclassified), which will be paid on the Effective Date; (ii) United States Trustee's Fees (unclassified); secured claims and a dividend to unsecured creditors.

**THEREFORE, BASED UPON THE FOREGOING FINDINGS, IT IS ORDERED AS FOLLOWS**:

1**.** The Plan is **CONFIRMED** pursuant to 11 U.S.C. § 1129.

2. The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All of the Terms and provisions of the Disclosure Statement and Plan are approved.

4. There are no allowed Administrative Expense Claims other than those of the Debtor's professionals and US Trustee fees. Administrative Expense Claims related to professional fees and costs shall be awarded by separate order of the Court.

5. Discharge. Because the Debtor is an individual—
**(A)** unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
**(B)** at any time after the confirmation of the plan, and after notice and a hearing, the Court may grant a discharge to the Debtor who has not completed payments under the plan if—
**(i)** the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the Debtor had been liquidated under chapter 7 on such date;
**(ii)** modification of the plan under section 1127 is not practicable; and **(iii)** subparagraph (C) permits the court to discharge; and **(C)** the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
**(i)** section 522(q)(1) may be applicable to the Debtor; and **(ii)** there is pending any proceeding in which the Debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B); and if the requirements of subparagraph (A) or (B) are met.

6. As of the Effective Date all pre-petition property of the estate shall re-vest in the Reorganized Debtor.

7. Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 USC § 1141.

8.  All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived

9. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

10. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6), through Confirmation, within ten (10) business days of entry of this Confirmation Order. The Reorganized Debtor shall file with the Court post-confirmation Quarterly Operating Reports and pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a order by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

11. To the extent applicable, the Reorganized Debtor shall have the standing and authority to pursue all claims objections. Upon the resolution of all claims objections, if any, and upon this Confirmation Order becoming final, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case (the "Final Report") on the Court approved local form.

12. The Reorganized Debtor shall pay all allowed claims at such time an in such amounts as provided for in the Plan.

13. The failure to reference or address all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control, except as otherwise provided herein.

14. If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent order of this Court, or any court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan, nor shall such reversal, modification, or vacation of this Confirmation Order affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation of this Confirmation Order, any such obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacation, shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

15. The Debtor has complied with all of the provisions of the U.S. Bankruptcy Code and the Federal Bankruptcy Rules concerning notice, disclosure, and solicitation in connection with the

Plan, the Disclosure Statement, the Modification, and all other matters considered by this Court in connection with this Chapter 11 case. The Debtor properly served the Confirmation Procedures Orders and gave proper notice of the Confirmation Hearing in accordance with Bankruptcy Rules 2002, 3017(d), and 3020(b)(2). The Notice and the opportunity given for a hearing before the Court on the approval of the Disclosure Statement and the confirmation of the Plan was adequate and satisfactory under the circumstances of this case.

16. **All executory contracts and unexpired leases listed in Article VI of the Plan are deemed either assumed or rejected as indicated in the Plan as of the date of the Confirmation Hearing, and the Reorganized Debtor is authorized to enter into such contracts as they deem appropriate in the exercise her business judgment without the need for a motion and hearing in this Court.**

17. The Bankruptcy Court shall retain jurisdiction:

(a) To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

(b) To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;

(c) To determine all controversies relating to or concerning the classification, subordination, allowance, valuation or satisfaction of Claims;

(d) To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated Claims;

(e) To determine the validity, extent and priority of all liens, if any, against property of the estate;

(f) To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate;

(g) To determine all objections to Administrative Claims;

(h) To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;

(i) Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor;

(j) To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;

(k) To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

(l) To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

(m) To enforce any and all injunctions created pursuant to the terms of the Plan;

(n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

(0) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

18.      Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre-Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein,

upon completion all payments required under the Plan to unsecured creditors. Upon the satisfaction of all payments required under the Plan to unsecured creditors, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

(a)      Notwithstanding the above, the Debtor may request that the Court close this bankruptcy proceeding prior to the entry of an Order of Discharge, pursuant to the following procedures:

(b)      The Debtor may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have occurred: (I) payment of the Initial Payment (defined in the Plan) to Unsecured Creditors; (ii) payment of all outstanding quarterly United States Trustee Fees as of the date of the Order approving the Motion to Temporarily Close; and (iii) the filing of all outstanding federal income tax returns. The Motion to Close shall certify that each of the above conditions have been met.

(c)      The Motion to Close (and Notice of Hearing thereto) shall be served to all creditors and interested parties. The Court may grant the Motion to Close, pursuant to 11 U.S.C. § 350(a), if each of the above conditions have been met.

(d)      During the time that this bankruptcy case is temporarily closed, the provisions of the confirmation order shall remain in effect with respect to the
treatment of creditor claims that existed as of the bankruptcy petition date, as long as the Debtor continues to be in compliance with the Plan and the Court's Order Confirming Debtor's Plan of Reorganization and Setting Bar Date for Lease and Executory Contract Rejection Claims (the "Confirmation Order"), and as long as the Debtor timely makes all of the payments to unsecured creditors, as contemplated under the Plan.

(e)      Upon the satisfaction of all payments required under the Plan to Unsecured Creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to Unsecured Creditors.

(f)      Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to Unsecured Creditors have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).


###

Submitted by: David W. Langley who will serve copies to: all creditors and appearances.

7

EXHIBIT C



**ORDERED in the Southern District of Florida on December 6, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                          Case No. 16-10389-BKC-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,            Chapter 11

           Debtor.
_____/

**ORDER GRANTING MOTION TO REOPEN CASE TO APPROVE FINAL REPORT,
AND ENTER DISCHARGE TO REORGANIZED DEBTOR**

      **THIS MATTER** came before the Court for hearing on August 9, 2018 at 10:30 a.m. upon

the Reorganized Debtor, Liza Hazan a/k/a Elizabeth Hazan ("Reorganized Debtor")'s Corrected

Motion to Reopen this Chapter 11 case to grant the Reorganized Debtor's Discharge and enter a

Final Decree and to re-close the case [ECF No. 713] (the "Motion"), and again on October 24,

2018 at 2:00 p.m. upon the Court's Order Setting Further Hearing to Consider Issuance of

Discharge and Dismissal of Pending Non-Core Personal Injury Tort Claims for October 24, 2018

[ECF 745].  The Court has further considered the following:

- The Final Report [ECF No. 703] ("Final Report");

- The Notice of Deadline to Object to Debtor's[1] Statement Re: 11 U.S.C. § 522(q)(1) Applicability, *et al*. [ECF No. 704];

- NLG, LLC's Opposition to Debtor Motion to Reopen Case and Motion for Discharge (ECF No. 733);

- NLG, LLC's Objection to Debtor Statement and Discharge [ECF No. 729], which the Court notes was withdrawn on the record by counsel for NLG during the August 9, 2018 hearing;

- NLG, LLC's *ore tenus* Objection to Debtor's Discharge during the October 24, 2018 hearing;

- Creditor Valencia Estates Homeowners' Association, Inc.'s Limited Objection to Debtor's Corrected Motion for Discharge [D.E. 713] [ECF No. 728], which was resolved by Agreed Order [ECF No. 734];

- Real Time Resolutions, Inc.'s Objection to Debtor's Motion to Reopen, Final Report and Motion for Discharge, and Motion for Entry of Final Decree and to Reclose [ECF No. 731], which was withdrawn prior to the hearing [ECF No. 732]; and

- NLG, LLC's motion to reopen Chapter 11 case [ECF No. 757], and amended and expedited motion to reopen case [ECF No. 763].

---

[1] For purposes of this Order, the term "Debtor" shall also mean the "Reorganized Debtor" pursuant to this Court's Order Confirming Plan of Reorganization [ECF No. 691] (the "Confirmation Order").

CASE NO. 16-10389-BKC-AJC

Having considered the record, including NLG's Objection and Opposition,[2] and finding

that due and adequate notice has been given and no additional notice is required, the Court grants

the Motion in part and herein enters the discharge of the Reorganized Debtor, and approves the

Final Report.  The Motion and Final Report demonstrate the Reorganized Debtor is entitled to to

a discharge pursuant to 11 U.S.C. § 1141(d)(5).  However, a Final Decree will not yet be issued

and the case shall not be re-closed at this time.

**I.      11 U.S.C. § 1141(d)(5)(B) – authorizes issuance of discharge to
          individual debtor who has not completed all plan payments**

The Bankruptcy Code provides that an individual debtor's discharge shall not be entered

by the Court until completion of all payments under the confirmed plan.  *11 U.S.C. §1141(d)(5)(A).*

An exception exists, however, pursuant to 11 U.S.C. § 1141(d)(5)(B), if, *inter alia*, an individual

debtor has made all plan payments to unsecured creditors.  Section 1141(d)(5)(B) provides:

> (B) at any time after the confirmation of the plan, and after notice
> and a hearing, the court may grant a discharge to the debtor who has
> not completed payments under the plan if –
>
> (i) the value, as of the effective date of the plan, of property
> actually distributed under the plan on account of each allowed
> unsecured claim is not less than the amount that would have been
> paid on such claim if the estate of the debtor had been liquidated
> under chapter 7 on such date;
> (ii) modification of the plan under section 1127 is not
> practicable; and
> (iii) subparagraph (C) permits the court to grant a discharge.

---

[2]  Although this Court previously determined that NLG is not a creditor and has no claim against the Reorganized Debtor [*see*, *Final Judgment on Counts I, II and III of Plaintiffs' Third Amended Complaint Determining Validity, Priority and Extent of Liens and Setting Trial on Counts IV Through IX*, Adv. No. 16-1439-BKC-AJC-A, ECF No. 238], the Court has reviewed the Objection and Opposition and overrules same.

Subsection (C) of that same statue further states:

> (C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that –
>> (i) section 522(q)(1) may be applicable to the debtor; and
>> (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);
>>> and if the requirements of subparagraph (A) or (B) are met.

11 U.S.C. § 1141(d)(5)(C).

Section 1141(d)(5) allows an individual debtor to seek a discharge after confirmation but before plan payments are completed as long as the debtor satisfies the requirements of 11 U.S.C. § 1141(d)(5)(B). *See*, *11 U.S.C. § 1141(d)(5)*; *see also*, *In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss. 2010) ("after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), completion of plan payments (rather than plan confirmation) discharges an individual debtor. In the alternative, an individual debtor may seek a discharge before completion of his plan payments, an early discharge, under either 11 U.S.C. § 1141(d)(5)(A) or (B).").

The Court finds that the Reorganized Debtor has complied with the provisions of 11 U.S.C. § 1141(b)(5)(B) so as to be entitled to an early discharge.[3] Exhibit "A" attached to both the Motion

---

[3] The Court notes that during the hearing, counsel for the United States Trustee concurred with the Debtor's position regarding her entitlement to entry of discharge upon payment to unsecured creditors:

> MS. ARMENGOL:
>
> … I can speak as to the procedural propriety of the Court awarding a discharge now. I concur with Mr. Pugatch -- and for the record, the code section is 1141(d)(5)(A) and (B) -- that if unsecured claims are paid, the

and Final Report demonstrates that the general unsecured creditors, whose claims were to be paid

in the Plan, have been paid in full.  As a result, the value of property [payments] distributed under

the Fourth Amended [Chapter 11] Plan of Reorganization [ECF No. 563] (the "Fourth Amended

Plan") on account of each unsecured claim is not less than the amount that would have been paid

on such claim if the bankruptcy estate would have been liquidated under chapter 7.  Therefore, the

Reorganized Debtor has complied with 11 U.S.C. § 1141(b)(5)(B)(i).   The Court takes judicial

notice of Debtor's Monthly Operating Report (Individual) Corrected for the Period May 1, 2018

to May 31, 2018 [ECF No. 727] and Debtor's Monthly Operating Report (Individual) for the

Period June 1, 2018 to June 30, 2018 [ECF No. 725] evidencing the total disbursements made

pursuant to the Fourth Amended Plan and Confirmation Order.  Moreover, the Court finds 11

U.S.C. § 1141(b)(5)(B)(ii) is not applicable as modification of the Fourth Amended Plan is not

practicable under 11 U.S.C. § 1127.

## II.    The Fourth Amended Plan, the Confirmation Order and this Court's prior Orders provide additional bases to grant relief

The Fourth Amended Plan, together with the Confirmation Order and this Court's prior

rulings provide additional authority for issuance of a discharge to the Reorganized Debtor prior to

completion of payments under the Plan.  The foregoing documents indicate that the Reorganized

---

individual debtor can receive a discharge.
Looking at the plan, Your Honor, the only other claims were secured.  So even if she gets a discharge – Ms. Hazan gets a discharge and doesn't pay pursuant to the plan, they still have that security and that lien.  And a priority claim with the IRS – and I'm not sure where that stands, but Your Honor, I believe that under 1141(d)(5)(B), Your Honor has the authority to grant the discharge at this time.

Transcript, August 9, 2018 Hearings [17:15-25, 18:1-4].

Debtor intended to seek the issuance of a discharge upon payments in full to unsecured creditors. For instance, Article VIII of the Fourth Amended Plan, as confirmed by the Court, provides, in pertinent part:

> (e) Upon the satisfaction of all payments required under the Plan to *unsecured creditors*, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to *unsecured creditors*.

*See*, *Fourth Amended Plan, Article VIII* [ECF No. 563], page 30 of 31. [Emphasis added]. The Court finds that the Reorganized Debtor complied with Article VIII(e) of the Fourth Amended Plan by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, Article VIII of the Fourth Amended Plan, as confirmed by the Court, states, in relevant part:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to *unsecured creditors* have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

*See*, *Fourth Amended Plan, Article VIII* [ECF No. 563], page 31 of 31. [Emphasis added]. The Court finds that the Reorganized Debtor complied with Article VIII(f) of the Fourth Amended Plan by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

CASE NO. 16-10389-BKC-AJC

On or about June 12, 2018, this Court entered its Confirmation Order which confirmed the Fourth Amended Plan and contemplated the issuance of a discharge to the Reorganized Debtor upon the completion of plan payments to unsecured creditors under the Plan. Specifically, paragraph 18(e) of the Confirmation Order states:

> (e) Upon the satisfaction of all payments required under the Plan to ***Unsecured Creditors***, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all payments contemplated under the Plan to ***Unsecured Creditors***.

*See*, *Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added]. The Court finds that the Reorganized Debtor complied with paragraph 18(e) of the Confirmation Order, by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, paragraph 18(f) of the Confirmation Order states:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to ***Unsecured Creditors*** have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

*See*, *Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added]. The Court finds that the Reorganized Debtor complied with paragraph 18(f) of the Confirmation Order by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

On or about June 13, 2018, this Court entered its Agreed Order Granting Reorganized Debtor's Ore Tenus Motion to Administratively Close Individual Chapter 11 Case After Confirmation [ECF No. 692] (the "Agreed Order"). The Agreed Order provides, *inter alia*:

> Upon the re-opening of this bankruptcy case, the Reorganized Debtor shall promptly file a Final Report and Motion for Final Decree Closing Case on the Court-approved local form in effect at that time, which shall certify, that all payments required under the Plan to the ***unsecured creditors*** have been made. The Court may then grant the Reorganized Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5) if all other conditions are satisfied.

*See*, *Agreed Order* [ECF No. 692], page 2 of 3. [Emphasis added]. The Court finds that the Reorganized Debtor complied with the Agreed Order by filing the Motion and Final Report, with Exhibit "A" attached to both pleadings, indicating all payments were made by the Debtor to Class 12 unsecured creditors.

### III. NLG's Objection and Opposition

NLG, LLC is the only entity objecting to the granting of a discharge in this case. NLG, whose claim the Court disallowed, asserted that a discharge should not be granted at this time because the Debtor has not yet paid Creditor JMB Urban Development Partners, LTD in full. The Court took the matter under advisement to consider the objection; and upon further consideration and review of the record, the Court overrules the objection.

NLG argues that the Court may not enter a discharge order until the Reorganized Debtor pays JMB in full. The Court disagrees. JMB is not affected by the relief sought and has not objected to the Debtor receiving a general discharge. Pursuant to the settlement of the adversary proceeding, in Adv No. 16-1188-BKC-AJC-A [ECF No. 21], the Reorganized Debtor and JMB agreed that

JMB has a non-dischargeable judgment of $275,000.00. Thus, after receiving its *pro rata* share of distributions under the Plan, JMB may continue to pursue payment of its claim outside the Plan. Likewise, the Reorganized Debtor and the Board of Managers of Spencer Condominium have agreed that Debtor's liability in the amount of $109,554.06 to the Board of Managers of Spencer Condominium would be non-dischargeable. Therefore, this Creditor has also agreed to the granting of Debtor's discharge.

Section 1141(5)(B) of the Bankruptcy Code provides for the granting of a discharge to a debtor who has not completed payments, if modification of a plan is not practicable and creditors have received value "not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7." *In re Belcher*, 410 B.R. 206, 215 (Bankr. W.D. Va. 2009) (explaining that "§ 1141(d)(5)(B) provides for early discharge in a manner similar to the 'hardship discharge' in chapter 13 cases under § 1328(b)."). In this case, all unsecured creditors were to be paid in accordance with the Plan, and those payments have been made in full. JMB and the Board of Managers of Spencer Condominium may pursue the remaining amounts of their respective non-dischargeable debts outside the Plan. Because the entry of a discharge [of the claims of the unsecured creditors who were paid in full under the Plan] will not affect JMB or the Board of Managers of Spencer Condominium, the Court sees no reason to withhold the discharge when the Debtor has otherwise established entitlement to same.

The entry of a non-dischargeable judgment, and the outstanding debt thereunder, does not prevent the early entry of an order of discharge, because a discharge in no way impacts the non-dischargeable debts. Unsecured creditors holding nondischargeable claims are entitled to collect the balance of their debts outside the plan. In *Newman v. United States (In re Newman)*, 399 B.R.

541, 548 (Bankr. M.D. Fla. 2008), the court held that a creditor holding a nondischargeable claim is not prevented from pursuing post-confirmation collection efforts outside of bankruptcy, regardless of whether such claim was provided for in the confirmed plan. A nondischargeable debt may remain after a debtor has emerged from bankruptcy.

Although the Court believed that, following the August 9, 2018 hearing, the Debtor had demonstrated compliance with the requirements of 11 U.S.C. § 1141(d)(5), the Court set another hearing for October 24, 2018 to address whether a discharge should be issued while the Reorganized Debtor's non-core tort claims remained pending in an adversary proceeding. [ECF No. 745]. At the October 24, 2018 hearing, the Reorganized Debtor announced she was withdrawing her non-core tort claims, thereby alleviating the Court's concerns. Adv. No. 16-1439-BKC-AJC-A [ECF No. 358].

For the foregoing reasons, the Court finds that the Reorganized Debtor has complied with 11 U.S.C. § 1141(d)(5)(B) by demonstrating her completion of all plan payments to general unsecured creditors under the Fourth Amended Plan and Confirmation Order and has otherwise complied with the requirements to receive a discharge. However, the Court will refrain from closing this case at this time as there remains pending the parties' motions for sanctions and for contempt, as well as several appeals. It is the policy of the Court to not close a case until all appeals are finally resolved and over. Therefore, it is

**ORDERED AND ADJUDGED**:

1. The Motion [ECF No. 713] is **GRANTED IN PART,** and this bankruptcy case is **RE-OPENED** for the sole purpose of approving the Final Report and entering the Reorganized Debtor's discharge consistent with the terms of this order.

2.   The Final Report is **APPROVED.**

3.   NLG, LLC's motion and amended motion to re-open Chapter 11 case [ECF Nos. 757 and 763] are **GRANTED IN PART** with respect to reopening this case, and not closing the case until the final disposition of all pending motions and appeals herein, but NLG, LLC's Opposition and Objection to the granting of the discharge are **DENIED** and **OVERRULED**.

4.   The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d).

5.   The discharge issued to the Reorganized Debtor does not discharge or otherwise affect the JMB non-dischargeable judgment.

6.   The discharge issued to the Reorganized Debtor does not discharge the Reorganized Debtor from her personal monetary liability in the amount of One Hundred Nine Thousand Five Hundred Fifty-Four and 06/100 Dollars ($109,554.06) to the Board of Managers of Spencer Condominium. The Reorganized Debtor has other non-monetary obligations under the Settlement Agreement with the Board of Managers of Spencer Condominium, as provided for in the treatment of Class 11 under the Fourth Amended Plan and the Confirmation Order, and such non-monetary obligations are not impacted by the discharge.  The New York courts have exclusive

jurisdiction over the settlement between those parties.

7.  This case shall remain open pending the final disposition of all motions herein and the outstanding appeals, after which the Court will direct the Clerk of Court to enter a Final Decree closing this case.

<p style="text-align:center">###</p>

Submitted by:

Geoffrey S Aaronson, Esq
Aaronson Schantz Beiley P.A.
Florida Bar No. 349623
One Biscayne Tower, 34th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424.9336
Email gaaronson@aspalaw.com
*Attorney for Reorganized Debtor*

---

*Attorney Geoffrey Aaronson is directed to serve a copy of this Order on all interested parties and to file a certificate of service with the Court.*

<span style="color:blue">**EXHIBIT D**</span>



**ORDERED in the Southern District of Florida on December 28, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

In re:                                                            Case No. 16-10389-BKC-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,             Chapter 11

     Debtor,
_____/

### ORDER GRANTING IN PART DEBTOR'S AMENDED EXPEDITED MOTION FOR CONTEMPT, SANCTIONS, DAMAGES AND PUNITIVE DAMAGES [ECF NO. 748]

     THIS CAUSE came before the Court for hearing on October 24, 2018 upon the *Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages, and Punitive Damages and Memorandum of Law* (the "Motion") [ECF 748].  In the Motion, the Reorganized Debtor seeks sanctions and more against NLG, LLC and Attorney Juan Ramirez, for recording a *lis pendens* against the Reorganized Debtor's real property on August 9, 2018 and filing a cross-claim on

October 1, 2018 against the Reorganized Debtor in that state court foreclosure action by JP Morgan Bank against Debtor, *JP Morgan Bank, NA v. Elizabeth Hazan a/d/a Liza Hazan, et al*., Case No. 2013-25902, pending in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida ("Foreclosure Action"). Debtor alleges they violated the automatic stay and the injunction resulting from the confirmed Chapter 11 Plan.

NLG, LLC and Attorney Ramirez assert their actions do not violate any provisions of the automatic stay under section 362 of the Bankruptcy Code because the filing of the *lis pendens* does not seek to to collect, recover, or offset debts from the property of the Debtor. In addition, they contend that no stay was in effect at the time of the filings, post-confirmation, due to the closure of this case, and therefore no stay violation occurred.

On December 13, 2018, following the hearing on the Motion and the post-hearing submission of proposed orders, the Reorganized Debtor filed another sanctions motion. The additional motion seeks an order to show cause as to why Chris Kosachuk, NLG, LLC, Juan Ramirez, Esq. and Astrid Gabbe, Esq. should not be held in contempt of Court for violating the Court's judgment and orders [ECF 770]. This second sanctions motion is based on additional actions taken by the foregoing parties, but the argument for sanctions remains the same, to wit, that the actions taken in various court proceedings violate this Court's Orders and judgment. A hearing on the motion for order to show cause was held on December 27, 2018.

**BACKGROUND**

NLG has been a participant in the Reorganized Debtor's bankruptcy case, and filed a proof of claim herein. NLG maintained that it held a foreclosure judgment on the Reorganized Debtor's homestead residence and the right to foreclose on it. The Debtor disputed NLG's assertions and,

together with Selective Advisors Group, LLC, ("Selective Advisors") a business owned by Debtor's husband, filed an adversary proceeding against NLG, Adv. No. 16-1439 BKC-AJC-A.

The adversary case was tried on July 13, 2017; and, on November 1, 2017, the Court entered a Final Judgment on Counts I, II and III of the Reorganized Debtor's Third Amended Complaint [Adv. No. 16-1439, ECF No. 238]. The Final Judgment disallowed NLG's untimely filed proof of claim, and deemed NLG's Mortgage, Note and Judgment on the Note, all entered against the Reorganized Debtor, satisfied by virtue of set-off based upon a judgment against NLG in favor of Selective Advisors. The Court ruled that NLG had no further claim against the Debtor Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order of record and in evidence:

> NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

> > LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

> have been satisfied and paid, and are deemed SATISFIED OF RECORD, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.

Adv. No. 16-1439 ECF No. 238 at p.14.

On June 12, 2018, the Court entered its Order Confirming the Debtor's Plan of Reorganization ("Confirmation Order") [ECF No. 691]. The Confirmation Order contains injunctions prohibiting creditors from pursuing prepetition claims against the Reorganized Debtor or her property. Paragraph 8 of the Confirmation Order contains an injunction prohibiting creditors whose claims were extinguished from pursuing such claims against the debtor:

> All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived.

ECF No. 691 at 5, ¶8. Similarly, Paragraph 9 of the Confirmation Order contains an injunction prohibiting all creditors from taking any action to collect any prepetition debt or to enforce any lien against the debtor's property based on a prepetition claim:

> All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

*Id.*, ¶9.

NLG has appealed the Confirmation Order. No stay pending appeal of the Confirmation Order has been entered.

**<u>ANYALYSIS</u>**

Pursuant to 11 U.S.C. 362(c)(1), "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." Additionally, 11 U.S.C. 362(c)(2) provides that the stay of any other act under subsection (a) continues until the earliest of the time the case is closed, dismissed or the time a discharge is granted or denied.

In accordance with 11 U.S.C. 1141(b), the confirmation of the Chapter 11 Plan in this case, on June 12, 2018, vested all property of the estate in the Reorganized Debtor. Thus, upon confirmation and the vesting of estate property in the Reorganized Debtor, the stay ceased to exist, and the actions thereafter taken against the Debtor's property are not in violation of the automatic stay. 11 U.S.C. 362(c)(1). *Baur v. Chase Home Finance (In re Baur)*, 433 B.R. 898 (Bankr. M.D. Fla. 2010). Moreover, because the Court closed this case upon confirmation, at the Debtor's request, the automatic stay was discontinued as of June 12, 2018, and the Court therefore finds there was no violation of the automatic stay by the subsequent filing of the *lis pendens* or the cross-claim. 11 U.S.C. 362(c)(2).

However, the Chapter 11 Plan and Confirmation Order replaced the automatic stay with a permanent injunction, as more specifically provided in paragraphs 8 and 9 of the Confirmation Order. Therefore, the primary issue is whether the recording of the *lis pendens* and/or the filing of the cross-claim against the Debtor violates the Court's injunction in the Confirmation Order.

Upon consideration, the Court believes the recordation of the *lis pendens* against Debtor's property is not, in and of itself, a violation of the Plan's injunction. The purpose of a *lis pendens* is to give constructive notice to a prospective buyer or lender of the pendency of a legal proceeding affecting title to or the right of possession of real property. A *lis pendens* exists, in part, to prevent third-party purchasers or lenders from "buying" a lawsuit when they purchase or loan against the property. *Chiusolo v. Kennedy*, 614 So.2d 491 (Fla. 1993). The recordation of a *lis pendens* provides constructive notice to subsequent purchasers or lenders, to prevent a buyer of real property from claiming *bona fide* purchaser status with respect to the asserted claim. A *lis pendens* also protects the filer from intervening liens that could impair any property rights claimed and from possible extinguishment of an unrecorded equitable lien. *Id*.

In this instance the *lis pendens* provides for notice "of the institution of a cross-claim for foreclosure by Defendant/Crossclaim Plaintiff NLG, LLC pursuant to its Final Judgment of Foreclosure."  While the *lis pendens* appears premised upon a pre-petition, satisfied and extinguished claim, it does not establish or perfect a lien on real property and therefore does not constitute an act in violation of the stay or injunction (though some courts may suggest otherwise).

The filing of the cross-claim against the Reorganized Debtor, on the other hand, does indeed constitute an act commencing or continuing an action or process to collect, recover or offset a debt, and to enforce a lien against the Debtor on account of a pre-petition debt, in violation of paragraph 8 of the Confirmation Order, and in violation of paragraph 9 of the Confirmation Order.  Filing the cross-claim against the Reorganized Debtor seeking to foreclose on her home is an act to enforce a lien against the Debtor's property.  By filing the cross-claim, NLG and Attorney Ramirez violated the Plan's injunction.

"Bankruptcy judges, like district judges, have the power to coerce compliance with injunctive orders." *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 966 (11th Cir. 2012).  A party will be held in contempt of a plan injunction if it is shown that the creditor (1) had knowledge of the plan injunction; and (2) intended the acts that violated the injunction. *See Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir. 1996) (factors determining stay violations are applicable to violations of discharge injunction, citing *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996)). If the party intended to do the acts that violated the injunction, then the party is in contempt, regardless of whether the violator specifically intended to violate the stay or injunction. *Jove*, 92 F.3d at 1555.

The Court finds both conditions are satisfied here. NLG and Ramirez filed, with aforethought, the offending cross-claim, knowing full well the Confirmation Order contained those injunctive provisions, because NLG is pursuing an appeal of that Order. The injunction in the Confirmation Order prevented NLG from taking any action or attempt to collect any discharged debts, including preventing the filing of a lawsuit in state court to collect on its extinguished or otherwise satisfied debt.

Although in November 2016, the Court granted relief from the automatic stay to JP Morgan Chase Bank and NLG "to litigate *the foreclosure claim of Chase* in the Foreclosure Action to the point of judgment," [ECF No. 315], it did not authorize NLG to pursue its own foreclosure claim. Moreover, relief from stay was granted before the Court entered its Final Judgment on Counts I, II, and III, determining NLG's foreclosure judgment had been satisfied. Now that the Court has ruled on that issue, and that Judgment has not been stayed, that ruling is law of the case and NLG may not pursue a claim in state court seeking the opposite result.

Bankruptcy courts are empowered to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Where, as here, a party has violated a plan injunction through pursuing litigation in another forum, it is appropriate for the Court to order the party to dismiss and discontinue its offending lawsuits. *See, e.g., In re Kimball Hill, Inc.*, 565 B.R. 878, 901–02 (Bankr. N.D. Ill. 2017). Because NLG and Ramirez's cross-claim in the Florida Foreclosure Action is in violation of the injunctions contained in the Confirmation Order, they are ordered to immediately discontinue their pursuit of the cross-claim against the Debtor by withdrawing or dismissing same. Upon withdrawal or dismissal of the cross-claim, the notice of *lis pendens* will automatically be dissolved pursuant to Fla.R.Civ.P. 1.420(f).

As sanctions for the violation, the Court will award the Debtor reasonable attorneys fees for having to bring this matter before the Court. However, no punitive damages will be awarded unless NLG and Attorney Ramirez fail to immediately comply with this Order.

Finally, and with respect to the motion for an order to show cause, the Debtor argues that NLG, its manager Chris Kosachuk and Attorneys Ramirez and Gabbe are in contempt of Court and should be sanctioned for commencing and continuing litigation in both Florida and New York, where they are seeking to void the judgment against NLG owned by Selective Advisors. The Debtor contends such actions constitute "employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date." The Court disagrees. Seeking to vacate the New York judgment is not akin to taking action to collect against the Debtor, regardless of whether this Court relied on the existing New York judgment in entering its Final Judgment against NLG in Adv. No. 16-1439.

The Court has no jurisdiction over litigation between two third-parties in a state or other federal court case. Third party Selective Advisers did not obtain the benefit of the automatic stay in this case, nor did it receive an injunction in the confirmed Chapter 11 Plan. The fact that Chris Kosachuk and Attorney Ramirez may have admitted in affidavits filed in those cases that their true purpose in seeking to void that New York judgment is to enforce the Reorganized Debtor's alleged debt and to foreclose a mortgage on her home, is irrelevant and does not support a finding of contempt. Stating as much in an affidavit does not make it so; NLG, Kosachuk, Ramirez and Gabbe are still not entitled to foreclose. The Court ruled as such in its Final Judgment on Counts I, II and III of the Reorganized Debtor's Third Amended Complaint in Adv. No. 16-1439, and that judgment has not been stayed and is now law of the case. The actions of NLG, its manager Chris

Kosachuk and Attorneys Ramirez and Gabbe in the cases against Selective Advisers are not actions to foreclose on the Debtor's property.

Selective Advisers is not entitled to the injunction obtained by the Reorganized Debtor in this case. The injunction is intended to protect the Reorganized Debtor from creditors seeking to enforce pre-petition debts. Actions taken by NLG, Chris Kosachuk or Attorneys Ramirez and Gabbe against third parties are not included in the injunctive relief as those actions are not seeking to collect a pre-petition debt from the Debtor in this case. Accordingly, it is

**ORDERED** and **ADJUDGED** that *Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages, and Punitive Damages and Memorandum of Law* (the "Motion") [ECF 748] is GRANTED IN PART as follows:

1. The Court finds that Attorney Ramirez and NLG have violated the injunctions in the Confirmation Order by filing the cross-claim in the Foreclosure Action seeking to foreclose a pre-petition debt that was deemed satisfied and otherwise extinguished in this bankruptcy case.

2. Attorney Ramirez and NLG shall immediately withdraw or dismiss the cross-claim filed in the Foreclosure Action, and upon dismissal of the cross-claim, the *lis pendens* shall be dissolved.

3. If the cross-claim is not immediately dismissed, NLG, LLC and Juan Ramirez, Esq., will be determined to be in contempt of this Court's Orders and the Court will consider the imposition of further sanctions, including punitive damages.

4. NLG and Attorney Ramirez are cautioned to refrain from taking any other action in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018.

5. NLG and Mr. Ramirez shall be jointly and severally liable for the attorney's fees in the amount of $9,500.00 as reasonable fees incurred by the Reorganized Debtor for filing the Motion in this case, appearing before the Court at two (2) hearings and filing post-hearing submissions with the Court, all in defense of NLG's improperly filed and violative cross-claim in the Foreclosure Action. The Court denies an award of fees for the multiple attorneys appearing on behalf of the Debtor as multiple attorneys were not necessary and such an award is not reasonable.

It is further

**ORDERED** and **ADJUDGED** that, based upon the foregoing, the Debtor's *Emergency Motion for Order to Show Cause as to Why Chris Kosachuk, NLG, LLC, Juan Ramirez and Astrid Gabbe Should Not be Held in Contempt of Court for Violations of This Court's Judgment, Confirmation Order and Discharge Order* [ECF 770] is MOOT.

<div align="center">###</div>

Copies furnished to:

Debtor
Geoffrey S Aaronson, Esq.
Juan Ramirez, Esq.
AUST

*Attorney Geoffrey Aaronson is directed to serve a copy of this Order on all interested parties and to file a certificate of service with the Court.*

<span style="color:blue">**EXHIBIT E**</span>



**ORDERED in the Southern District of Florida on March 15, 2019.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                      Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                Chapter 11

              Debtor.
_____/

**<u>FINAL JUDGMENT</u>**

      Pursuant to Order Granting Motion for Entry of Final Judgment [ECF 821 in this case]

Judgment is entered in favor of LIZA HAZAN a/k/a ELIZABETH HAZAN, whose address is

6913 Valencia Drive Miami (Fisher Island), FL 33109 against NLG, LLC, whose address is 854

Pheasant Run Road, West Chester, Pennsylvania 19382 and JUAN RAMIREZ, Esq. at 1172 S.

Dixie Hwy. #341, Coral Gables, FL 33146, jointly and severally, in the amount of $9,500.00 plus

post judgment interest from this date at the rate prescribed by 28 U.S.C. § 1961, for which let

execution issue.

<p align="center">###</p>

CASE NO.: 16-10389-AJC

Geoffrey S. Aaronson, Esq. is directed to serve a copy of this
Order on all interested parties and to file a certificate of service.

2

**EXHIBIT F**



**ORDERED in the Southern District of Florida on March 12, 2019.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:

LIZA HAZAN, a/k/a ELIZABETH
HAZAN,

      Debtor.

_____/

NLG, LLC, a Delaware limited liability
company and CHRIS KOSACHUK, an
interested party,

      Plaintiffs,

v.

LIZA HAZAN a/k/a ELIZABETH
HAZAN,

      Defendant/Debtor.

_____/

Case No 16-10389-BKC-AJC

Chapter 11

Adv. No 18-1492-BKC-AJC-A

**ORDER GRANTING MOTION TO DISMISS**
**AMENDED COMPLAINT WITH PREJUDICE**

    **THIS MATTER** came before the Court on February 13, 2019 on Defendants' Liza Hazan

a/k/a Elizabeth Hazan, Sean Neil Meehan, Portfolio Onesource Advisors, LLC, Portefolio Onesource Advisor, LLC, and Horizon Hospitality Holdings, LLC's Motion to Dismiss Amended Complaint to Revoke Confirmation Order and Discharge Order with Prejudice (ECF 26). On January 16, 2019, this Court entered an Order granting Debtor Liza Hazan a/k/a Elizabeth Hazan's Motion to Dismiss Adversary Complaint and granting Plaintiffs leave to amend. Plaintiffs filed an Amended Complaint on January 14, 2019 (ECF 18).

Plaintiffs' Amended Complaint contains seven Counts. Count I fails to state a claim. Plaintiffs allege that Defendants defrauded the Court because Liza Hazan a/k/a Elizabeth Hazan ("Hazan") returned three checks to the bank that were presented to show proof of payment. Under the Federal Rules of Civil Procedure, exhibits are part of the pleading "for all purposes." Fed. R. Civ. P. 10(c); *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 120 (11th Cir. 2007). The attachments to the Amended Complaint show that Hazan replaced the returned checks at issue in identical amounts with the corrected payee names. The Amended Complaint fails to state a claim based on the checks because replacing incorrect checks with checks made out to, and payable to the proper parties does not amount to fraud on the Court. *See, e.g., In re Longardner & Associates, Inc.*, 855 F.2d 455, 460 (7th Cir. 1988) (explaining that fraud on the court is the only ground for revoking confirmation); *Tenn-Fla Partners v. First Union Nat. Bank of Florida*, 229 B.R. 720, 730 (W.D. Tenn. 1999) ("For the order of confirmation to be revocable," the "fraud must be directed at the court."), *aff'd sub nom. In re Tenn-Fla Partners*, 226 F.3d 746 (6th Cir. 2000).

Similarly, Plaintiffs allege that Hazan committed a fraud on the court by failing to disclose that the transfer of the New York condominium was potentially voidable. Taking judicial notice of the documents and pleadings filed in this case, the Court notes that Hazan's Disclosure Statement states precisely the point that Plaintiffs now allege Hazan failed to disclose:

>Debtor transferred this New York Condominium in August,
>2011. The Board of Managers alleges that the transfer was made
>without the consent of Spencer Condominium. The Board of
>Managers has agreed to the approval of this Disclosure
>Statement. The Internal Revenue Service has filed a Proof of
>Claim in this case. *The statute of limitations for the IRS to contest*
>*the transfer has not yet run*, but IRS has taken no such position
>and has not appeared in the case other than the filing of a Proof
>of Claim. The New York Condominium had no equity at the
>time of the transfer.

Disclosure Statement, ECF 9-3, at 7 (bold emphasis in original; italicized emphasis added).

This is not a new or undisclosed matter. Indeed, the New York condominium association was actively represented during these proceedings. Given that the Court was made aware of the issue, it could not have been defrauded by any alleged failure of Hazan to disclose it. *See In re Bennington*, 519 B.R. 545, 549 (Bankr. D. Utah 2014) ("allegations of fraud" that "were made known to the Court and creditors…before the hearing on confirmation…cannot serve as a basis to revoke the Debtors' confirmation order."); *In re Level Propane Gases, Inc.*, 438 B.R. 354 (B.A.P. 6th Cir. 2010) (affirming dismissal of revocation claims where "the same allegations were known by the bankruptcy court" and had been rejected by it during the confirmation process). As such, Count I fails to state a claim.

In Counts II-VI, Plaintiffs purport to bring claims for criminal bankruptcy fraud under 18 U.S.C. §§ 152, 153, and 157. These counts fail to state cognizable claims for revocation of confirmation or discharge. First, "section 1144 is the ***only*** avenue for revoking confirmation of a plan of reorganization." *In re Longardner & Associates, Inc.*, 855 F.2d 455, 460 (7th Cir. 1988). Accordingly, Plaintiffs cannot obtain revocation of confirmation by asserting claims under 18 U.S.C. §§ 152, 153, or 157.  Importantly, 18 U.S.C. §§ 152, 153, and 157 are criminal statutes, violations of which may be prosecuted only by the United States government; there is no private right of action to enforce them. *See, e.g.*, *In re Nordeen*, 495 B.R. 468, 484–85 (B.A.P. 9th Cir.

2013) ("Any alleged perjury committed in the filing of a claim in a bankruptcy case is subject to criminal sanctions under 18 U.S.C. § 152, not to any private right of action by the Nordeens."). Thus, this Court lacks jurisdiction to adjudicate such claims. *See* 28 U.S.C. § 157. Finally, in Count VII, Plaintiffs allege that Hazan's discharge should be revoked based on the facts and claims set forth in the count seeking revocation of plan confirmation. However, because Counts I-VI fail to state a claim, Count VII also fails to state a claim.

The Court notes that Defendants have also raised other meritorious reasons for dismissing the Amended Complaint. For instance, Plaintiff Chris Kosachuk, who has not filed a proof claim or otherwise participated in an individual capacity in Hazan's bankruptcy case, lacks standing to seek revocation. Pursuant to 11 U.S.C. §1109(b), only "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." A party in interest must have "a direct legal interest in the case" and may only "assert that interest with respect to any issue to which it pertains." *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 464 (Bankr. N.D. Ill. 1998) (citations omitted). As Kosachuk has no claim against Hazan, he is unaffected by the confirmation of Hazan's plan. NLG also lacks standing regarding confirmation of Hazan's plan because it holds no allowed claim. *See, e.g.*, *In re Flintkote Co.*, 526 B.R. 515, 520 (D. Del. 2014) (purported creditor lacked standing to challenge plan confirmation "because all of its asserted claims were untimely or disallowed"); *In re Delta Air Lines, Inc.*, 374 B.R. 516 (Bankr. S.D.N.Y. 2007).

Defendants further argue that Plaintiffs' action for revocation of confirmation is precluded by the doctrine of equitable mootness. "Although equitable mootness is often applied on appeal, it applies to proceedings under Section 1144." *In re Delta Air Lines, Inc.*, 386 B.R. 518, 537 (Bankr.

S.D.N.Y. 2008). The Eleventh Circuit has explained that in considering equitable mootness, courts should evaluate "the balance of equities, including whether a stay pending appeal has been obtained and if not, why not; whether the plan has been 'substantially consummated;' what type of relief is sought; and what the effect of granting such relief would be." *In re Ferguson*, 683 Fed. Appx. 924, 926 (11th Cir. 2017) (citing *In re Club Assocs.*, 956 F.2d 1065, 1069 n. 11 (11th Cir. 1992)). The Court has previously found that Hazan's plan has been substantially consummated and that NLG failed to timely seek a stay. After considering the balance of the equities, the Court believes Plaintiffs' claims for revocation are equitably moot.  Accordingly, it is

ORDERED and ADJUDGED that Defendants' Motion to Dismiss Amended Complaint to Revoke Confirmation Order and Discharge Order with Prejudice is GRANTED. Plaintiffs' Amended Complaint to Revoke Confirmation Order and Discharge Order is DISMISSED WITH PREJUDICE.

<div align="center">###</div>

Geoffrey S Aaronson, Esq. is directed to serve a copy of this
Order on all interested parties and to file a Certificate of Service.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | **16-10389** |

☐ Check if this is an amended filing

# EXHIBIT G

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:      Summarize Your Assets**

|  |  | **Your assets** Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B..................................................... | $          **12,000,000.00** |
| | 1b. Copy line 62, Total personal property, from Schedule A/B........................................... | $             **327,500.00** |
| | 1c. Copy line 63, Total of all property on Schedule A/B.................................................... | $          **12,327,500.00** |

**Part 2:      Summarize Your Liabilities**

|  |  | **Your liabilities** Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $          **7,479,019.78** |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................. | $             **398,964.24** |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $             **918,255.05** |
| | **Your total liabilities** | $          **8,796,239.07** |

**Part 3:      Summarize Your Income and Expenses**

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*.............................................. | $          **27,000.00** |
| 5. | *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*....................................................... | $            **6,145.00** |

**Part 4:      Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

| Official Form 106Sum | Summary of Your Assets and Liabilities and Certain Statistical Information | page 1 of 2 |
|---|---|---|

Debtor 1    **Liza Hazan**                                          Case number *(if known)*    **16-10389**

8.  From the *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form       $    **25,000.00**
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $            0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $    398,964.24 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $            0.00 |
| 9d. Student loans. (Copy line 6f.) | $            0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $            0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$           0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $    398,964.24 |

**Fill in this information to identify your case and this filing:**

| Debtor 1 | Liza Hazan | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF FLORIDA

Case number  **16-10389**

☐ Check if this is an
   amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☒ Yes. Where is the property?

| 1.1 | | What is the property? Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| **6913 Valencia Drive** | | ☒ Single-family home | |
| Street address, if available, or other description | | ☐ Duplex or multi-unit building | |
| | | ☐ Condominium or cooperative | |
| | | ☐ Manufactured or mobile home | |
| | | ☐ Land | |
| **Miami Beach     FL    33109-0000** | | ☐ Investment property | |
| City          State     ZIP Code | | ☐ Timeshare | |
| | | ☐ Other | |

Current value of the entire property? **$12,000,000.00**

Current value of the portion you own? **$12,000,000.00**

Who has an interest in the property? Check one
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Miami-Dade**
County

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee simple**

☐ Check if this is community property
   (see instructions)

Other information you wish to add about this item, such as local property identification number:

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................=>**

| **$12,000,000.00** |
|---|

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☒ No
   ☐ Yes

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor 1 | Liza Hazan | Case number *(if known)* | 16-10389 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
■ Yes

4.1 Make: _____

Model: _____

Year: _____

Other information:

| Golf Cart |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

Unknown         Unknown

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here......................................................................=>    **$0.00**

**Part 3:**   Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| Household Furniture | $150,000.00 |
| Household Dishes/China | $5,000.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| Household Electronics | $7,500.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
■ Yes. Describe.....

| 1 Piano | Unknown |

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor 1 | Liza Hazan | | Case number *(if known)* | 16-10389 |
|---|---|---|---|---|

| Women's Clothing, Shoes, and Accessories. | $115,000.00 |
|---|---|

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ■ Yes.  Describe.....

| Women's Jewelry | $20,000.00 |
|---|---|

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ■ No
   ☐ Yes.  Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ☐ No
   ■ Yes.  Give specific information.....

| Household Artwork | $5,000.00 |
|---|---|
| Household Fixtures | $25,000.00 |
| Household Health Aids | Unknown |

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here ............................................................................

| | $327,500.00 |
|---|---|

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ■ No
   ☐ Yes.................................................................................................

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes........................

| | | Institution name: | |
|---|---|---|---|
| 17.1. | Checking | Bank of America Account ending in 9220 | $0.00 |
| 17.2. | Checking | TD Canada Trust Bank Account ending in 0079 | $0.00 |
| 17.3. | Checking | TD Canada Trust Bank Account ending in 4686 | $0.00 |
| 17.4. | Checking | TD Cananda Trust Bank Account ending in 7132 | $0.00 |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | Liza Hazan | Case number *(if known)* | 16-10389 |

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

   ■ No
   □ Yes.................          Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

   □ No
   ■ Yes. Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| Interest in Holding Trust Management Group, LLC.  LLC's only asset is a 2007 Mercedes Benz S550 with 75,000 miles. The car is valued at approximately $19,000.00 and is encumbered by a lien of $24,970.70. | 100    % | $0.00 |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

   ■ No
   □ Yes. Give specific information about them
                          Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

   ■ No
   □ Yes. List each account separately.
               Type of account:          Institution name:

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

   ■ No
   □ Yes. .....................          Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

   ■ No
   □ Yes.............          Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

   ■ No
   □ Yes.............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

   ■ No
   □ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

   ■ No
   □ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

   ■ No
   □ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor 1 | Liza Hazan | Case number *(if known)* | 16-10389 |
|---|---|---|---|

**28. Tax refunds owed to you**

■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

**29. Family support**

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes. Give specific information..

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No
☐ Yes. Name the insurance company of each policy and list its value.

Company name:                    Beneficiary:                    Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No
■ Yes. Describe each claim.........

| Various causes of action. | | **Unknown** |
|---|---|---|

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**

■ No
☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................................

| | **$0.00** |
|---|---|

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.
☐ Yes. Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.
☐ Yes. Go to line 47.

Current value of the

Official Form 106A/B                    Schedule A/B: Property                    page 5

| Debtor 1 | **Liza Hazan** | | Case number *(if known)* | **16-10389** |

<table>
<tr><td></td><td></td><td style="text-align:right">**portion you own?**<br>Do not deduct secured<br>claims or exemptions.</td></tr>
</table>

---

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** .....................................  **$0.00**

---

| **Part 8:** | **List the Totals of Each Part of this Form** |

55. **Part 1: Total real estate, line 2** .................................................................................................  **$12,000,000.00**

56. **Part 2: Total vehicles, line 5**  **$0.00**
57. **Part 3: Total personal and household items, line 15**  **$327,500.00**
58. **Part 4: Total financial assets, line 36**  **$0.00**
59. **Part 5: Total business-related property, line 45**  **$0.00**

60. **Part 6: Total farm- and fishing-related property, line 52**  **$0.00**
61. **Part 7: Total other property not listed, line 54**  +  **$0.00**

62. **Total personal property. Add lines 56 through 61...**  **$327,500.00**  Copy personal property total  **$327,500.00**

63. **Total of all property on Schedule A/B. Add line 55 + line 62**  **$12,327,500.00**

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | **16-10389** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                                        12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own — Copy the value from *Schedule A/B* | Amount of the exemption you claim — *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County** Line from *Schedule A/B*: **1.1** | **$12,000,000.00** | ■ **100%** ☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. art. X, § 4(a)(1); Fla. Stat. Ann. §§ 222.01 & 222.02** |
| **Women's Clothing, Shoes, and Accessories.** Line from *Schedule A/B*: **11.1** | **$115,000.00** | ■ **$1,000.00** ☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. art. X, § 4(a)(2)** |

3. **Are you claiming a homestead exemption of more than $155,675?**
   (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   　　■ No

   　　☐ Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | 16-10389 |

☐ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| **2.1** | **6913 Valencia, LLC**<br>Creditor's Name | $2,000,000.00 | $12,000,000.00 | $0.00 |

Describe the property that secures the claim:

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

**3839 NW Boca Raton Boulevard West Palm Beach, FL 33413**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Number, Street, City, State & Zip Code

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)    **Mortgage**

Date debt was incurred                Last 4 digits of account number    **na**

| | | | | |
|---|---|---|---|---|
| **2.2** | **Chase Bank, NA**<br>Creditor's Name | $5,200,000.00 | $12,000,000.00 | $0.00 |

Describe the property that secures the claim:

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

**c/o Jennifer Kopf, Esq. Shapiro, Fishman & Gashe, LLP 2424 N. Federal Highway, Suite 360 Boca Raton, FL 33431**

As of the date you file, the claim is: Check all that apply.

☑ Contingent

Number, Street, City, State & Zip Code

☑ Unliquidated
☑ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **First Mortgage**

---

Official Form 106D          Schedule D: Creditors Who Have Claims Secured by Property          page 1 of 3

Debtor 1    **Liza Hazan**

First Name    Middle Name    Last Name

Case number (if know)    **16-10389**

Date debt was incurred    **2007**    Last 4 digits of account number    **3314**

---

| 2.3 | **Fisher Island Community Ass'n, Inc.** | | $148,943.34 | $12,000,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

**One Fisher Island Drive Miami Beach, FL 33109**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Homeowners' Association Fee Lien**

Date debt was incurred    Last 4 digits of account number    **na**

---

| 2.4 | **Miami Dade Water & Sewer Department** | | $1,399.30 | $12,000,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

**PO Box 026055 Miami, FL 33102-6055**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

■ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred    **2015**    Last 4 digits of account number    **na**

---

| 2.5 | **Select Advisors Group, LLC** | | $0.00 | $12,000,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

**6499 Powerline Road, Suite 304 Fort Lauderdale, FL 33309-2043**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit

---

Debtor 1  **Liza Hazan**

First Name   Middle Name   Last Name

Case number (if know)   **16-10389**

☐ Check if this claim relates to a community debt

☑ Other (including a right to offset)   **Judgment Satisfied by Court Order in Miami-Dade Case No. 14-10475 CA (10)**

Date debt was incurred   **2007**   Last 4 digits of account number   **na**

| 2.6 | **Valencia Estates Community Ass'n, Inc.** | | | |
|---|---|---|---|---|
| | Creditor's Name | | | |

Describe the property that secures the claim:   **$128,677.14**   **$12,000,000.00**   **$0.00**

**c/o David Haber, Esq.
201 South Biscayne
Boulevard, Suite 1205
Miami, FL 33131**

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☑ Contingent

☑ Unliquidated

☑ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

☑ Other (including a right to offset)   **Homeowner's Association Fee Lien**

Date debt was incurred   _____   Last 4 digits of account number   **na**

| Add the dollar value of your entries in Column A on this page. Write that number here: | **$7,479,019.78** |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$7,479,019.78** |

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐ Name Address
**NLG, LLC
c/o Juan Ramirez, Esq.
Diaz, Reus & Targ LLP
100 SE 2nd Street, Suite 3400
Miami, FL 33131**

On which line in Part 1 did you enter the creditor?   **2.5**

Last 4 digits of account number   _____

☐ Name Address
**Valencia Estates Homeowners' Ass'n, Inc.
42205 Fisher Island Drive
Miami Beach, FL 33109**

On which line in Part 1 did you enter the creditor?   **2.6**

Last 4 digits of account number   _____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | **16-10389** |
| (if known) | |

☐ Check if this is an
amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List All of Your PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.

   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| 2.1 | **Internal Revenue Service** | | **$374,526.24** | | |
| | Priority Creditor's Name | Last 4 digits of account number   na | | **$374,526.24** | **$0.00** |
| | **P.O. Box 7317** | | | | |
| | **Philadelphia, PA 19101** | When was the debt incurred?   **2003-2010** | | | |
| | Number Street City State Zip Code | | | | |

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

■ Contingent

■ Unliquidated

■ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____
                    **Federal Income Taxes**

| Debtor 1 | Liza Hazan | | Case number (if know) | 16-10389 |
|---|---|---|---|---|

| 2.2 | **Internal Revenue Service** | Last 4 digits of account number | na | $24,438.00 | $24,438.00 | $0.00 |

Priority Creditor's Name
**PO Box 7346**
**Philadelphia, PA 19101-7346**
Number Street City State Zip Code

When was the debt incurred? **2014**

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☑ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

☐ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____

**Federal Income Taxes**

---

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |
|---|---|

3. Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

| 4.1 | **900 North Michigan, LLC** | Last 4 digits of account number | na | $432,000.00 |

Nonpriority Creditor's Name
**c/o W. Allen Woolley, Esq.**
**Wildman Harrold Allens Dixon, LLP**
**225 West Wacker Drive, Suite 3000**
**Chicago, IL 60606**
Number Street City State Zip Code

When was the debt incurred? **n/a**

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify **Judgment**

---

| 4.2 | **Allied Collection Service** | Last 4 digits of account number | na | $318.00 |

Nonpriority Creditor's Name
**1607 Central Ave**
**Columbus, IN 47201**
Number Street City State Zip Code

When was the debt incurred? **n/a**

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☑ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify **Hotel Bill**

---

| Debtor 1 | Liza Hazan | | Case number (if know) | 16-10389 |

---

**4.3** **ATT Mobility**

Nonpriority Creditor's Name

**PO Box 536216**
**Atlanta, GA 30353**

Number Street City State Zlp Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

Last 4 digits of account number   **na**                       $3,910.00

When was the debt incurred?   **n/a**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ■ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Telephone Bill**

---

**4.4** **Bank of America**

Nonpriority Creditor's Name

**19645 Biscayne Boulevard**
**Miami, FL 33180**

Number Street City State Zlp Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

Last 4 digits of account number   **na**                       $3,301.00

When was the debt incurred?   **2008 - present**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Safety Deposit Box Fee**

---

**4.5** **Direct TV**

Nonpriority Creditor's Name

**PO Box 6550**
**Englewood, CO 80155-6550**

Number Street City State Zlp Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

Last 4 digits of account number   **na**                       $461.00

When was the debt incurred?   **n/a**

**As of the date you file, the claim is:** Check all that apply

- ■ Contingent
- ☐ Unliquidated
- ■ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Cable Bill**

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    **Liza Hazan**                                        Case number (if know)    **16-10389**

---

| 4.6 | **Enhanced Recovery Company** | **Last 4 digits of account number** | **na** | **$123.00** |

Nonpriority Creditor's Name

**8014 Bayberry Rd**
**Jacksonville, FL 32256**
Number Street City State Zip Code

**When was the debt incurred?**    **n/a**

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Telephone Bill**

---

| 4.7 | **First National Collection Bureau, Inc.** | **Last 4 digits of account number** | **4558** | **$246.08** |

Nonpriority Creditor's Name

**610 Waltham Way**
**Sparks, NV 89434**
Number Street City State Zip Code

**When was the debt incurred?**    **n/a**

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Bank Fees**

---

| 4.8 | **Florida Power & Light** | **Last 4 digits of account number** | **na** | **$2,906.00** |

Nonpriority Creditor's Name

**General Mail Facility**
**Miami, FL 33188**
Number Street City State Zip Code

**When was the debt incurred?**    **2015**

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Utilities**

---

Debtor 1  **Liza Hazan**                                                           Case number (if know)  **16-10389**

| 4.9 | **Focus Management** | Last 4 digits of account number | **na** | $772.00 |

Nonpriority Creditor's Name
**10284 NW 47th St**
**Fort Lauderdale, FL 33351**
Number Street City State Zip Code

When was the debt incurred?  **n/a**

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Cable Bill**

---

| 4.10 | **HSBC Bank USA, NA** | Last 4 digits of account number | **na** | $1,070.66 |

Nonpriority Creditor's Name
**PO Box 2013**
**Buffalo, NY 14240**
Number Street City State Zip Code

When was the debt incurred?  **2008 - present**

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Safe Deposit Box Fee**

---

| 4.11 | **Marzec Law Firm** | Last 4 digits of account number | **na** | $0.00 |

Nonpriority Creditor's Name
**225 Broadway, Suite 3000**
**New York, NY 10007**
Number Street City State Zip Code

When was the debt incurred?  **2008 - Present**

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Legal Fees**

---

Debtor 1  **Liza Hazan**                                              Case number (if know)   **16-10389**

| 4.12 | **Mount Sinai Medical Center** | Last 4 digits of account number | **0065** | **$31,414.15** |

Nonpriority Creditor's Name

**PO Box 403429**
**Miami Beach, FL 33140**

Number Street City State Zip Code

When was the debt incurred?   **2015**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

□ Student loans
□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
□ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
□ Yes

■ Other. Specify   **Medical Bill**

---

| 4.13 | **Mount Sinai Medical Center** | Last 4 digits of account number | **3615** | **$3,240.00** |

Nonpriority Creditor's Name

**PO Box 403429**
**Miami Beach, FL 33140**

Number Street City State Zip Code

When was the debt incurred?   **11/2015**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

□ Student loans
□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
□ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
□ Yes

■ Other. Specify   **Medical Bill**

---

| 4.14 | **Mount Sinai Medical Center** | Last 4 digits of account number | **0491** | **$295.91** |

Nonpriority Creditor's Name

**PO Box 403429**
**Miami Beach, FL 33140**

Number Street City State Zip Code

When was the debt incurred?   **11/2015**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

□ Student loans
□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
□ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
□ Yes

■ Other. Specify   **Medical Bill**

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Debtor 1    **Liza Hazan**                                      Case number (if know)    **16-10389**

---

| 4.15 | **Ray Garcia P.A.** | | |
|---|---|---|---|

Nonpriority Creditor's Name

**14850 SW 26th Street, Suite 204**
**Miami, FL 33185**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number    **na**                                      **$7,026.15**

When was the debt incurred?    **2015**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Legal Bills**

---

| 4.16 | **Real Time Solutions** | | |
|---|---|---|---|

Nonpriority Creditor's Name

**PO Box 36655**
**Dallas, TX 75235-1655**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number    **na**                                      **$300,000.00**

When was the debt incurred?    **12/2005**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Potential Personal Mortgage Liability**

---

| 4.17 | **Simon & Sigalos** | | |
|---|---|---|---|

Nonpriority Creditor's Name

**c/o Michael Simon, Esq.**
**3839 NW Boca Raton Boulevard,**
**Suite 100**
**Boca Raton, FL 33431**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
■ Yes

Last 4 digits of account number    **na**                                      **$0.00**

When was the debt incurred?    **n/a**

**As of the date you file, the claim is:** Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Legal Fees**

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Debtor 1  **Liza Hazan**                                   Case number *(if know)*   **16-10389**

---

| 4.18 | **Southeast Financial, LLC** | Last 4 digits of account number | **na** | $24,970.70 |

Nonpriority Creditor's Name
**4000 N. Federal Highway, Suite 200**
**Boca Raton, FL 33431**

When was the debt incurred?  **6/2012**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ■ Disputed

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Type of NONPRIORITY unsecured claim:

- ☐ Student loans

☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

- ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

- ■ Other. Specify   **Potential Guaranty Liability on Vehicle Loan.**

---

| 4.19 | **Spencer Condominium** | Last 4 digits of account number | **na** | $100,000.00 |

Nonpriority Creditor's Name
**d/b/a Halstead Management Co., LLC**
**c/o David A. Tane, Esq.**
**120 Broadway, Suite 948**
**New York, NY 10271**

When was the debt incurred?  **n/a**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

Type of NONPRIORITY unsecured claim:

- ☐ Student loans

☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ No

- ☐ Debts to pension or profit-sharing plans, and other similar debts

■ Yes

- ■ Other. Specify   **Condominium Association Fees**

---

| 4.20 | **Sterling Emergency Serv. of Miami Beach** | Last 4 digits of account number | **1086** | $2,445.30 |

Nonpriority Creditor's Name
**PO Box 975213**
**Dallas, TX 75397-5213**

When was the debt incurred?  **11/2015**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Type of NONPRIORITY unsecured claim:

- ☐ Student loans

☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

- ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

- ■ Other. Specify   **Medical Bill**

---

Debtor 1  **Liza Hazan**                                              Case number (if know)  **16-10389**

---

| 4.21 | **Sterling Emergency Serv. of Miami Beach** | Last 4 digits of account number | **1086** | | $1,997.10 |

Nonpriority Creditor's Name
**PO Box 975213**
**Dallas, TX 75397-5213**

Number Street City State Zip Code

When was the debt incurred?  **2015**

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Medical Bills**

---

| 4.22 | **US Bank, NA** | Last 4 digits of account number | **7569** | | $0.00 |

Nonpriority Creditor's Name
**c/o Select Portfolio Servicing, Inc.**
**ATTN: Bankruptcy Department**
**PO Box 65250**
**Salt Lake City, UT 84165**

Number Street City State Zip Code

When was the debt incurred?  **12/2005**

**Who incurred the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

**As of the date you file, the claim is:** Check all that apply

☑ Contingent
☑ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Potential Personal Liability on Mortgage Loan**

---

| 4.23 | **Verizon** | Last 4 digits of account number | **na** | | $1,758.00 |

Nonpriority Creditor's Name
**PO Box 1100**
**Albany, NY 12250-0001**

Number Street City State Zip Code

When was the debt incurred?  **n/a**

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Telephone Bill**

---

**Part 3:**  **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Scott Paul Mackoff, Esq.**

On which entry in Part 1 or Part 2 did you list the original creditor?

Line **4.19** of (Check one):          ☐ Part 1: Creditors with Priority Unsecured Claims

---

| Debtor 1 | **Liza Hazan** | Case number (if know) | **16-10389** |

**Mitofsky, Shapiro, Neville & Hazen LLP**
**152 Madison Avenue, 3rd Floor**
**New York, NY 10016**

■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number **na**

Name and Address
**Tracy Peterson, Esq.**
**Braverman Greenspun, PC**
**110 East 42nd Street, 17th Floor**
**New York, NY 10017**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.19** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims

■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number **na**

---

**Part 4: Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  |  | Total claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. | $ 0.00 |
|  | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 398,964.24 |
|  | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
|  | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
|  | 6e. | **Total.** Add lines 6a through 6d. | 6e. | $ 398,964.24 |

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
|  | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
|  | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
|  | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 918,255.05 |
|  | 6j. | **Total.** Add lines 6f through 6i. | 6j. | $ 918,255.05 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | **16-10389** |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.   **Do you have any executory contracts or unexpired leases?**
     ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
     ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.   **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |
| 2.1 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |
| 2.2 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |
| 2.3 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |
| 2.4 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |
| 2.5 | |
| Name | |
| Number     Street | |
| City          State          ZIP Code | |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | **16-10389** |

☐ Check if this is an amended filing

# Official Form 106H
# Schedule H: Your Codebtors                                          12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| | Column 1: **Your codebtor** <br> Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt** <br> Check all schedules that apply: |
|---|---|---|
| 3.1 | **Real Estate Holdings Group, LDC** <br> **60 Market Square** <br> **PO Box 364** <br> **Belize City, Belize** | ☐ Schedule D, line _____ <br> ■ Schedule E/F, line **4.16** <br> ☐ Schedule G _____ <br> **Real Time Solutions** |
| 3.2 | **Real Estate Holdings Group, LDC** <br> **60 Market Square** <br> **PO Box 364** <br> **Belize City, Belize** | ☐ Schedule D, line _____ <br> ■ Schedule E/F, line **4.19** <br> ☐ Schedule G _____ <br> **Spencer Condominium** |
| 3.3 | **Real Estate Holdings Group, LDC** <br> **60 Market Square** <br> **PO Box 364** <br> **Belize City, Belize** | ☐ Schedule D, line _____ <br> ■ Schedule E/F, line **4.22** <br> ☐ Schedule G _____ <br> **US Bank, NA** |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (If known) | **16-10389** |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

Official Form 106I

# Schedule I: Your Income                                   12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:       Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | **Self Employed** | |
| | Employer's name | | |
| | Employer's address | | |
| | How long employed there? | **20 years** | |

## Part 2:       Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $ **25,000.00** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ **25,000.00** | $ **N/A** |

| Debtor 1 | Liza Hazan | | Case number (*if known*) | 16-10389 |
|---|---|---|---|---|

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| | Copy line 4 here | | 4. | $ 25,000.00 | $ N/A |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h.+ | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. — 6. — $ 0.00 — $ N/A

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. — 7. — $ 25,000.00 — $ N/A

8. **List all other income regularly received:**

| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
|---|---|---|---|---|
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. | Social Security | 8e. | $ 0.00 | $ N/A |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h.+ | Other monthly income. Specify: **Family/Friend Gifts** | 8h.+ | $ 2,000.00 + | $ N/A |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. — 9. — $ 2,000.00 — $ N/A

10. **Calculate monthly income.** Add line 7 + line 9. — 10. — $ 27,000.00 + $ N/A = $ 27,000.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: — 11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data, if it* applies — 12. $ 27,000.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:

Fill in this information to identify your case:

Debtor 1    **Liza Hazan**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF FLORIDA

Case number    **16-10389**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ■ No

   Do not list Debtor 1    ☐ Yes. Fill out this information for
   and Debtor 2.            each dependent..............

   Do not state the
   dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ■ No
   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | **Your expenses** |
|---|---|

| | | |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ 0.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ 0.00 |

| Debtor 1 | **Liza Hazan** | | | Case number (if known) | **16-10389** |
|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ 800.00 |
| | 6b. | Water, sewer, garbage collection | 6b. | $ 150.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 500.00 |
| | 6d. | Other. Specify: | 6d. | $ 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. | $ 3,000.00 |
| 8. | **Childcare and children's education costs** | | 8. | $ 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. | $ 0.00 |
| 10. | **Personal care products and services** | | 10. | $ 0.00 |
| 11. | **Medical and dental expenses** | | 11. | $ 25.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. | $ 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. | $ 1,000.00 |
| 14. | **Charitable contributions and religious donations** | | 14. | $ 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. | $ 0.00 |
| | 15b. | Health insurance | 15b. | $ 0.00 |
| | 15c. | Vehicle insurance | 15c. | $ 270.00 |
| | 15d. | Other insurance. Specify: | 15d. | $ 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. | $ 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ 0.00 |
| | 17c. | Other. Specify: | 17c. | $ 0.00 |
| | 17d. | Other. Specify: | 17d. | $ 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. | $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. | $ |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. | $ 0.00 |
| | 20b. | Real estate taxes | 20b. | $ 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ 0.00 |
| 21. | **Other:** Specify: | | 21. | +$ 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 6,145.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | 6,145.00 |

| | | | |
|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ 27,000.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ 6,145.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ 20,855.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
   For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

   ■ No.
   ☐ Yes.  Explain here:

**Fill in this information to identify your case:**

Debtor 1     **Liza Hazan**

        First Name          Middle Name         Last Name

Debtor 2
(Spouse if, filing)    First Name          Middle Name         Last Name

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF FLORIDA

Case number   **16-10389**
(if known)

☐ Check if this is an
   amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____ . Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ Liza Hazan**                     X _____
   **Liza Hazan**                            Signature of Debtor 2
   Signature of Debtor 1

   Date   **February 10, 2016**              Date

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com              Best Case Bankruptcy

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Liza Hazan** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA | | |
| Case number | 16-10389 | | |
| (if known) | | | |

☐ Check if this is an amended filing

# Official Form 107
# Statement of Financial Affairs for Individuals Filing for Bankruptcy    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.    **What is your current marital status?**

   ■ Married
   ☐ Not married

2.    **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.    **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ■ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

## Part 2    Explain the Sources of Your Income

4.    **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $0.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

| Debtor 1 | **Liza Hazan** | Case number (*if known*) | **16-10389** |
|---|---|---|---|

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2015 ) | ☐ Wages, commissions, bonuses, tips | $15,000.00 | ☐ Wages, commissions, bonuses, tips | |
|  | ■ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2014 ) | ☐ Wages, commissions, bonuses, tips | $392,018.00 | ☐ Wages, commissions, bonuses, tips | |
|  | ■ Operating a business | | ☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ■ Yes. Fill in the details.

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Describe below.. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **For the calendar year before that:**<br>(January 1 to December 31, 2014 ) | **Rental Income (9 days)** | $29,000.00 | | |

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
   ☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,225* or more?
   ☐ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $6,225* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.

   ■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ■ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| **Creditor's Name and Address** | **Dates of payment** | **Total amount paid** | **Amount you still owe** | **Was this payment for ...** |
|---|---|---|---|---|

Debtor 1    **Liza Hazan**                                         Case number *(if known)*    **16-10389**

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
    | --- | --- | --- | --- | --- |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
    | --- | --- | --- | --- | --- |

    **Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No
    ■ Yes. Fill in the details.

    | Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
    | --- | --- | --- | --- |
    | **JP Morgan Chase Bank, NA v. Hazan**<br>**2013-025902-CA01** | **Residential Foreclosure** | **Circuit Court of Miami-Dade County**<br>**73 West Flagler Street**<br>**Miami, FL 33130** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
    | **NLG (LLC) v. Hazan**<br>**2011-042770-CA-01** | **Residential Foreclosure** | **Miami-Dade County Circuit Court**<br>**73 West Flagler Street**<br>**Miami, FL 33130** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
    | **Valencia Estates Homowners Ass'n, Inc. v. Hazan**<br>**2010-056030-CA-01** | **Unpaid Condominium Association Fees** | **Miami-Dade County Circuit Court**<br>**73 West Flagler Street**<br>**Miami, FL 33130** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
    | **NLG (LLC) v. Hazan**<br>**2007-019532-CA-01** | **Contract & Indebtedness** | **Miami-Dade County Circuit Court**<br>**73 West Flagler Street**<br>**Miami, FL 33130** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
    | **Board of Managers of the Spencer Condominium v. Hazan, et al.**<br>**154149-2012** | **Unpaid Condominium Association Fees** | **Supreme Court of New York County**<br>**60 Centre Street**<br>**New York, NY 10007** | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Settled and Stayed** |

Debtor 1    Liza Hazan                                                Case number (if known)    16-10389

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Real Estate Holdings Group, LLC v. Spencer Condominium<br>159254-2013 | Breach of Contract | Supreme Court of New York County<br>60 Centre Street<br>New York, NY 10007 | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Settled and Stayed** |
| US Bank, NA v. Hazan, et al.<br>850240-2014 | Residential Foreclosure | Supreme Court of New York County<br>60 Centre Street<br>New York, NY 10007 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| Newman Ferrara LLP v. Hazan, et al.<br>028100-2014 | Contract & Indebtedness | Supreme Court of New York County<br>60 Centre Street<br>New York, NY 10007 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| S&S Collections, Inc. v. Hazan<br>2015-CA-008231 | Contract & Indebtedness | Palm Beach County Circuit Court<br>205 N. Dixie Highway<br>West Palm Beach, FL 33401 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| Spencer Condominium v. Hazan<br>111644-2009 | Unpaid Condominium Fees | Supreme Court of New York County<br>60 Centre Street<br>New York, NY 10007 | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Settled and Stayed** |
| Fisher Island Homeowners Assoc. v. Hazan<br>2008-004519-CA-01 | Unpaid Homeowners Association Fees | Miami-Dade County Circuit Court<br>73 West Flagler Street<br>Miami, FL 33132 | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Settled and Stayed** |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐ No
■ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| **Presidential Auto Leasing & Sales**<br>3201 South Federal Highway<br>Delray Beach, FL 33483 | **2007 Aston Martin**<br><br>■ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>☐ Property was attached, seized or levied. | 6/2015 | $57,000.00 |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

| Debtor 1 | Liza Hazan | | Case number *(if known)* | 16-10389 |
|---|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

**Part 5:   List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| | | | |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that  total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| | | | |

**Part 6:   List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

**Part 7:   List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Aaronson Schantz Beiley P.A.<br>100 SE 2nd Street, 27th Floor<br>Miami, FL 33131<br>www.aspalaw.com<br>Portefolio Onesource Advisor, LLC | $5,000.00 in cash and prepetition assignment of $15,000.00 account receivable. | 1/11/2015 | $20,000.00 |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | Liza Hazan | Case number (if known) | 16-10389 |
|---|---|---|---|

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called asset-protection devices.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

## Part 8: List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ **Yes. Fill in the details.**

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **Chase Bank**<br>**270 Park Avenue**<br>**(Corporate Mailing Address)**<br>**New York, NY 10017** | **XXXX-8162** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **November 10. 2015** | **$100.56** |
| **HSBC Bank**<br>**301 West 41st Street**<br>**Miami Beach, FL 33140** | **XXXX-4471** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **January 7, 2016** | **$0.00** |
| **Wells Fargo Bank**<br>**1901 Alton Road**<br>**Miami Beach, FL 33139** | **XXXX-9019** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **Account closed by bank within last year.** | **Unknown** |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

Debtor 1     **Liza Hazan**                                                    Case number *(if known)*     **16-10389**

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **Chase Bank**<br>**270 Park Avenue**<br>**(Corporate Mailing Address)**<br>**New York, NY 10017** | **XXXX-6730** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **March 3, 2015** | **$513.33** |
| **Wells Fargo Bank**<br>**1901 Alton Road**<br>**Miami Beach, FL 33139** | **XXXX-7960** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **Account closed by bank with last year.** | **Unknown** |
| **Wells Fargo Bank**<br>**1901 A;tpm Road**<br>**Miami Beach, FL 33139** | **XXXX-9254** | ☐ Checking<br>■ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **Account closed by bank within last year.** | **Unknown** |
| **Wells Fargo Bank**<br>**1901 Alton Road**<br>**Miami Beach, FL 33139** | **XXXX-4108** | ☐ Checking<br>■ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **Account closed by bank within last year.** | **Unknown** |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| **Bank of America**<br>**19645 Biscayne Boulevard**<br>**Miami, FL 33180** | **Elizabeth Hazan**<br>**6913 Valencia Drive**<br>**Miami Beach, Florida**<br>**33109** | **Safe Deposit Box Numbers: 001022027640; 001022053199; 001022053201; 001022002816**<br><br>**The Debtor is unaware of the contents of the safe deposit box as she has not had access for several years.** | ☐ No<br>■ Yes |
| **HSBC**<br>**452 Fifth Avenue**<br>**New York, NY 10018** | **Elizabeth Hazan**<br>**6913 Fisher Island Drive**<br>**Miami Beah, Florida**<br>**33109** | **Safe Deposit Box Number 1-0610-0000451-9**<br><br>**The Debtor is unaware of the contents of the safe deposit box as she has not had access for several years.** | ☐ No<br>■ Yes |
| **BB&T Bank**<br>**1691 Michigan Avenue, Suite 100**<br>**Miami Beach, FL 33139** | **Elizabeth Hazan**<br>**6913 Fisher Island Drive**<br>**Miami Beach, Florida**<br>**33109** | **Unknown.  Contents of safety deposit box were escheated to State of Florida in 2015.** | ■ No<br>☐ Yes |

Debtor 1    **Liza Hazan**                                                        Case number *(if known)*   **16-10389**

**22.  Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy**

☐  **No**
■  **Yes. Fill in the details.**

| Name of Storage Facility<br>**Address** (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| **Manhattan Mini-Storage**<br>**420 E. 62 Street**<br>**New York, NY 10065** | **Elizabeth Hazan**<br>**6913 Fisher Island Drive**<br>**Miami Beach, Florida**<br>**33109**<br><br>**Sean Meehan**<br>**6913 Fisher Island Drive**<br>**Miami Beach, Florida**<br>**33109** | **Clothes, shoes, documents, and other personal items. Contents of storage unit were removed and shipped back to Debtor in August 2015.  All contents are listed on Debtor's Schedule B.** | ■ **No**<br>☐ **Yes** |

**Part 9:**  Identify Property You Hold or Control for Someone Else

**23.  Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■  **No**
☐  **Yes. Fill in the details.**

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:**  Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■  *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■  *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■  *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24.  Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■  **No**
☐  **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

**25.  Have you notified any governmental unit of any release of hazardous material?**

■  **No**
☐  **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Debtor 1   **Liza Hazan**                                              Case number *(if known)*  **16-10389**

---

**26.  Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■  **No**
☐  **Yes. Fill in the details.**

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

**Part 11:   Give Details About Your Business or Connections to Any Business**

**27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐  No. None of the above applies.  Go to Part 12.

■  Yes. Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business  Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN.  Dates business existed |
|---|---|---|
| Holding Trust Management Group, LLC 3839 NW Boca Raton Boulevard Boca Raton, FL 33431 | Holding Company  n/a | EIN:   80-0896540  From-To   2012 - Present |
| Crystal Holdings Group, LLC 311 West Third Street Carson City, NV 89703 | Nightclub Developer  n/a | EIN:   n/a  From-To   2013 - present |
| Amercian Hospitality Group, Inc. 1 East 62nd Street, Apt. 1a New York, NY 10065 | Hospitality - Debtor's relationship with business ended in 2013  n/a | EIN:   900817890  From-To   2013 - present |
| American Hospitality Holdings, LLC 800 Delaware Avenue, 10th Floor PO Box 8702 Wilmington, DE 19899 | Hospitality Holding Company - Debtor's relationship with business ended in 2013  n/a | EIN:   5213770  From-To   2012 - present |
| American Hospitality Holdings Group, LLC 1 East 62nd Street, APT 1a New York, NY 10065 | Hospitality - Debtor's relationship with business ended in 2013  n/a | EIN:   900817890  From-To   2013 - present |

**28.  Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■  **No**
☐  **Yes. Fill in the details below.**

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

---

Debtor 1   **Liza Hazan**                                      Case number *(if known)*   **16-10389**

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers
are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection
with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Liza Hazan**
**Liza Hazan**                                         **Signature of Debtor 2**
**Signature of Debtor 1**

Date   **February 10, 2016**                           Date

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**
☑ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
☑ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

    Chapter 7 - Liquidation

    Chapter 11 - Reorganization

    Chapter 12 - Voluntary repayment plan for family farmers or fishermen

    Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

    most taxes;

    most student loans;

    domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

## Chapter 11: Reorganization

|   |   |   |
|---|---:|---|
|   | $1,167 | filing fee |
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

## Read These Important Warnings

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

<div style="border:1px solid #000;">

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

</div>

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                       Best Case Bankruptcy

# United States Bankruptcy Court
## Southern District of Florida

In re **Liza Hazan**

Debtor(s)

Case No. **16-10389**

Chapter **11**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date: **February 10, 2016**

**/s/ Liza Hazan**

**Liza Hazan**
Signature of Debtor

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Liza Hazan** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA | | |
| Case number | **16-10389** | | |
| (if known) | | | |

☐ Check if this is an amended filing

# EXHIBIT H

## Official Form 106Sum
### Summary of Your Assets and Liabilities and Certain Statistical Information     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:     Summarize Your Assets**

| | **Your assets**<br>Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B........................................................... | $ **12,000,000.00** |
| 1b. Copy line 62, Total personal property, from Schedule A/B.................................................... | $ **327,500.00** |
| 1c. Copy line 63, Total of all property on Schedule A/B............................................................. | $ **12,327,500.00** |

**Part 2:     Summarize Your Liabilities**

| | **Your liabilities**<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ **7,479,019.78** |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $ **398,964.24** |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ **918,255.05** |
| **Your total liabilities** | $ **8,796,239.07** |

**Part 3:     Summarize Your Income and Expenses**

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*.................................................... | $ **27,000.00** |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*.......................................................... | $ **6,145.00** |

**Part 4:     Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum          Summary of Your Assets and Liabilities and Certain Statistical Information          page 1 of 2

Debtor 1  **Liza Hazan**                                    Case number *(if known)* **16-10389**

8. From the *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form
   122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                          $ _____ **25,000.00**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | | Total claim |
|---|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ | 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ | 398,964.24 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ | 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ | 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ | 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ | 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ | 398,964.24 |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Fill in this information to identify your case and this filing: |
|---|

| Debtor 1 | Liza Hazan | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF FLORIDA

Case number: 16-10389

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| 1.1 | | What is the property? Check all that apply | |
|---|---|---|---|

**6913 Valencia Drive**
Street address, if available, or other description

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Miami Beach | FL | 33109-0000 |
|---|---|---|
| City | State | ZIP Code |

**Current value of the entire property?**
$12,000,000.00

**Current value of the portion you own?**
$12,000,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

**Miami-Dade**
County

**Who has an interest in the property?** Check one
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here....................................................=>

$12,000,000.00

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☑ No
☐ Yes

| Debtor 1 | Liza Hazan | Case number *(if known)* | 16-10389 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
■ Yes

4.1  Make: _____

Model: _____
Year: _____

Other information:

| Golf Cart |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

**Unknown**

**Current value of the portion you own?**

**Unknown**

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here................................................................=>

| **$0.00** |

**Part 3:** Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| Household Furniture | $150,000.00 |
| Household Dishes/China | $5,000.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| Household Electronics | $7,500.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
■ Yes. Describe.....

| 1 Piano | **Unknown** |

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

Official Form 106A/B

Schedule A/B: Property

page 2

Debtor 1    **Liza Hazan**                                    Case number *(if known)*  **16-10389**

| | |
|---|---|
| **Women's Clothing, Shoes, and Accessories.** | **$115,000.00** |

**12. Jewelry**
  *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
  ☐ No
  ■ Yes.  Describe.....

| | |
|---|---|
| **Women's Jewelry** | **$20,000.00** |

**13. Non-farm animals**
  *Examples:* Dogs, cats, birds, horses
  ■ No
  ☐ Yes.  Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
  ☐ No
  ■ Yes.  Give specific information.....

| | |
|---|---|
| **Household Artwork** | **$5,000.00** |
| **Household Fixtures** | **$25,000.00** |
| **Household Health Aids** | **Unknown** |

**15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................................**     **$327,500.00**

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
  ■ No
  ☐ Yes....................................................................................................

**17. Deposits of money**
  *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
  ☐ No
  ■ Yes.......................

|  |  | Institution name: |  |
|---|---|---|---|
| 17.1. | **Checking** | **Bank of America** **Account ending in 9220** | **$0.00** |
| 17.2. | **Checking** | **TD Canada Trust Bank** **Account ending in 0079** | **$0.00** |
| 17.3. | **Checking** | **TD Canada Trust Bank** **Account ending in 4686** | **$0.00** |
| 17.4. | **Checking** | **TD Cananda Trust Bank** **Account ending in 7132** | **$0.00** |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

| Debtor 1 | Liza Hazan | Case number *(if known)* | 16-10389 |
|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

   ■ No
   ☐ Yes..................         Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No
   ■ Yes. Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| Interest in Holding Trust Management Group, LLC.  LLC's only asset is a 2007 Mercedes Benz S550 with 75,000 miles. The car is valued at approximately $19,000.00 and is encumbered by a lien of $24,970.70. | 100    % | $0.00 |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

   ■ No
   ☐ Yes. Give specific information about them     Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

   ■ No
   ☐ Yes. List each account separately.
             Type of account:       Institution name:

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

   ■ No
   ☐ Yes. .....................       Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

   ■ No
   ☐ Yes.............      Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

   ■ No
   ☐ Yes.............     Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

   ■ No
   ☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

   ■ No
   ☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

   ■ No
   ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

| Debtor 1 | Liza Hazan | Case number *(if known)* | 16-10389 |

### 28. Tax refunds owed to you

■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

### 29. Family support

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No
☐ Yes. Give specific information......

### 30. Other amounts someone owes you

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes. Give specific information..

### 31. Interests in insurance policies

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No
☐ Yes. Name the insurance company of each policy and list its value.

Company name:                Beneficiary:                Surrender or refund value:

### 32. Any interest in property that is due you from someone who has died

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

### 33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No
■ Yes. Describe each claim.........

| Various causes of action. | Unknown |

### 34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims

■ No
☐ Yes. Describe each claim.........

### 35. Any financial assets you did not already list

■ No
☐ Yes. Give specific information..

### 36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................................

| $0.00 |

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

### 37. Do you own or have any legal or equitable interest in any business-related property?

■ No. Go to Part 6.
☐ Yes. Go to line 38.

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

### 46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?

■ No. Go to Part 7.
☐ Yes. Go to line 47.

Current value of the

| Debtor 1 | **Liza Hazan** | Case number *(if known)* | **16-10389** |
|---|---|---|---|

**portion you own?**
Do not deduct secured
claims or exemptions.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

53. **Do you have other property of any kind you did not already list?**
  *Examples:* Season tickets, country club membership

  ☑ No
  ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................  **$0.00**

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

55. **Part 1: Total real estate, line 2** ...................................................................................................... **$12,000,000.00**

56. **Part 2: Total vehicles, line 5** **$0.00**
57. **Part 3: Total personal and household items, line 15** **$327,500.00**
58. **Part 4: Total financial assets, line 36** **$0.00**
59. **Part 5: Total business-related property, line 45** **$0.00**
60. **Part 6: Total farm- and fishing-related property, line 52** **$0.00**
61. **Part 7: Total other property not listed, line 54** + **$0.00**

62. **Total personal property. Add lines 56 through 61...** **$327,500.00**  Copy personal property total **$327,500.00**

63. **Total of all property on Schedule A/B. Add line 55 + line 62** **$12,327,500.00**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | **16-10389** |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:  Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County** <br> Line from *Schedule A/B*: **1.1** | $12,000,000.00 | ■ 100% <br> ☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. art. X, § 4(a)(1); Fla. Stat. Ann. §§ 222.01 & 222.02** |
| **Women's Clothing, Shoes, and Accessories.** <br> Line from *Schedule A/B*: **11.1** | $115,000.00 | ■ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. art. X, § 4(a)(2)** |

3. **Are you claiming a homestead exemption of more than $155,675?**
    (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

    ☐ No

    ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

      ■ No

      ☐ Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | 16-10389 |
| (if known) | |

☐ Check if this is an amended filing

<u>Official Form 106D</u>

## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:   List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|
| **2.1** | **6913 Valencia, LLC** | $2,000,000.00 | $12,000,000.00 | $0.00 |

Creditor's Name

**3839 NW Boca Raton Boulevard**
**West Palm Beach, FL 33413**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

Date debt was incurred

Describe the property that secures the claim:

**6913 Valencia Drive Miami Beach, FL 33109   Miami-Dade County**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Mortgage**

Last 4 digits of account number   **na**

| | | | | |
|---|---|---|---|---|
| **2.2** | **Chase Bank, NA** | $5,200,000.00 | $12,000,000.00 | $0.00 |

Creditor's Name

**c/o Jennifer Kopf, Esq.**
**Shapiro, Fishman & Gashe, LLP**
**2424 N. Federal Highway, Suite 360**
**Boca Raton, FL 33431**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

Describe the property that secures the claim:

**6913 Valencia Drive Miami Beach, FL 33109   Miami-Dade County**

As of the date you file, the claim is: Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **First Mortgage**

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1    **Liza Hazan**

First Name    Middle Name    Last Name

Case number (if know)    **16-10389**

Date debt was incurred    **2007**    Last 4 digits of account number    **3314**

---

| 2.3 | **Fisher Island Community Ass'n, Inc.** | | $148,943.34 | $12,000,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

**One Fisher Island Drive Miami Beach, FL 33109**

As of the date you file, the claim is: Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Homeowners' Association Fee Lien**

Date debt was incurred    Last 4 digits of account number    **na**

---

| 2.4 | **Miami Dade Water & Sewer Department** | | $1,399.30 | $12,000,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

**PO Box 026055 Miami, FL 33102-6055**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

■ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred    **2015**    Last 4 digits of account number    **na**

---

| 2.5 | **Select Advisors Group, LLC** | | $0.00 | $12,000,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**6913 Valencia Drive Miami Beach, FL 33109  Miami-Dade County**

**6499 Powerline Road, Suite 304 Fort Lauderdale, FL 33309-2043**

As of the date you file, the claim is: Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit

---

Official Form 106D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 2 of 3

Debtor 1  **Liza Hazan**

| First Name | Middle Name | Last Name |

Case number (if know)  **16-10389**

☐ Check if this claim relates to a
community debt

■ Other (including a right to offset)  **Judgment Satisfied by Court Order in Miami-Dade Case
No. 14-10475 CA (10)**

Date debt was incurred  **2007**  Last 4 digits of account number  **na**

---

| 2.6 | **Valencia Estates
Community Ass'n, Inc.** | | **$128,677.14** | **$12,000,000.00** | **$0.00** |

Creditor's Name

**c/o David Haber, Esq.
201 South Biscayne
Boulevard, Suite 1205
Miami, FL 33131**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**6913 Valencia Drive Miami Beach,
FL 33109  Miami-Dade County**

**As of the date you file, the claim is:** Check all that apply.

■ Contingent

■ Unliquidated

■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim relates to a
community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)  **Homeowner's Association Fee Lien**

Date debt was incurred  _____  Last 4 digits of account number  **na**

---

| Add the dollar value of your entries in Column A on this page. Write that number here: | **$7,479,019.78** |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$7,479,019.78** |

---

**Part 2:** List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐ Name Address

**NLG, LLC
c/o Juan Ramirez, Esq.
Diaz, Reus & Targ LLP
100 SE 2nd Street, Suite 3400
Miami, FL 33131**

On which line in Part 1 did you enter the creditor?  **2.5**

Last 4 digits of account number  _____

---

☐ Name Address

**Valencia Estates Homeowners' Ass'n, Inc.
42205 Fisher Island Drive
Miami Beach, FL 33109**

On which line in Part 1 did you enter the creditor?  **2.6**

Last 4 digits of account number  _____

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | 16-10389 |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☐ No. Go to Part 2.
   ☑ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.1** | **Internal Revenue Service** | Last 4 digits of account number ___na___ | **$374,526.24** | **$374,526.24** | **$0.00** |
| | Priority Creditor's Name | | | | |
| | **P.O. Box 7317** | When was the debt incurred?  2003-2010 | | | |
| | **Philadelphia, PA 19101** | | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | | |
| | **Who incurred the debt?** Check one. | ☑ Contingent | | | |
| | ☑ Debtor 1 only | ☑ Unliquidated | | | |
| | ☐ Debtor 2 only | ☑ Disputed | | | |
| | ☐ Debtor 1 and Debtor 2 only | | | | |
| | ☐ At least one of the debtors and another | **Type of PRIORITY unsecured claim:** | | | |
| | ☐ Check if this claim is for a community debt | ☐ Domestic support obligations | | | |
| | **Is the claim subject to offset?** | ☑ Taxes and certain other debts you owe the government | | | |
| | ☑ No | ☐ Claims for death or personal injury while you were intoxicated | | | |
| | ☐ Yes | ☐ Other. Specify _____ | | | |
| | | Federal Income Taxes | | | |

| Debtor 1 | Liza Hazan | Case number (if know) | 16-10389 |
|---|---|---|---|

| 2.2 | **Internal Revenue Service** | Last 4 digits of account number | na | $24,438.00 | $24,438.00 | $0.00 |
|---|---|---|---|---|---|---|

Priority Creditor's Name

**PO Box 7346**
**Philadelphia, PA 19101-7346**

Number Street City State Zip Code

When was the debt incurred?    2014

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

☐ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____
**Federal Income Taxes**

---

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |
|---|---|

3. **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

| 4.1 | **900 North Michigan, LLC** | Last 4 digits of account number | na | $432,000.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**c/o W. Allen Woolley, Esq.**
**Wildman Harrold Allens Dixon, LLP**
**225 West Wacker Drive, Suite 3000**
**Chicago, IL 60606**

Number Street City State Zip Code

When was the debt incurred?    n/a

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☐ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Judgment**

---

| 4.2 | **Allied Collection Service** | Last 4 digits of account number | na | $318.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**1607 Central Ave**
**Columbus, IN 47201**

Number Street City State Zip Code

When was the debt incurred?    n/a

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Hotel Bill**

---

Debtor 1    **Liza Hazan**                                              Case number *(if know)*   **16-10389**

| 4.3 | **ATT Mobility** | Last 4 digits of account number | **na** | **$3,910.00** |

Nonpriority Creditor's Name

**PO Box 536216**
**Atlanta, GA 30353**

Number Street City State ZIp Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

When was the debt incurred?    **n/a**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ■ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Telephone Bill**

| 4.4 | **Bank of America** | Last 4 digits of account number | **na** | **$3,301.00** |

Nonpriority Creditor's Name

**19645 Biscayne Boulevard**
**Miami, FL 33180**

Number Street City State ZIp Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

When was the debt incurred?    **2008 - present**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Safety Deposit Box Fee**

| 4.5 | **Direct TV** | Last 4 digits of account number | **na** | **$461.00** |

Nonpriority Creditor's Name

**PO Box 6550**
**Englewood, CO 80155-6550**

Number Street City State ZIp Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

When was the debt incurred?    **n/a**

**As of the date you file, the claim is:** Check all that apply

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Cable Bill**

Debtor 1   **Liza Hazan**                                                      Case number *(if know)*   **16-10389**

| 4.6 | **Enhanced Recovery Company** | **Last 4 digits of account number** | **na** | $123.00 |

Nonpriority Creditor's Name

**8014 Bayberry Rd**
**Jacksonville, FL 32256**
Number Street City State Zip Code

**When was the debt incurred?**   **n/a**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Telephone Bill**

---

| 4.7 | **First National Collection Bureau, Inc.** | **Last 4 digits of account number** | **4558** | $246.08 |

Nonpriority Creditor's Name

**610 Waltham Way**
**Sparks, NV 89434**
Number Street City State Zip Code

**When was the debt incurred?**   **n/a**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Bank Fees**

---

| 4.8 | **Florida Power & Light** | **Last 4 digits of account number** | **na** | $2,906.00 |

Nonpriority Creditor's Name

**General Mail Facility**
**Miami, FL 33188**
Number Street City State Zip Code

**When was the debt incurred?**   **2015**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Utilities**

Debtor 1  **Liza Hazan**                                                   Case number (if know)   **16-10389**

| | | | |
|---|---|---|---|
| 4.9 | **Focus Management** | Last 4 digits of account number | **na** | **$772.00** |

4.9 | **Focus Management**
Nonpriority Creditor's Name
**10284 NW 47th St**
**Fort Lauderdale, FL 33351**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number    **na**                **$772.00**

When was the debt incurred?    **n/a**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Cable Bill**

---

| 4.10 | **HSBC Bank USA, NA** | | **$1,070.66** |

4.10 | **HSBC Bank USA, NA**
Nonpriority Creditor's Name
**PO Box 2013**
**Buffalo, NY 14240**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number    **na**              **$1,070.66**

When was the debt incurred?    **2008 - present**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Safe Deposit Box Fee**

---

| 4.11 | **Marzec Law Firm** | | **$0.00** |

4.11 | **Marzec Law Firm**
Nonpriority Creditor's Name
**225 Broadway, Suite 3000**
**New York, NY 10007**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number    **na**                 **$0.00**

When was the debt incurred?    **2008 - Present**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Legal Fees**

---

Debtor 1 **Liza Hazan**                                     Case number *(if know)* **16-10389**

| 4.12 | **Mount Sinai Medical Center** | Last 4 digits of account number | **0065** | **$31,414.15** |

Nonpriority Creditor's Name
**PO Box 403429**
**Miami Beach, FL 33140**
Number Street City State ZIp Code

When was the debt incurred? **2015**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
□ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Medical Bill**

---

| 4.13 | **Mount Sinai Medical Center** | Last 4 digits of account number | **3615** | **$3,240.00** |

Nonpriority Creditor's Name
**PO Box 403429**
**Miami Beach, FL 33140**
Number Street City State ZIp Code

When was the debt incurred? **11/2015**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
□ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Medical Bill**

---

| 4.14 | **Mount Sinai Medical Center** | Last 4 digits of account number | **0491** | **$295.91** |

Nonpriority Creditor's Name
**PO Box 403429**
**Miami Beach, FL 33140**
Number Street City State ZIp Code

When was the debt incurred? **11/2015**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
□ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Medical Bill**

---

Debtor 1 **Liza Hazan**                                    Case number (if know)   **16-10389**

---

| 4.15 | **Ray Garcia P.A.** | Last 4 digits of account number | **na** | **$7,026.15** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**14850 SW 26th Street, Suite 204**
**Miami, FL 33185**                    When was the debt incurred?   **2015**

Number Street City State Zip Code

**Who incurred the debt?** Check one.        As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                             ■ Contingent

☐ Debtor 2 only                             ■ Unliquidated

☐ Debtor 1 and Debtor 2 only                ■ Disputed

☐ At least one of the debtors and another   **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**   ☐ Student loans

**Is the claim subject to offset?**         ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No                                        ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                                       ■ Other. Specify   **Legal Bills**

---

| 4.16 | **Real Time Solutions** | Last 4 digits of account number | **na** | **$300,000.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**PO Box 36655**
**Dallas, TX 75235-1655**              When was the debt incurred?   **12/2005**

Number Street City State Zip Code

**Who incurred the debt?** Check one.        As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only                             ■ Contingent

☐ Debtor 2 only                             ■ Unliquidated

☐ Debtor 1 and Debtor 2 only                ■ Disputed

■ At least one of the debtors and another   **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**   ☐ Student loans

**Is the claim subject to offset?**         ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No                                        ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                                       ■ Other. Specify   **Potential Personal Mortgage Liability**

---

| 4.17 | **Simon & Sigalos** | Last 4 digits of account number | **na** | **$0.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**c/o Michael Simon, Esq.**
**3839 NW Boca Raton Boulevard,**
**Suite 100**                          When was the debt incurred?   **n/a**
**Boca Raton, FL 33431**

Number Street City State Zip Code

**Who incurred the debt?** Check one.        As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                             ■ Contingent

☐ Debtor 2 only                             ■ Unliquidated

☐ Debtor 1 and Debtor 2 only                ■ Disputed

☐ At least one of the debtors and another   **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**   ☐ Student loans

**Is the claim subject to offset?**         ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ No                                        ☐ Debts to pension or profit-sharing plans, and other similar debts

■ Yes                                       ■ Other. Specify   **Legal Fees**

---

Debtor 1  **Liza Hazan**　　　　　　　　　　　　　　　Case number *(if know)*  **16-10389**

---

| 4.18 | **Southeast Financial, LLC** | Last 4 digits of account number | **na** | **$24,970.70** |

Nonpriority Creditor's Name

**4000 N. Federal Highway, Suite 200**
**Boca Raton, FL 33431**

When was the debt incurred?  **6/2012**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

■ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

■ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify  **Potential Guaranty Liability on Vehicle Loan.**

---

| 4.19 | **Spencer Condominium** | Last 4 digits of account number | **na** | **$100,000.00** |

Nonpriority Creditor's Name

**d/b/a Halstead Management Co., LLC**
**c/o David A. Tane, Esq.**
**120 Broadway, Suite 948**
**New York, NY 10271**

When was the debt incurred?  **n/a**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only

As of the date you file, the claim is: Check all that apply

☐ Debtor 2 only

■ Contingent

☐ Debtor 1 and Debtor 2 only

■ Unliquidated

■ At least one of the debtors and another

■ Disputed

☐ **Check if this claim is for a community debt**

**Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**

☐ Student loans

☐ No

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Condominium Association Fees**

---

| 4.20 | **Sterling Emergency Serv. of Miami Beach** | Last 4 digits of account number | **1086** | **$2,445.30** |

Nonpriority Creditor's Name

**PO Box 975213**
**Dallas, TX 75397-5213**

When was the debt incurred?  **11/2015**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify  **Medical Bill**

---

Debtor 1    Liza Hazan                                    Case number *(if known)*   16-10389

---

**4.21**   **Sterling Emergency Serv. of Miami Beach**    Last 4 digits of account number    **1086**                $1,997.10

Nonpriority Creditor's Name
**PO Box 975213**
**Dallas, TX 75397-5213**                               When was the debt incurred?    **2015**

Number Street City State Zip Code
**Who incurred the debt? Check one.**                   **As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only                                         ☐ Contingent
☐ Debtor 2 only                                         ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                            ☐ Disputed
☐ At least one of the debtors and another               **Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a community debt**       ☐ Student loans
**Is the claim subject to offset?**                     ☐ Obligations arising out of a separation agreement or divorce that you did not
■ No                                                        report as priority claims
☐ Yes                                                   ☐ Debts to pension or profit-sharing plans, and other similar debts
                                                        ■ Other. Specify   **Medical Bills**

---

**4.22**   **US Bank, NA**                               Last 4 digits of account number    **7569**                $0.00

Nonpriority Creditor's Name
**c/o Select Portfolio Servicing, Inc.**
**ATTN: Bankruptcy Department**                         When was the debt incurred?    **12/2005**
**PO Box 65250**
**Salt Lake City, UT 84165**
Number Street City State Zip Code                       **As of the date you file, the claim is:** Check all that apply
**Who incurred the debt? Check one.**
☐ Debtor 1 only                                         ☐ Contingent
☐ Debtor 2 only                                         ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                            ☐ Disputed
■ At least one of the debtors and another               **Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a community debt**       ☐ Student loans
**Is the claim subject to offset?**                     ☐ Obligations arising out of a separation agreement or divorce that you did not
■ No                                                        report as priority claims
☐ Yes                                                   ☐ Debts to pension or profit-sharing plans, and other similar debts
                                                        ■ Other. Specify   **Potential Personal Liability on Mortgage Loan**

---

**4.23**   **Verizon**                                   Last 4 digits of account number    **na**                  $1,758.00

Nonpriority Creditor's Name
**PO Box 1100**
**Albany, NY 12250-0001**                               When was the debt incurred?    **n/a**

Number Street City State Zip Code
**Who incurred the debt? Check one.**                   **As of the date you file, the claim is:** Check all that apply
■ Debtor 1 only                                         ☐ Contingent
☐ Debtor 2 only                                         ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                            ☐ Disputed
☐ At least one of the debtors and another               **Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a community debt**       ☐ Student loans
**Is the claim subject to offset?**                     ☐ Obligations arising out of a separation agreement or divorce that you did not
■ No                                                        report as priority claims
☐ Yes                                                   ☐ Debts to pension or profit-sharing plans, and other similar debts
                                                        ■ Other. Specify   **Telephone Bill**

---

**Part 3:**   **List Others to Be Notified About a Debt That You Already Listed**

**5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

Name and Address                              On which entry in Part 1 or Part 2 did you list the original creditor?
**Scott Paul Mackoff, Esq.**                  Line **4.19** of *(Check one):*    ☐ Part 1: Creditors with Priority Unsecured Claims

---

Debtor 1  **Liza Hazan**                                    Case number (if know)  **16-10389**

**Mitofsky, Shapiro, Neville & Hazen
LLP
152 Madison Avenue, 3rd Floor
New York, NY 10016**

■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number          **na**

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| **Tracy Peterson, Esq.<br>Braverman Greenspun, PC<br>110 East 42nd Street, 17th Floor<br>New York, NY 10017** | Line **4.19** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |

Last 4 digits of account number          **na**

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | | Total claim |
|---|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | 398,964.24 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | **Total.** Add lines 6a through 6d. | 6e. | $ | 398,964.24 |

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 918,255.05 |
| | 6j. | **Total.** Add lines 6f through 6i. | 6j. | $ | 918,255.05 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | 16-10389 |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 _____<br>Name<br>_____<br>Number       Street<br>_____<br>City          State     ZIP Code | |
| 2.2 _____<br>Name<br>_____<br>Number       Street<br>_____<br>City          State     ZIP Code | |
| 2.3 _____<br>Name<br>_____<br>Number       Street<br>_____<br>City          State     ZIP Code | |
| 2.4 _____<br>Name<br>_____<br>Number       Street<br>_____<br>City          State     ZIP Code | |
| 2.5 _____<br>Name<br>_____<br>Number       Street<br>_____<br>City          State     ZIP Code | |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | **16-10389** |
| (if known) | |

☐ Check if this is an amended filing

# Official Form 106H
## Schedule H: Your Codebtors
**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
☑ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| 3.1 **Real Estate Holdings Group, LDC**<br>**60 Market Square**<br>**PO Box 364**<br>**Belize City, Belize** | ☐ Schedule D, line _____<br>☑ Schedule E/F, line ___**4.16**___<br>☐ Schedule G _____<br>**Real Time Solutions** |
| 3.2 **Real Estate Holdings Group, LDC**<br>**60 Market Square**<br>**PO Box 364**<br>**Belize City, Belize** | ☐ Schedule D, line _____<br>☑ Schedule E/F, line ___**4.19**___<br>☐ Schedule G _____<br>**Spencer Condominium** |
| 3.3 **Real Estate Holdings Group, LDC**<br>**60 Market Square**<br>**PO Box 364**<br>**Belize City, Belize** | ☐ Schedule D, line _____<br>☑ Schedule E/F, line ___**4.22**___<br>☐ Schedule G _____<br>**US Bank, NA** |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com · Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (If known) | **16-10389** |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | **Self Employed** | |
| **Employer's name** | | |
| **Employer's address** | | |
| **How long employed there?** | **20 years** | |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ **25,000.00** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. $ **25,000.00** | $ **N/A** |

| | | | |
|---|---|---|---|
| Debtor 1 | **Liza Hazan** | Case number (*if known*) | **16-10389** |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 25,000.00 | $ N/A |

**5.** List all payroll deductions:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |

**6.** Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ N/A

**7.** Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 25,000.00 | $ N/A

**8.** List all other income regularly received:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** <br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ N/A |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** <br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ N/A |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ N/A |
| 8f. | **Other government assistance that you regularly receive** <br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: | 8f. | $ 0.00 | $ N/A |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ N/A |
| 8h. | **Other monthly income.** Specify: **Family/Friend Gifts** | 8h.+ | $ 2,000.00 + | $ N/A |

**9.** Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 2,000.00 | $ N/A

**10.** Calculate monthly income. Add line 7 + line 9. | 10. | $ 27,000.00 + | $ N/A | = | $ 27,000.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

**11.** State all other regular contributions to the expenses that you list in *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: | 11. +$ 0.00

**12.** Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies | 12. | $ 27,000.00

**Combined monthly income**

**13.** Do you expect an increase or decrease within the year after you file this form?

☑ No.
☐ Yes. Explain:

**Fill in this information to identify your case:**

Debtor 1 __Liza Hazan__

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF FLORIDA__

Case number __16-10389__
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

# Official Form 106J
# Schedule J: Your Expenses                                      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ■ No
   Do not list Debtor 1    ☐ Yes.  Fill out this information for
   and Debtor 2.                   each dependent..............

   Do not state the
   dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No
   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.          4. $ _____ 0.00

   **If not included in line 4:**

   4a. Real estate taxes                                          4a. $ _____ 0.00
   4b. Property, homeowner's, or renter's insurance              4b. $ _____ 0.00
   4c. Home maintenance, repair, and upkeep expenses             4c. $ _____ 0.00
   4d. Homeowner's association or condominium dues               4d. $ _____ 0.00
5. **Additional mortgage payments for your residence,** such as home equity loans   5. $ _____ 0.00

| Debtor 1 | Liza Hazan | | Case number (if known) | 16-10389 |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 800.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 150.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 500.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 3,000.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 0.00 |
| 10. | **Personal care products and services** | | 10. $ | 0.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 25.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 1,000.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 270.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 6,145.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 6,145.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | | 23a. $ | 27,000.00 |
| | 23b. Copy your monthly expenses from line 22c above. | | 23b. -$ | 6,145.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | | 23c. $ | 20,855.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.    Explain here:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Liza Hazan** |
| | First Name  Middle Name  Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name  Middle Name  Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | **16-10389** |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____ . Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ Liza Hazan**                    X _____
**Liza Hazan**                              Signature of Debtor 2
Signature of Debtor 1

Date **February 10, 2016**               Date _____

Official Form 106Dec                    Declaration About an Individual Debtor's Schedules

**Fill in this information to identify your case:**

Debtor 1    Liza Hazan
        First Name        Middle Name        Last Name

Debtor 2
(Spouse if, filing)
        First Name        Middle Name        Last Name

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF FLORIDA

Case number    16-10389
(if known)

☐ Check if this is an amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    Give Details About Your Marital Status and Where You Lived Before

**1.**   **What is your current marital status?**

■ Married
☐ Not married

**2.**   **During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

**3.**   **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2**    Explain the Sources of Your Income

**4.**   **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $0.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor 1 | Liza Hazan | Case number *(if known)* | 16-10389 |
|---|---|---|---|

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2015 ) | ☐ Wages, commissions, bonuses, tips | $15,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2014 ) | ☐ Wages, commissions, bonuses, tips | $392,018.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below.. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **For the calendar year before that:**<br>(January 1 to December 31, 2014 ) | Rental Income (9 days) | $29,000.00 | | |

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   ☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,225* or more?
     ☐ No.   Go to line 7.
     ☐ Yes   List below each creditor to whom you paid a total of $6,225* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
       * Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.

   ■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

     ■ No.   Go to line 7.
     ☐ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| | | | | |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Debtor 1   Liza Hazan | Case number (if known)   16-10389 |
|---|---|

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:   Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No
    ■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **JP Morgan Chase Bank, NA v. Hazan** 2013-025902-CA01 | **Residential Foreclosure** | **Circuit Court of Miami-Dade County** 73 West Flagler Street Miami, FL 33130 | ■ Pending ☐ On appeal ☐ Concluded |
| **NLG (LLC) v. Hazan** 2011-042770-CA-01 | **Residential Foreclosure** | **Miami-Dade County Circuit Court** 73 West Flagler Street Miami, FL 33130 | ■ Pending ☐ On appeal ☐ Concluded |
| **Valencia Estates Homowners Ass'n, Inc. v. Hazan** 2010-056030-CA-01 | **Unpaid Condominium Association Fees** | **Miami-Dade County Circuit Court** 73 West Flagler Street Miami, FL 33130 | ■ Pending ☐ On appeal ☐ Concluded |
| **NLG (LLC) v. Hazan** 2007-019532-CA-01 | **Contract & Indebtedness** | **Miami-Dade County Circuit Court** 73 West Flagler Street Miami, FL 33130 | ■ Pending ☐ On appeal ☐ Concluded |
| **Board of Managers of the Spencer Condominium v. Hazan, et al.** 154149-2012 | **Unpaid Condominium Association Fees** | **Supreme Court of New York County** 60 Centre Street New York, NY 10007 | ☐ Pending ☐ On appeal ■ Concluded **Settled and Stayed** |

Debtor 1   **Liza Hazan**        Case number *(if known)*   **16-10389**

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Real Estate Holdings Group, LLC v. Spencer Condominium**<br>**159254-2013** | **Breach of Contract** | **Supreme Court of New York County**<br>**60 Centre Street**<br>**New York, NY 10007** | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Settled and Stayed** |
| **US Bank, NA v. Hazan, et al.**<br>**850240-2014** | **Residential Foreclosure** | **Supreme Court of New York County**<br>**60 Centre Street**<br>**New York, NY 10007** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| **Newman Ferrara LLP v. Hazan, et al.**<br>**028100-2014** | **Contract & Indebtedness** | **Supreme Court of New York County**<br>**60 Centre Street**<br>**New York, NY 10007** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| **S&S Collections, Inc. v. Hazan**<br>**2015-CA-008231** | **Contract & Indebtedness** | **Palm Beach County Circuit Court**<br>**205 N. Dixie Highway**<br>**West Palm Beach, FL 33401** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| **Spencer Condominium v. Hazan**<br>**111644-2009** | **Unpaid Condominium Fees** | **Supreme Court of New York County**<br>**60 Centre Street**<br>**New York, NY 10007** | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Settled and Stayed** |
| **Fisher Island Homeowners Assoc. v. Hazan**<br>**2008-004519-CA-01** | **Unpaid Homeowners Association Fees** | **Miami-Dade County Circuit Court**<br>**73 West Flagler Street**<br>**Miami, FL 33132** | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Settled and Stayed** |

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
    Check all that apply and fill in the details below.

    ☐ No
    ■ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| **Presidential Auto Leasing & Sales**<br>**3201 South Federal Highway**<br>**Delray Beach, FL 33483** | **2007 Aston Martin**<br><br>■ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>☐ Property was attached, seized or levied. | **6/2015** | **$57,000.00** |

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

    ■ No
    ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

| Debtor 1 | Liza Hazan | | Case number *(if known)* | 16-10389 |

---

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

- ☑ No
- ☐ Yes

**Part 5:** List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

- ☑ No
- ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity

- ☑ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

**Part 6:** List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

- ☑ No
- ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

**Part 7:** List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ☐ No
- ☑ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Aaronson Schantz Beiley P.A.<br>100 SE 2nd Street, 27th Floor<br>Miami, FL 33131<br>www.aspalaw.com<br>Portefolio Onesource Advisor, LLC | $5,000.00 in cash and prepetition assignment of $15,000.00 account receivable. | 1/11/2015 | $20,000.00 |

| Debtor 1 | Liza Hazan | Case number (if known) | 16-10389 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

### Part 8: List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **Chase Bank<br>270 Park Avenue<br>(Corporate Mailing Address)<br>New York, NY 10017** | **XXXX-8162** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **November 10.<br>2015** | **$100.56** |
| **HSBC Bank<br>301 West 41st Street<br>Miami Beach, FL 33140** | **XXXX-4471** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **January 7, 2016** | **$0.00** |
| **Wells Fargo Bank<br>1901 Alton Road<br>Miami Beach, FL 33139** | **XXXX-9019** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **Account closed by bank within last year.** | **Unknown** |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1    **Liza Hazan**                                                      Case number *(if known)* **16-10389**

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **Chase Bank**<br>**270 Park Avenue**<br>**(Corporate Mailing Address)**<br>**New York, NY 10017** | **XXXX-6730** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other__ | **March 3, 2015** | **$513.33** |
| **Wells Fargo Bank**<br>**1901 Alton Road**<br>**Miami Beach, FL 33139** | **XXXX-7960** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other__ | **Account closed by bank with last year.** | **Unknown** |
| **Wells Fargo Bank**<br>**1901 A;tpm Road**<br>**Miami Beach, FL 33139** | **XXXX-9254** | ☐ Checking<br>■ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other__ | **Account closed by bank within last year.** | **Unknown** |
| **Wells Fargo Bank**<br>**1901 Alton Road**<br>**Miami Beach, FL 33139** | **XXXX-4108** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other__ | **Account closed by bank within last year.** | **Unknown** |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| **Bank of America**<br>**19645 Biscayne Boulevard**<br>**Miami, FL 33180** | **Elizabeth Hazan**<br>**6913 Valencia Drive**<br>**Miami Beach, Florida**<br>**33109** | **Safe Deposit Box Numbers: 001022027640; 001022053199; 001022053201; 001022002816**<br><br>**The Debtor is unaware of the contents of the safe deposit box as she has not had access for several years.** | ☐ No<br>■ Yes |
| **HSBC**<br>**452 Fifth Avenue**<br>**New York, NY 10018** | **Elizabeth Hazan**<br>**6913 Fisher Island Drive**<br>**Miami Beah, Florida**<br>**33109** | **Safe Deposit Box Number 1-0610-0000451-9**<br><br>**The Debtor is unaware of the contents of the safe deposit box as she has not had access for several years.** | ☐ No<br>■ Yes |
| **BB&T Bank**<br>**1691 Michigan Avenue, Suite 100**<br>**Miami Beach, FL 33139** | **Elizabeth Hazan**<br>**6913 Fisher Island Drive**<br>**Miami Beach, Florida**<br>**33109** | **Unknown. Contents of safety deposit box were escheated to State of Florida in 2015.** | ■ No<br>☐ Yes |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | Liza Hazan | | Case number *(if known)* | 16-10389 |

---

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy**

- ☐ No
- ☑ Yes. Fill in the details.

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| **Manhattan Mini-Storage**<br>**420 E. 62 Street**<br>**New York, NY 10065** | **Elizabeth Hazan**<br>**6913 Fisher Island Drive**<br>**Miami Beach, Florida**<br>**33109**<br><br>**Sean Meehan**<br>**6913 Fisher Island Drive**<br>**Miami Beach, Florida**<br>**33109** | **Clothes, shoes, documents, and other personal items. Contents of storage unit were removed and shipped back to Debtor in August 2015. All contents are listed on Debtor's Schedule B.** | ☑ No<br>☐ Yes |

**Part 9:** Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

- ☑ No
- ☐ Yes. Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:** Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

- ☑ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
- ☑ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
- ☑ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

- ☑ No
- ☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

- ☑ No
- ☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    

Case 1:24-nv-25369-KMM Document 132-3 Entered on FLSD Docket 04/04/2019 Page 281 of 307
Case 1:24-nv-25369-KMM Document 132-3 Entered on FLSD Docket 04/04/2019 Page 281 of 307
Case 16-10389 Doc 21 Filed 02/16/16 Page 98 of 44

Debtor 1   **Liza Hazan**                                        Case number *(if known)*   **16-10389**

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ **No**
    ☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City,<br>State and ZIP Code) | Nature of the case | Status of the<br>case |
|---|---|---|---|
| | | | |

**Part 11:   Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

    ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

    ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

    ☐ A partner in a partnership

    ☐ An officer, director, or managing executive of a corporation

    ☐ An owner of at least 5% of the voting or equity securities of a corporation

    ☐ **No. None of the above applies.  Go to Part 12.**

    ■ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| **Holding Trust Management Group, LLC**<br>**3839 NW Boca Raton Boulevard**<br>**Boca Raton, FL 33431** | **Holding Company**<br><br>n/a | EIN:    80-0896540<br><br>From-To   **2012 - Present** |
| **Crystal Holdings Group, LLC**<br>**311 West Third Street**<br>**Carson City, NV 89703** | **Nightclub Developer**<br><br>n/a | EIN:    n/a<br><br>From-To   **2013 - present** |
| **Amercian Hospitality Group, Inc.**<br>**1 East 62nd Street, Apt. 1a**<br>**New York, NY 10065** | **Hospitality - Debtor's relationship with business ended in 2013**<br><br>n/a | EIN:    900817890<br><br>From-To   **2013 - present** |
| **American Hospitality Holdings, LLC**<br>**800 Delaware Avenue, 10th Floor**<br>**PO Box 8702**<br>**Wilmington, DE 19899** | **Hospitality Holding Company - Debtor's relationship with business ended in 2013**<br><br>n/a | EIN:    5213770<br><br>From-To   **2012 - present** |
| **American Hospitality Holdings Group, LLC**<br>**1 East 62nd Street, APT 1a**<br>**New York, NY 10065** | **Hospitality - Debtor's relationship with business ended in 2013**<br><br>n/a | EIN:    900817890<br><br>From-To   **2013 - present** |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

    ■ **No**
    ☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

| Debtor 1 | **Liza Hazan** | | Case number *(if known)* | **16-10389** |

---

**Part 12:** **Sign Below**

---

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Liza Hazan**
_____        _____
**Liza Hazan**                                                            **Signature of Debtor 2**
**Signature of Debtor 1**

Date   **February 10, 2016**                                    Date   _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

## Chapter 11: Reorganization

|   | $1,167 | filing fee |
|---|--------|-----------|
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

## Read These Important Warnings

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|---|---|
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|---|---|
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

<table>
</table>

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to: http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

# United States Bankruptcy Court
## Southern District of Florida

In re  **Liza Hazan**

Debtor(s)

Case No.  **16-10389**

Chapter  **11**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:  **February 10, 2016**

**/s/ Liza Hazan**

**Liza Hazan**
Signature of Debtor

EXHIBIT H



**ORDERED in the Southern District of Florida on April 12, 2019.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

In re:

LIZA HAZAN,                                        CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

            Debtor.
_____/

**ORDER GRANTING MOTION FOR CONTEMPT AND SANCTIONS AND SETTING**
**FURTHER HEARING**

THIS CAUSE came before the Court for hearing on April 9, 2019 upon the _Reorganized_

_Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan_

_Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe_ (ECF 836) and upon _NLG, LLG's [sic]_

_Opposition Response to Debtor's Expedited Motion for Contempt and to Impose Sanctions [ECF_

_No. 836]_ (ECF 851). At the hearing, Debtor was represented by Attorney David Langley, Attorney

Juan Ramirez appeared on behalf of himself and NLG and Christopher Kosachuk appeared via

Courtcall on behalf of himself. The Court heard no proffers or representations by or on behalf of Astrid Gabbe, Esq. who has not once appeared before this Court. During the course of these proceedings, Attorney Gabbe has filed motions and pleadings that were prosecuted or defended by Attorney Ramirez. However, the matters before the Court involve filings by Attorney Gabbe and Mr. Kosachuk that violate the discharge injunction and Orders of the Court entered in this case, and they were not defended by Attorney Ramirez.

**1.**      **Sanctions Against Astrid Gabbe, Esq. And Chris Kosachuk**

The Motion seeks sanctions against Astrid Gabbe, Esq. and Chris Kosachuk for filings made in *Chris Kosachuk v. 9197-5904 Quebec, Inc.*, Case No. 18-25369-MC-MOORE (S.D. Fla.) ("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015. Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Astrid Gabbe, Esq. on behalf of Chris Kosachuk, filed a *Motion for Postjudgment Writ of Garnishment* against Debtor Liza Hazan in the District Court case, causing to be issued a Writ of Garnishment against Ms. Hazan. Answers to the writs were necessarily filed and Objections to those answers were filed by Attorney Gabbe for Chris Kosachuk.

Thereafter, Attorney Gabbe, on behalf of Chris Kosachuk, filed in the District Court case the *Judgment Creditor Chris Kosachuk's Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Againsts [sic] its Officers and Beneficiaries: Raymond Houle, Elizabeth Hazan A/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law*. The verified motion seeks to pierce the corporate veil of Quebec to Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. Attorney Gabbe, for Kosachuk, requested the District Court

pierce the corporate veil of Quebec and enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally.

These attempts to collect on the Quebec judgment from Ms. Hazan are blatantly contemptuous acts in willful defiance of this Court's Confirmation Order (ECF 691), Discharge Order (ECF 766) and the discharge injunction provided under the Bankruptcy Code. Kosachuk, and Attorney Gabbe, have appeared throughout these proceedings and Kosachuk's corporation, NLG, LLC, has likewise appeared throughout these proceedings. Despite his participation in this case, Mr. Kosachuk never filed a claim in this case, for this prepetition judgment or any other. If Mr. Kosachuk believed he may have had a claim against this Debtor for the 2015 prepetition judgment, he should have filed same during the course of the case; but having chosen not to, any alleged claim was lost, or waived, upon the entry of the Confirmation Order and the Order of Discharge.

The Confirmation Order prohibits pursuit of prepetition debts against Hazan and the Discharge Order discharged Hazan of liabilities accruing prior to entry of the Confirmation Order. The Final Order and Judgment against Quebec having been entered **on *March 24, 2015***, before the Confirmation Order was entered and before the filing of the petition for relief, any such liability of Hazan would be a prepetition debt discharged by the orders of this Court. Given their active participation in Hazan's bankruptcy case, it is indisputable that Kosachuk and Gabbe have actual knowledge of the proceedings in this case, including the entry of the Confirmation Order and Discharge Order. In fact, they have appealed the Confirmation Order, along with other Orders, but have not obtained a stay of any Order of the Court. Thus, the Confirmation Order and Order of Discharge having become final, Kosachuk and Gabbe are prohibited from seeking to enforce the Quebec judgment against Hazan in the District Court case.

The Court cannot allow this willful violation of the Court's Orders and the discharge

injunction to pass without ensuring counsel and her client know what they did was wrong. Therefore, the Court will sanction Astrid Gabbe, Esq. and her client, Chris Kosachuk, jointly and severally, for filing the foregoing motions against the Debtor in the District Court case, thereby unnecessarily multiplying the pleadings in the District Court case. To ensure these violations do not persist, Gabbe and Kosachuk will be jointly and severally liable for the attorneys fees Hazan incurred to defend herself in the District Court case. They shall also be required to withdraw all pleadings against Hazan within 48 hours or be fined $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

**2.**      **Sanctions Against Juan Ramirez, Esq. And NLG, LLC**

In the Court's prior Contempt Order, the Court sanctioned Attorney Ramirez and NLG for filing a crossclaim against the Debtor in a pending state court foreclosure case. During the course of these proceedings, the Court determined that NLG's claim was satisfied, and neither NLG nor Kosachuk had a claim against the Debtor in this case. Accordingly, the Court concluded that "[t]he injunction in the Confirmation Order prevented NLG from taking any action or attempt to collect any discharged debts, including preventing the filing of a lawsuit in state court to collect on its extinguished or otherwise satisfied debt." (ECF 780 at 7). The Court found NLG and its counsel violated the Confirmation Order by filing the crossclaim against Hazan in the foreclosure proceeding and ordered NLG's crossclaim be dismissed, which the Court presumed would dissolve the *lis pendens* recorded. (ECF 780 at 9).

Ramirez and NLG filed a notice of withdrawal of the crossclaim. However, at a hearing on a second motion for contempt, Debtor's counsel advised that the withdrawal did not result in dissolution of the *lis pendens*. The Court declined to impose additional sanctions on NLG and

Ramirez for this conduct based on Ramirez's representation that he was willing to stipulate to dismissal in a form acceptable to Hazan. Importantly, at the hearing, NLG's attorney stated he did not know what the problem is with their withdrawal, but nonetheless offered Debtor's counsel to draft any notice of dismissal or withdrawal of the crossclaim that he felt complied with this Court's Contempt Order and stated he would file same in an effort to comply with the Contempt Order. Based on counsel's withdrawal and subsequent statement of willingness to file a form of a notice of dismissal or withdrawal of the crossclaim that the Debtor's attorney proposes, the Court found no grounds for contempt. (ECF 823).

In the Motion now before the Court, the Debtor argues that Ramirez's and NLG's promises were empty. Despite Hazan's counsel having reached out to Ramirez to resolve this issue, Hazan asserts Ramirez has refused to cooperate by signing the necessary documents to effect the dissolution of the *lis pendens*. To the contrary, Ramirez argues he is still willing to sign what he said he would sign, but the problem with Debtor's counsel's proposals is that the Debtor included dismissal of the counterclaim, which was not contemplated by the Court's Order.

The Court has reviewed its prior Contempt Order and finds it did not require the dismissal of the counterclaim and therefore Attorney Ramirez's refusal to sign the document(s) proposed by Debtor's counsel is justified and excused. Attorney Ramirez, and NLG, will not be further sanctioned for failing to sign proposed documents to dissolve the *lis pendens*. However, notwithstanding the parties' misunderstandings, the *lis pendens* must be dissolved. Accordingly, the Court directs and orders that all *lis pendens* filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a *lis pendens* remains on the property.

Accordingly, it is

ORDERED AND ADJUDGED that the *Reorganized Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe* (ECF 836) is GRANTED IN PART AND DENIED IN PART as follows:

1. Astrid Gabbe, Esq. and Chris Kosachuk shall withdraw all pleadings against Liza Hazan in the District Court case within 48 hours of entry of this Order, or the Court will fine them $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

2. Astrid Gabbe, Esq. and Chris Kosachuk are liable, jointly and severally, for all reasonable and necessary attorneys fees that Debtor Liza Hazan incurred to defend herself in the District Court case.

2. Within fourteen (14) days of entry of this Order, Debtor's counsel shall file an affidavit of all fees incurred by Debtor to defend herself in the District Court case, and the Court will conduct a hearing on May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL to consider any objections to said fees.

3. All *lis pendens* filed by Juan Ramirez Esq. on behalf of NLG, LLC against Liza Hazan and property belonging to Liza Hazan in the pending state court foreclosure case shall be dismissed, dissolved and released within 48 hours of entry of this Order, or the Court will fine Attorney Ramirez and NLG $1,000 a day, jointly and severally, for each day that a *lis pendens* remains on the Debtor's property.

5. The Court will defer the imposition of additional sanctions in this Order, pending a hearing on *NLG, LLC, Juan Ramirez Esq., Astrid Gabbe, Esq and Chris Kosachuk's Verified Motion for New Hearing Pursuant to FRBP 9023 and Fed.R.Civ.P. 59*, which was filed after the

hearing on Debtor's Expedited Motion for Contempt and Sanctions.

6.      A hearing on *NLG, LLC, Juan Ramirez Esq., Astrid Gabbe, Esq and Chris Kosachuk's*

*Verified Motion for New Hearing Pursuant to FRBP 9023 and Fed.R.Civ.P. 59* is scheduled

for May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL. **NO**

**PARTY IS PERMITTED TO ATTEND THIS HEARING TELEPHONICALLY.**

### ###

Copies furnished to:

Debtor
David Langley, Esq.
Daniel Bushell, Esq.
Juan Ramirez, Esq.
Astrid Gabbe, Esq.
Chris Kosachuk
NLG, LLC
AUST

Form CGFCRD3Z  (01/14/23)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 15–00101–LMI**

**Chapter: 0**

**In re:**
Christopher Kosachuk
aka Chris Kosachuk

SSN: xxx–xx–0000

# NOTICE OF HEARING

**PLEASE TAKE NOTICE**  that a hearing will be held before the Honorable Laurel M Isicoff to consider the following:

**Motion to Reopen Case Filed by Debtor Christopher Kosachuk (9)**

1.  This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

    **Date:**          **December 18, 2024**
    **Time:**          **09:30 AM**
    **Location:**    **Video Conference by Zoom for Government**

2.  The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3.  To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

    https://www.zoomgov.com/meeting/register/vJItfuqurDsoEnWyiKeoSfMa3m888k3mfBM

4.  The movant, or movant's counsel if represented by an attorney, must:

    (a)  serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

    (b)  file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

    Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5.  PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 12/5/24**

**CLERK OF COURT**
By: Noemi Sanabria
Courtroom Deputy

Form CGFCRD3Z  (01/14/23)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 15–00101–LMI**

**Chapter: 0**

In re:

Christopher Kosachuk
aka Chris Kosachuk

SSN: xxx–xx–0000

# NOTICE OF HEARING

**PLEASE TAKE NOTICE**  that a hearing will be held before the Honorable Laurel M Isicoff to consider the following:

**Motion to File Document UNDER SEAL. This Document WILL be Available for Public Viewing Filed by Debtor Christopher Kosachuk (10)**

1.  This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

    **Date:**          **December 18, 2024**
    **Time:**          **09:30 AM**
    **Location:**    **Video Conference by Zoom for Government**

2.  The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3.  To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

    https://www.zoomgov.com/meeting/register/vJItfuqurDsoEnWyiKeoSfMa3m888k3mfBM

4.  The movant, or movant's counsel if represented by an attorney, must:

    (a)   serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

    (b)   file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

    Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5.  PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 12/5/24**

**CLERK OF COURT**
By: Noemi Sanabria
Courtroom Deputy

Form CGFCRD3Z (01/14/23)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 15–00101–LMI**

**Chapter: 0**

In re:
Christopher Kosachuk
aka Chris Kosachuk

SSN: xxx–xx–0000

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Laurel M Isicoff to consider the following:

**Motion Verified Motion for Proceedings Supplementary, for Order Imp leading Additional Defendants and for Assignment and/or U.S. Marshal's Sale of Choses In Action Filed by Debtor Christopher Kosachuk (12)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   | | |
   |---|---|
   | **Date:** | **December 19, 2024** |
   | **Time:** | **09:30 AM** |
   | **Location:** | **Video Conference by Zoom for Government** |

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJItfuqurDsoEnWyiKeoSfMa3m888k3mfBM

4. The movant, or movant's counsel if represented by an attorney, must:

   (a) serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b) file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

Dated: <u>12/5/24</u>

**CLERK OF COURT**
By: <u>Noemi Sanabria</u>
Courtroom Deputy

Form CGFCRD3Z  (01/14/23)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 15–00101–LMI**

**Chapter: 0**

In re:
Christopher Kosachuk
aka Chris Kosachuk

SSN: xxx–xx–0000

# NOTICE OF HEARING

**PLEASE TAKE NOTICE**  that a hearing will be held before the Honorable Laurel M Isicoff to consider the following:

**Motion Plaintiff Christopher Kosachuk's Pro Se Motion to Register as ECF Filing User in this Court Filed by Debtor Christopher Kosachuk (13)**

1.  This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

> **Date:**        **December 18, 2024**
> **Time:**        **09:30 AM**
> **Location:**    **Video Conference by Zoom for Government**

2.  The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3.  To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

> https://www.zoomgov.com/meeting/register/vJItfuqurDsoEnWyiKeoSfMa3m888k3mfBM

4.  The movant, or movant's counsel if represented by an attorney, must:

> (a)   serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

> (b)   file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

> Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5.  PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 12/5/24**

**CLERK OF COURT**
By: Noemi Sanabria
Courtroom Deputy

Form CGFCRD3Z (01/14/23)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 15–00101–LMI**

**Chapter: 0**

In re:
Christopher Kosachuk
aka Chris Kosachuk

SSN: xxx–xx–0000

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Laurel M Isicoff to consider the following:

**Emergency Motion to Strike Chris Kosachuks fraudulent Motion For Writ of Execution [D.E. 6] and fraudulent Writ of Execution [D.E 7] (the The Writ of execution), and file their motion to transfer this closed case to pending case involving same parties case 1:24–cv–23089–KMM and for sanctions Filed by Interested Party Liza Hazan (Aresty, Joel) (16)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date:** **December 18, 2024**
   **Time:** **09:30 AM**
   **Location:** **Video Conference by Zoom for Government**

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJItfuqurDsoEnWyiKeoSfMa3m888k3mfBM

4. The movant, or movant's counsel if represented by an attorney, must:

   (a) serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b) file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 12/5/24**

**CLERK OF COURT**
By: Noemi Sanabria
Courtroom Deputy

----

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER  KOSACHUK,                       Case #: 15-MP-101-LMI
     Plaintiff,
vs.
9197-5904 QUEBEC, INC,
     Defendant.
_____/


**Motion to Continue 12/18/24 9:30 AM hearings**


Defendant moves to continue the 12/18/24 9:30 Am hearings due to unavailability of counsel, and respectfully represents the following to the court:

Undersigned is unavailable  12/16/24-12/30/24 and again 1/14/25-1/22/25 for family vacations out of town, and moves to continue the following hearings:

| | | |
|---|---|---|
| 12/05/2024 | 21<br>(1 pg) | Notice of Hearing (Re: 16 Emergency Motion to Strike Chris Kosachuks fraudulent Motion For Writ of Execution [D.E. 6] and fraudulent Writ of Execution [D.E 7] (the The Writ of execution), and file their motion to transfer this closed case to pending case involving same parties case 1:24-cv-23089-KMM *and for sanctions* Filed by Interested Party Liza Hazan) Hearing scheduled for 12/18/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/05/2024 | 20<br>(1 pg) | Notice of Hearing (Re: 13 Motion Plaintiff Christopher Kosachuk's Pro Se Motion to Register as ECF Filing User in this Court Filed by Debtor Christopher Kosachuk) Hearing scheduled for 12/18/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/05/2024 | 19<br>(1 pg) | Notice of Hearing (Re: 12 Motion Verified Motion for Proceedings Supplementary, for |

| | | |
|---|---|---|
| | | Order Imp leading Additional Defendants and for Assignment and/or U.S. Marshal's Sale of Choses In Action Filed by Debtor Christopher Kosachuk) Hearing scheduled for 12/19/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/05/2024 | 18 (1 pg) | Notice of Hearing (Re: 10 Motion to File Document UNDER SEAL. This Document **WILL** be Available for Public Viewing. Filed by Debtor Christopher Kosachuk ) Hearing scheduled for 12/18/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/05/2024 | 17 (1 pg) | Notice of Hearing (Re: 9 Motion to Reopen Case Filed by Debtor Christopher Kosachuk) Hearing scheduled for 12/18/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |

Undersigned has conferred with Chris Kosachuk about the motion at bar, who does not consent to the continuance requested.

Undersigned has obtained a hearing date of January 30, 2025 at 9:30 AM from the Court, which is available for undersigned.

There is no good reason to rush this hearing. This is a 2015 case in which there has been no activity from 5/7/15 when a foreign judgment was purported to be registered.

This case was closed 1/15/19 and has not yet been reopened.

Nothing else has happened. The judgment registration was deficient in that there was no certification AO451, Clerk's Certification of a Judgment to be Registered in Another District.

Mr. Kosachuk waited 6 years and did nothing– and can wait a little longer.

Undersigned is in New York the week 12/17/24 until year end for family vacation, and then in Orlando January 14-21 also for family vacation.

Wherefore undersigned respectfully requests a continuance of the hearings to January 30, 2025 at

9:30 AM or a mutually convenient date

Respectfully submitted, 12/6/24

**JOEL M. ARESTY, P.A.**

**Board Certified Business Bankruptcy Law**
309 1st Ave S
Tierra Verde, FL 33715
Fax: 800-559-1870
Phone: (305) 904-1903
S:/ Joel M. Aresty
Joel M. Aresty,
ESQ Fla. Bar No.
197483
aresty@Mac.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of foregoing was served via CM/ECF
And email to Chris Kosachuk chriskosachuk@gmail.com

Form CGFCRD3Z (01/14/23)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 15–00101–LMI**

**Chapter: 0**

**In re:**
Christopher Kosachuk
aka Chris Kosachuk

SSN: xxx–xx–0000

# NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Laurel M Isicoff to consider the following:

**Motion to Continue Hearing On: [(9 Miscellaneous Motion, 10 Motion to Seal, 12 Miscellaneous Motion, 13 Miscellaneous Motion, 16 Miscellaneous Motion)] Filed by Defendant 9197–5904 QUEBEC, INC,, Interested Party Liza Hazan (Aresty, Joel) (22)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date:** **December 10, 2024**
   **Time:** **10:45 AM**
   **Location:** **Video Conference by Zoom for Government**

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJItfuqurDsoEnWyiKeoSfMa3m888k3mfBM

4. The movant, or movant's counsel if represented by an attorney, must:

   (a) serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b) file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 12/6/24**

**CLERK OF COURT**
By: Noemi Sanabria
Courtroom Deputy

——

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER KOSACHUK,            Case #: 15-MP-101-LMI
      Plaintiff,
vs.
9197-5904 QUEBEC, INC,
      Defendant.

_____/

### Motion to Continue 12/10/24 10:45 AM  hearings

Defendant moves to continue the 12/10/24 10:45 AM hearing due to unavailability of counsel, and respectfully represents the following to the court :

Undersigned is scheduled to attend a first meeting of creditors via zoom at 10 :30 AM 12/10/24 in case 24-03976 US Bankruptcy Court District of South Carolina representing the mortgagee of a commercial property.

Additionally undersigned is currently scheduled for an in-person hearing in Orlando at 1:30 PM, which has been requested to be heard via zoom, but Judge Vaughan has not yet authorized that, so it is possible undersigned will have to travel to Orlando that morning, a 2-3 hour drive depending on I-4 traffic.

Undersigned has conferred with Chris Kosachuk about the motion at bar, who has not yet replied but usually does not consent to continuances requested.

Undersigned has obtained a hearing date of January 30, 2025 at 9:30 AM from the Court, which is available for undersigned.

There is no good reason to rush this hearing. This is a 2015 case in which there has been no activity from 5/7/15 when a foreign judgment was purported to be registered.

This case was closed 1/15/19 and has not yet been reopened.

Nothing else has happened.

The underlying judgment registration was deficient in that there was no certification AO451,

Clerk's Certification of a Judgment to be Registered in Another District.

Mr. Kosachuk  waited  6 years and did nothing– and can please wait a little longer.

Undersigned is in New York the week 12/17/24 until year end for family vacation, and then in

Orlando January 14-21 also for family vacation.

Wherefore undersigned respectfully requests a continuance of the hearing to a mutually

convenient date.


Respectfully submitted, 12/6/24

**JOEL M. ARESTY, P.A.**

**Board Certified Business Bankruptcy Law**
309 1st Ave S
Tierra Verde, FL 33715
Fax: 800-559-1870
Phone: (305) 904-1903
<u>S:/ Joel M. Aresty</u>
 Joel M. Aresty,
 ESQ Fla. Bar No.
 197483
  aresty@Mac.com

## <u>CERTIFICATE OF SERVICE</u>

 **I HEREBY CERTIFY** that a true and correct copy of foregoing was served via CM/ECF
And email to Chris Kosachuk chriskosachuk@gmail.com

Form CGFCRD3Z (01/14/23)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 15–00101–LMI**

**Chapter: 0**

In re:
Christopher Kosachuk
aka Chris Kosachuk

SSN: xxx–xx–0000

## RENOTICE OF HEARING

CORRECT DATE

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Laurel M Isicoff to consider the following:

**Motion Verified Motion for Proceedings Supplementary, for Order Imp leading Additional Defendants and for Assignment and/or U.S. Marshal's Sale of Choses In Action Filed by Debtor Christopher Kosachuk (Olivier, Mike) (12)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date:**       **December 18, 2024**
   **Time:**       **09:30 AM**
   **Location:**  **Video Conference by Zoom for Government**

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJItfuqurDsoEnWyiKeoSfMa3m888k3mfBM

4. The movant, or movant's counsel if represented by an attorney, must:

   (a)  serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b)  file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 12/6/24**                               **CLERK OF COURT**
                                                                   By: Noemi Sanabria
                                                                   Courtroom Deputy